# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**THERESA MARSHALL**                                                                                          **PLAINTIFF**

**v.**                                        **No.: 4:21-cv-01091-DPM**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 0 3 2021

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK

**WELLS FARGO & COMPANY**

**WELLS FARGO BANK N.A.**

**DEUTSCHE BANK NATIONAL TRUST COMPANY**

**DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee**
**for Vendee Mortgage Trust 1993-1, United States**
**Department of Veterans Administration's**
**Guaranteed Pass-Through Certificate**                                  **DEFENDANTS**

*1*

# I.   **JURISDICTION**

1.   The Court has original jurisdiction under 28 U.S.C. § 1334.

2.   The Court has personal jurisdiction over Wells Fargo & Company, Wells Fargo N.A., Deutsche Bank National Trust Company and *Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1, United States Department of Veterans Administration's Guaranteed Pass-Through Certificate,* defendants because the defendants have transacted business in this District and cause of action is related to that activity.

3.   The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  Federal question jurisdiction arising pursuant to violations of United States Constitution and federal laws.

4.   Diversity jurisdiction also applies this case pursuit to 28 U.S.C. § 1332.

# II.  **VENUE**

5.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2) because the events giving rise to this complaint happened in this district and property at issue is located in this district.

# III.  **PARTIES**

6.   Theresa Marshall resides in Little Rock, Arkansas and receives mail at P.O. Box 4404, Little Rock, Pulaski County, Arkansas 72214.

7.   Wells Fargo Bank, N.A. is a national banking association and a subsidiary of Wells Fargo & Company.

8.   Wells Fargo & Company is a diversified financial services company.   It is a Delaware Corporation, headquartered in San Francisco, California.

9.   Wells Fargo & Company is the successor in interest to Wachovia Corporation, a diversified financial services company headquartered in Charlotte, North Carolina. Wachovia

Corporation was acquired by Wells Fargo & Company in 2008.

10.    Collectively the two defendants identified in above paragraph(s) are referred to here as (Wells Fargo).  The business of Wells Fargo and its subsidiaries and affiliates includes the origination and servicing of mortgage loans.

11.    Wells Fargo & Company and Wells Fargo Bank, NA is a foreign company that is *not authorized to conduct business in the State of Arkansas.*  Its corporate office address is *420 Montgomery Street, San Francisco, CA  94104,* and may be served by delivering process to Charles W. Scharf, (Chief Executive Officer and President) at that location.

12.    Deutsche Bank National Trust Company and Deutsche Bank National Trust Company as Trustee for Vendee Mortgage Trust 1993-1, United States Department of Veterans Administration's Guaranteed Pass-Through Certificate (Deutsche Bank) is an international universal bank with its headquarters in Frankfurt, Germany and is not authorized to conduct business within the state of Arkansas.  *It may be served by delivering process to Deutsche Bank National Trust Company, 60 Wall Street, New York, NY  10005, Chief Executive Officer.*

13.    *Deutsche Bank states in Complaint, U.S. Fair Housing Alliance v. Deutsche Bank "Deutsche Bank as trustee does not select, hire or compensate the loan servicers, nor does it have any role in, or oversight over, the actions the servicers take in connection with foreclosed properties," said Renee Calabro, a Deutsche Bank spokeswoman, in a statement. - 1:18-cv-00839* **See: (Amended Complaint Judgment – Judge Harry D. Leinenweber)**

14.    For this Complaint, defendants Wells Fargo and Deutsche Bank and all their affiliated entities, during or prior to such time as they were affiliated, are referred to collectively as the "Banks" or "Defendants."

# AMENDED COMPLAINT

**Now comes** Theresa Marshall, Plaintiff and respectfully allege as follows:

# IV. INTRODUCTION

15.   This is a civil action that stems from actions of the Bankruptcy Court, Eastern District

of Arkansas in all (Marshall's) bankruptcies, specifically (Marshall's) year 2016 and 2018 bankruptcies

in alleged conspiracy with Wells Fargo and alleged Deutsche Bank to commit fraud, fraud on Courts,

Department of Veteran Affairs, forgery and illegal foreclosure. - *(16-bk-15651) – (18-bk-12478).*

*(Case No. 18-6025) - (8th Circuit Bankruptcy Appellate Panel) - (filed 9/27/18) - (Ex A1) - (Attached)*

*(Case No. 60cv-12-3808) - (Pulaski Circuit Court (5th Division) - (filed 8/10/12)*

*(Case No. 10-cv-00754-BRW) - (Arkansas Eastern District) - (filed 6/30/10)*

*(Case No. 60cv-10-2696) - (Pulaski Circuit Court (6th Division) - (filed 5/17/10)*

*(Case No. 08-bk-13441 M) - (filed 6/9/08)*

*(Case No.05-bk-20492 M) - (filed 9/22/05)*

*(Case No. 02-bk-11804 T) - (filed 2/15/02)*

*(Case No. 95-43532 S) - (filed 11/21/95)*

*and incorporate herein all above cases to this Complaint*

*U.S. National Association vs. Ibanez*

*LaRace vs. Wells Fargo N.A.*

16.   This Complaint is of actions of (Marshall's) mortgage loan servicer, Wells Fargo for

fraud on Court(s), no legal standing and breach of contract(s) in above mentioned year 2016 and 2018

bankruptcies, Eastern District of Arkansas.

17.   This Complaint is of actions of Wells Fargo in violations of the $50 billion settlement

with the United States, (49) states Attorney Generals and District of Columbia with five largest

mortgage servicers (Banks). - *(United States District Court, District of Columbia) - (Case 1:12-cv-00361-RMC - Document 4-1) - (Filed 03/14/12)*

18.    This Complaint is of all other actions by Wells Fargo against (Marshall) in above mentioned year 2016 and 2018 Bankruptcies, Eastern District of Arkansas.

19.    This Complaint is of actions by alleged Trustee, Deutsche Bank against (Marshall) and any role that it played in above mentioned bankruptcies, specifically year 2016 and 2018 bankruptcies, Eastern District of Arkansas.

20.    This Complaint is of actions of alleged Trustee, Deutsche Bank for fraud, fraud on Court(s), no legal standing and breach of contract in above mentioned bankruptcies, specifically year 2016 and 2018 Bankruptcies, Eastern District of Arkansas.

## STATEMENT OF FACTS

21.    "On or about October 27, 1992, (Marshall) obtained a loan in the amount of $38,550.00 for the purpose of purchasing her home at 1408 Hendrix Avenue, Little Rock, Pulaski County, Arkansas 72204 (the "Property")."

22.    To secure the loan, (Marshall) conveyed to a trustee *(VA Vendee Mortgage Trust)* and received financing from the Department of Veterans Affairs on a (30) thirty-year, fixed, safe harbor, guaranteed, VA Vendee, mortgage loan, "(Mortgage)" concerning (the "Property"). *A copy of the (Mortgage)* is attached hereto as part of exhibit A. - *(pg 1 of 7) - (Ex A) - (Attached)*

23.    Mortgage monthly payment included taxes and insurance.

24.    " Although (Marshall) has not received any documentation to evidence same, Wells Fargo apparently contends it thereafter purchased or was assigned the Mortgage or serviced the Mortgage loan on behalf of a third party which purchased or was assigned the Mortgage."

25.   "(Marshall) has disputed the amount of indebtedness that Defendants contend was owed on the Mortgage loan, and there is a tortured history of the dispute, which will be discussed herein to underscore the necessity of this Complaint and the bad faith and malicious conduct of Wells Fargo."

26.   "On or about March 12, 2002, in connection with (Marshall's) Bankruptcy proceedings, Wells Fargo filed a proof of claim indicating that the total amount of the indebtedness was $40,071.54. - *See Exhibit A attached hereto and incorporated herein.*"

27.   "Then, inexplicably, on March 17, 2003, approximately one year later, Wells Fargo filed an amended proof of claim indicating that the total amount of the indebtedness was $34,665.69. *See Exhibit B attached hereto and incorporated herein.*"

28.   "This was an inexplicable and material change in the amount of the claim. apparently, however, it had happened before. (Marshall's) bankruptcy attorney wrote a letter to Wells Fargo's attorney explaining her frustration with Wells Fargo's inability to document the amount it claimed (Marshall) owed, explaining that the same thing happened in the 1995 bankruptcy proceedings. *See Exhibit C attached hereto and incorporated herein".*

29.   "On or about October 13, 2005, in connection with another of (Marshall's) bankruptcy proceedings, Wells Fargo filed a proof of claim indicating that the total amount of the indebtedness was $37,508.80. *See Exhibit D attached hereto and incorporated herein".*

30.   "Apparently, Wells Fargo has been inflating the alleged total indebtedness using the so-called Corporate Advance Recoverable Balance ("CARB"), which on November 12, 2007, Wells Fargo claimed totaled $5,201.03. - *"See Letter and History attached hereto as Exhibit E and incorporated herein."*

*31.*   This CARB **(Ex. E)** included scores of charges for suspicious "inspections," including approximately (30) thirty such inspections on June 30, 2001. On June 10, 2008, the Office of the Attorney General of Arkansas sent a letter to Wells Fargo asking for an explanation of the

CARB charges.  *See Letter attached hereto as Exhibit F and incorporated herein."*

32.    "Apparently, the Attorney General's office was never provided an explanation. Neither did the Arkansas Center for Legal Services ("ACLS"), which requested the same information." *- (Attorney General's Letter to Wells Fargo 6/10/08) - (Ex F) - (Attached)*

33.    "On November 24, 2008, Matthew Smith of Wilson & Associates wrote to the ACLS and provided a copy of the 2005 proof of claim *(Ex. D)* as the sole explanation for the CARB charges.  *See (Exhibit G)* attached hereto and incorporated herein.  Of course, the proof of claim offered no detail of the CARB charges that matches the detail in *(Ex. E.) - (See Ex. D)*."

34.    "Thereafter, in late 2009, at the prompting of Wells Fargo, (Marshall) endeavored to have the Mortgage modified to lower her payments and to bring the mortgage current.  She was sent a dizzying array of contradictory and confusing letters from Wells Fargo *(which are described and include a part of Exhibit H)."*

35.    "So, (Marshall) sought private legal counsel.  On March 31, 2010, counsel for (Marshall) sent a letter to Wells Fargo describing the dizzying array of contradictory and confusing letters.  The March 31, 2010, *(letter is attached hereto as Exhibit H an incorporated herein)*."

36.    "Counsel sought an explanation for the dizzying array of contradictory and confusing letters and an update on the status of (Marshall's) modification application. -*(See Ex H)."*

37.    "In addition, counsel sought an explanation for why Wells Fargo was issuing a check to (Marshall) for her March 18, 2010 payment. - *(See Ex H)*.  Prior to that date, Wells Fargo had been accepting all of her monthly payments without issuing a check back to her."

38.    "Further, counsel described the nature of the dispute concerning the amount of the indebtedness. - *(See Ex. H)*.  (Marshall) had received a loan statement dated March 18, 2010, showing the balance was $29, 292.78, but on May 28, 2008, her CPA verified her loan balance was 25,265.94.  *(See Ex. H)*.  Counsel sought a verification of the loan balance. - *(See Ex. H)."*

39.    "On April 13, 2010, Wells Fargo sent (Marshall) a letter detailing the CARB charges.  Now, Wells Fargo was claiming the CARB charges totaled $9,898.74.  This letter is attached hereto as *(Exhibit I)* and incorporated herein.  This letter containing the CARB charges *(Ex. I)* was not in response to counsel's letter *(Ex. H)*.  Instead, (Marshall) obtained the letter containing the CARB charges *(Ex. I)* by pleading with a customer representative on the telephone."

40.    "On April 15, 2010, Wilson & Associates sent notice to (Marshall) that the Mortgage was being foreclosed, set the sale for June 15, 2010, and advised that Deutsche Bank was the mortgagee.  *(See Exhibit J attached hereto and incorporated herein).*"

41.    "On April 23, 2010, Wells Fargo sent a letter to (Marshall) saying that all of the issues on counsel's letter *(Ex. H)* were under review. *- (See Exhibit K) attached hereto and incorporated herein."*

42.    As of May 17, 2010, the date of Complaint filing, Wells Fargo had not addressed all of the issues addressed in counsel's letter nor had it explained why it rather than Deutsche Bank was communicating with (Marshall).  *- The above (No's 21-41) is part of Complaint filed on May 17, 2010 by attorney, Stephen B. Niswanger, then attorney for (Marshall). - 6th Division, Circuit (60CV-10-2696) - (See:  pgs 10-45) – filed 05/17/10 and docket shows MOD removed to Federal Court 7/8/10) and incorporate herein (60CV-10-2696) filings this Complaint*

*43.*    (Marshall) continued to make payments through registry of Court, (Circuit Clerk, Larry Crane), as instructed by then attorney Niswanger and Ordered by Court on July 15, 2010. *(60CV-10-2696)*

*44.    Total paid through registry of Court $4888.65. - (Ex L) - (Attached)*

45.    Complaint filing of May 17, 2010, above mentioned Notice of Removal filing to District Court was on June 30, 2010, in name then of Deutsche Bank National Trust Company and Wells Fargo Home Mortgage, a Division of Wells Fargo Home Mortgage N.A.. *Basis for*

*removal was Federal question, subject and supplemental jurisdiction. - (No. 60cv-10-2696)*
*(Pulaski Circuit Court (6th Division) - (filed 5/17/10) - removal to (No. 10-cv-00754-BRW)*
*(Arkansas Eastern District)*

*46.* (Marshall) filed appeal, pro-se at 8th Circuit Court of Appeals and Judgment was modified, and filed <u>on</u> December 21, 2011. *- (No. 11-1843) modified to - (No. 10-cv-00754-BRW)*
*(AR Eastern District Court)*

*47. United States, (49) forty-nine states Attorney Generals and District of Columbia filed Complaint <u>on</u> March 14, 2012, against the (5) five largest mortgage servicers (Banks), Wells Fargo Bank and Wells Fargo N.A. included. - (Case 1:12-cv-00361-RMC) - (Doc 4-1)*
*(Filed 03/14/12) - (In The United States District Court For The District of Columbia)*

48. $25 billion <u>settlement</u> with United States, (49) forty-nine states Attorney Generals and District of Columbia against the (5) five largest mortgage servicers (Banks), Wells Fargo Bank and Wells Fargo N.A. included was reached on/about February 12, 2012. *- (US Department of Justice, Department of Public Affairs Release) - (February 12, 2012)*

49. *Wells Fargo filed a Complaint against (Marshall) <u>on</u> August 10, 2012, in Pulaski County Circuit Court in the name of Deutsche Bank National Trust Company as Trustee for Vendee Mortgage Trust 1993-1. - (Case 60cv-12-3808) - (Pulaski Circuit Court)- (Filed 8/10/12)*

50. *United States Trustee Program's National Settlement with Wells Fargo Bank, N.A. (Case 11-33377) - (Doc 54) - (Filed 11/19/15) - (Bankruptcy Court, District of Marilyn, Greenbelt Division)*

51. (Marshall) contacted most in Arkansas who was supposed to be administering the above mentioned settlement including the Attorney General's office from year 2012 through year 2015.

52. Local City agencies stated that program was not up and running, then stated they ran out of money, etc.

53. Arkansas Attorney General's office stated they could do nothing to assist (Marshall), etc.

54.     *Wells Fargo had also placed (Marshall's) VA Vendee, safe harbor, guaranteed loan into a* <u>*Conventional*</u> *loan.* - ***(Insurance cancellation September 11, 2018), (Letters from Wells Fargo) - (Ex's. A, S) - (Attached)***

55.     Conventional loans (Marshall) found there was no government and/or City agency to assist or intervene with a conventional loan mortgage dispute.

56.     *(Marshall) had another problem because Wells Fargo had not reported (Marshall's) mortgage loan to the credit reporting bureaus since on/about year 2005.*

57.     Even with (Marshall) having mortgage statements from Wells Fargo, government, city agencies and Banks still needed verified proof that (Marshall) had a current, on-going mortgage with Wells Fargo.

58.     Wells Fargo delayed in providing needed proof to City and State agencies and always referred (Marshall) to its attorney, Wilson & Associates Law Firm when it came to "How much do I owe?"

59.     (Marshall), was in negotiation since on /about year 2012 through May 2015 with Wells Fargo, servicer through several entities including Neighborhood Assistance Corporation of America (NACA) and Consumer Financial Protection Bureau, and filed a new (Complaint) in year 2020.

60.     On October 12, 2016, Wells Fargo's <u>alleged</u> agent, attorneys filed in Pulaski Circuit Court, Proof of Publication that auction would be held on October 27, 2016, at County Courthouse to sell (Marshall's) property of (26) twenty-six years. - ***(60CV-12-3808) - (Ex. W)***

61.     *On October 26, 2016 (Marshall) filed an Emergency 2016 Bankruptcy.* - ***(16-bk-15651).*** Notice was given to Circuit Court of year 2016 Bankruptcy filing. - ***(60CV-12-3808)***

62.     *First bankruptcy hearing* <u>*on*</u> *February 16, 2017,* <u>*alleged*</u> *agent, attorney, Samuel S. High for Wells Fargo, servicer* <u>*motioned*</u> *the bankruptcy court for relief from stay.* - ***(16-bk-15651)***

63.   Alleged creditor, Wells Fargo filed motion for relief from stay <u>on</u> February 15, 2017 stating that Wells Fargo was servicer for Deutsche Bank National Trust Company as Trustee for Vendee Mortgage Trust 1993-1. - *(Doc 40 <u>and</u> 40-1) - (16-bk-15651)*

64.   Proof of Claim submitted by Wilson & Associates Law Firm was filed <u>on</u> February 20, 2017, allegedly on behalf of *Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1, United States Department of Veterans Administration's Guaranteed <u>REMIC</u> Pass-Through Certificate, in the amount of $84,090.61 <u>and</u> $64,162.37 to cure default. - (4:16-bk-15651) - (Claim: 4-1) - (Filed: 02/20/17) - (53 pgs)*

65.   *Agreement with Wells Fargo and (Marshall) was made on/about March 2017 with the assistant of Neighborhood Assistance Corporation of America (NACA). Mortgage balance due Wells Fargo was $29,119.30 and new payment was $342.39.*

**66.**   Wells Fargo filed with bankruptcy court *Notice of Mortgage Payment Change* along with loan modification offer on/before April 6, 2017. - *(16-bk-15651) - (Claim #4) - (Bankruptcy Court, Eastern District of Arkansas) - (Ex's T, U, V) - (Attached)*

67.   *Bankruptcy court delayed properly docketing above mentioned payment change notice and modification offer and filed/entered <u>on</u> April 5, 2017, without a docket number. Bankruptcy court <u>later</u> filed/entered above mentioned payment change and loan modification offer on May 17, 2017, at (Doc 108). - (See No. 66 above) - (Attached)*

**68.**   Agreement above mentioned was for any/all arrears to be waived <u>by</u> modification based on $25 billion dollar settlement with United States, (49) forty-nine states Attorney Generals and District of Columbia <u>and</u> because of Wells Fargo's unwillingness to accept payments from (Marshall.

69.   Agreement, above mentioned was made with Wells Fargo Home Mortgage, Des Moines, IA.

**70.**   Although, the above-mentioned filing by Wells Fargo *on/about* April 6, 2017, was a step in the right direction, Wells Fargo was informed that (Marshall) was in Bankruptcy and was steadfast

on any/all arrears to be waived as initially agreed. - *(16-bk-15651) - (Bankruptcy Court, Eastern District of Arkansas) - (See: No's 65, 66, 67 above)*

71.    Because (Marshall) had been in *several trial modification agreements* with Wells Fargo and all had failed (Marshall) motioned bankruptcy court for trial modification agreement to be made by court order in the form of adequate protection payments, *so to* comply with bankruptcy rules. *(Doc 114) - (Y) - (Attached)*

72.    *Motion to authorize trial loan modification with Wells Fargo Home Mortgage* was filed by (Marshall) on May 30, 2017. - *(Doc 114) - (16-bk-15651) - (Ex Y) - (Attached)*

73.    *Agreed Order was signed and filed by Court on July 11, 2017. - (Doc 158) (Ex Y1) - (Attached)*

74.    *Agreed Order that was finally signed by all other parties after (Marshall) had already signed was very different than Motion and Order submitted by (Marshall) for courts and trustee signature and court and/or opposing counsel, merely placed (Marshall's) signature page behind signature page signed by Trustee and attorney Samuel S. High and filed on July 11, 2017. - Note: Payments were being sent to P.O. 51120, 3440 Flair Drive, El Monte, CA  91731 - (Doc 158) - (16-bk-15651) - (Ex Y1) - (Attached)*

75.    *Adequate protection payments were made to Wells Fargo before confirmation totaling $1,369.56 and paid by Trustee McCarty on behalf of (Marshall) to Wells Fargo N.A. on July 18, 2017, and August 21, 2017. - (4) four payments) - (Ex Y1), (Ex 26) - (16-bk-15651) (2016 Case Overview of payments) - (Attached) – Includes all years bankruptcy payments*

76.    *(Marshall)* has never had any communications with Deutsche Bank National Trust Company. - *Court filing of Special Warranty Deed, Real Estate Tax Transfer and Title Recording (Boston National Title) - (Ex ZZ) - (Attached)*

77.    *VA Vendee Mortgage Trust is original Trustee of (Marshall's) mortgage loan and Department of Veterans Affairs (VA) is the entity that provided the financing for (Marshall's) home. - (Ex 1) - (Attached)*

78.    Telephone Hearing per Bankruptcy Court was held <u>on</u> August 17, 2017, insistent by Judge Taylor to continue Hearing that was set for August 18, 2017, that was objected by (Marshall), but assumed continuously proposed by attorney, Samuel S. High, Wilson & Associates Law Firm allegedly on behalf of Wells Fargo Bank N.A., although <u>not</u> motioned by attorney High through Court. - *(Doc 231) - (16-bk-15651)*

79.    *(Marshall) was dismissed from her 2016 Bankruptcy by <u>administrative order</u> of Court <u>not</u> Trustee after (Marshall) was less than (1) one week late in plan payment <u>on</u> December 6, 2017. Dismissal reason stated was for violation of strict compliance order. (Doc 272) - (16-bk-15651) - (Ex 2) - (Attached)*

80.    *(Marshall) had motions that were to be heard at Hearing on December 12, 2017. (E-mails Trustee Skokos, December 4th - 11th, 2017) - (Ex 3) - (Attached)*

81.    (Marshall) filed motion for reconsideration of courts order of December 6, 2017 dismissing case for violation of strict compliance on December 15, 2017, *and (Courts) letter ordering to stop making payments of December 7, 2017, was <u>not</u> attached as filed. - (Doc 275) (16-bk-15651)*

82.    *(Marshall's) case motions to be heard on December 12, 2017 was taken off docket by court as early as December 7, 2017, 10:30 a.m. - (Doc 275) - (No. 6) - (E-mails Trustee Skokos, December 10, 2017, and December 27, 2018) - (Ex 3) - (Attached)*

83.    Circuit Court e-mails were being circulated to the *AR Democrat newspaper* <u>on</u> January 24, 2018, <u>and</u> filed with Court on behalf of attorney Samuel S. High of Wilson & Associates Law Firm to publish Commissioner's Sales Notice stating *"If there are any problems with the publication or you are not able to publish as requested please let me or Ms. Finley know*

*so, we may resolve them and proceed with the sale as scheduled." - (60CV-12-3809) - (Ex 5)*
*(Attached)*

84.     *On January 24, 2018, Commissioners Sales Notice was filed outside of Bankruptcy in Circuit Court by attorney, Samuel S. High of Wilson & Associates Law Firm allegedly on behalf of Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1.* Auction sale date was to be February 15, 2018 - *(60CV-12-3809) - (Ex 6) - (Attached)*

85.     *On January 25, 2018, (Marshall) managed to make a filing Circuit Court and filed* Bankruptcy Notice of Hearing scheduled for February 28, 2018. - *(Doc 283) - (16-bk-15651) (60CV-12-3809) - (Ex 7) - (Attached)*

86.     Circuit Court had notation filed per docket September 23, 2015, that states *"And Order For Clerk To Reject All Subsequent Pleadings Filed By Defendant Except Notice of Appeal."* (Marshall) questions Circuit Judge reasoning for above notation per docket. - *(Clerks Letter of April 13, 2018, without attachments) - (60CV-12-3808) - (Pulaski Circuit Court) - (Ex 20C) (Attached)*

87.     *Regardless, of Courts reasoning attorney, Samuel S. High, Wilson & Associates Law Firm and bankruptcy court was aware of notation Order by Circuit Court and because of notation Order, (Marshall) was not able to defend foreclosure actions at Circuit by alleged Wells Fargo and Deutsche Bank.*

88.     (Marshall's) above reconsideration motion was scheduled for hearing on January 6, 2018. - *(16-bk-15651) - (docket 12/15/17 - 1/7/18) - (docket of 12/15/17 - 5/24/18) - (Ex 8)*

89.     *(Marshall) filed notice of appeal to BAPs on March 15, 2018 with attachments.* *(16-bk-15651) - (Doc 322) - (Ex 9)*

90.     *On April 2, 2018, more e-mail communication by Rhonda Wharton (Circuit) and Samuel S. High of Wilson & Associates Law Firm to run/publish Commissioners Sales Notice from Sunday 4/15 - 4/22. - (60CV-12-3808) - (Pulaski Circuit Court) - (Ex 10) - (Attached)*

*91.* *On April 2, 2018, Commissioners Sales Notice was filed outside of Bankruptcy in Circuit Court by attorney, Samuel S. High of Wilson & Associates Law Firm allegedly on behalf of Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1.* Auction sale date was to be May 3, 2018 *- (60CV-12-3808) - (Ex 11) - (Attached)*

*92.* *BAPs returned (Marshall) back to bankruptcy court on April 17, 2018, stating that (Marshall) had to first motion the bankruptcy court, even when (Marshall) stated in appeal that motioning the bankruptcy court would be "impracticable", and that court had already ruled on motion. - (Fed. R. Bank P 8007(b)(2)(A)) - (BAPs) - (18-6008)*

*93.* *Bankruptcy courts last order denying stay pending appeal was filed April 26, 2018. (Doc 340) - (16-bk-15651) - (Ex 12)*

*94.* *Emergency reconsideration motion for stay pending appeal was filed to BAPs by (Marshall) and was denied on May 1, 2018. – (8th Circuit Court of Appeals (BAPs) - (18-6008)*

*95.* *(Marshall's) home was set for alleged "judicial" sale outside of Bankruptcy Court for May 3, 2018, in name of Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust Company, as Trustee for Vendee Mortgage Trust 1993-1. - (60CV-12-3808) - (Pulaski Circuit Court) - (Ex 11) - (Attached)*

*96.* *Objections and addendums to Objections to Proofs of claims were timely filed by (Marshall) in her year 2016 bankruptcy for entities Wells Fargo and alleged Deutsche, creditors.*

*97.* *(Marshall) filed Emergency 2018 Bankruptcy on May 3, 2018, pro-se. - (18-bk-12478)*

98.   Motion for relief from the automatic stay provisions in rem of the bankruptcy code was filed by *alleged* creditor Deutsche Bank on May 16, 2018. *- (18-bk-12478) - (Doc 14) (Violation of FRBP 4001)*

*99.* *(Marshall) alerted court Judge in pleading that attorney, Samuel S. High was filing outside of bankruptcy documents pursuing the sale of her home, and that Robert Wilson III, of Wilson & Associates Law Firm was at courthouse on May 3, 2018, inquiring about the pending sale*

of (Marshall's) property with Pulaski Circuit Court clerk, Means, _and_ Judge ignored (Marshall).

100.   (Marshall) completed pre-counseling (Financial Management Course) on May 31, 2018.

**Exigent Circumstances Exception - (18-bk-12478)**

101.   (Marshall) filed in bankruptcy court completed pre-counseling (Financial Management Course _certificate_) on July 31, 2018, _and_ alerted Trustee of its filing. - **(18-bk-12478) - (Doc 113)**

**(Ex 15) - (Notice of Requirement - Personal Financial Management 7/16/18) - (Attached)**

102.   _Amended_ Motion for Relief from the Automatic Stay Provisions _in rem_ of the Bankruptcy Code, and the Alternative, Motion to Dismiss was filed _allegedly_ on behalf of Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1, United States Department of _Veterans Affairs, Guaranteed REMIC Pass-Through Certificates on June 28, 2018. - **(18-bk-12478) - (Doc 60) - (Violation of FRBP 4001) - (Ex 13) - (pg 1-5 of 21) (Attached) - (Tucked in was (Marshall's) Deed of Trust and Note)**

**103.**   Debtors 2018 Bankruptcy meeting of creditors was July 9, 2018. - **(Doc 72)**

**104.**   _Proof of Claim_ allegedly for Deutsche Bank National Trust Company as Trustee for Vendee Mortgage Trust 1993-1, _was filed on_ July 11, 2018, in the amount of $88,629.00 and amount to cure any default $71,116.78. Payments to be sent to a lockbox to Wells Fargo Bank, N.A. _with no address._ Proof of Claim mortgage _escrow_ account statement showed no _projected_ shortage or overage in debtors mortgage escrow account moving forward. - **(18-bk-12478) - (Claim 3-1) - (Part 3) (For Informational Purposes Only), (Limited power of attorney, New Payment and Escrow Information, Allonge for Purposes of Endorsement, etc)**

**(Claim 3, pg 1-3 _of_ 3)**

**(Claim 3- (pgs 1 -3 _of_ 43)**

**(Claim 3-1 - pgs 1-3 _of_ 3)**

**(Claim 3-1, Part 2 - pgs 1-4 _of_ 43)**

**(Claim 3-1, Part 3 - pgs 16-19 _of_ 19)**

*(Claim 3-1 , Part 3 - pgs 10-15 of 19) – (Limited Power of Attorney)*

*(Claim 3-1 - Part 2 - pg 43 of 43*

*(Claim 3-1 - Part 3 - pgs 1- 4 of 19) – (Includes Allonge for the purpose of endorsement)*

*(Loan No. Blacken )*

*105.    It is (Marshall's) belief that above 2018 Proof of claim attachments were tucked into several Proofs of claims to alert Court of its filing and to defraud (Marshall) and the Bankruptcy system rules.*

**106.**    Notice of appearance and request for notice by Samuel High, attorney allegedly on behalf of *Wells Fargo Bank, N.A.* was filed July 11, 2018. *- (Doc 74) - (18-bk- 12478)*

*107.    Only Hearing in matter Deutsche Bank and/or Wells Fargo Bank was set for and heard on July 12, 2018.*

*108.    Response to Emergency Objection of Notice(s) of appearance and emergency Motion to strike order of July 16, 2018, allegedly on behalf of Wells Fargo Bank N.A. was filed July 27, 2018. - (18-bk- 12478) - (Doc 108)*

109.    *Relief from Stay* was granted to Deutsche Bank National Trust Company as Trustee for Vendee Mortgage Trust 1993-1, United States Department of Veterans Affairs, Guaranteed REMIC Pass-Through Certificates (in rem) on July 16, 2018, stating "*Court, being fully advised, finds that there is no opposition to the motion and motion should be granted.*" *- (Doc 75) (18-bk-12478) - (Ex. 14)*

*110.    No representative from Wells Fargo or Deutsche Bank was at above Hearing of July 12, 2018.  (Marshall) was not in attendance because she was not given proper Notice and (Marshall) was sick and could not attend Hearing.*

*111.    Hearing of July 12, 2018, Court colluded with attorney Samuel S. High and took all steps so that debtor were placed in a position of foreclosure, thus defeating the purpose of debtor having filed Bankruptcy. - (Transcript July 12, 2018) - (pg 6)*

112.    No objection was made to (Marshall's) motion for continuance of hearing filed July 2, 2018, or motion for reconsideration for continuance filed by debtor on July 9, 2018.  *In fact, although no Objections from Trustee nor Wells Fargo or Deutsche, Court went forward with the hearing of July 12, 2018 - (18-bk-12478) - (Docs 64, 71) - (Doc 95-pg 6-5) - (E-mails from Court, Trustee, and Attorney Lachowski (Wilson & Associates Law Firm 7 /16/18) - (Ex. X2) - (Attached)*

113.    *Objections and addendums to Objections to Proofs of claims were timely filed by (Marshall) in her year 2018 Bankruptcy for entities Wells Fargo and alleged Deutsche, creditors.*

114.    *Trustee order to pay by (Marshall) was filed July 17, 2018. - (18-bk-12478) - (Doc 86)*

115.    *On August 13, 2018, Commissioners Sales Notice was filed outside of Bankruptcy in Circuit Court by attorney, Samuel S. High, Wilson & Associates Law Firm allegedly on behalf of Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1.* Sale to be held September 6, 2018. *- (60CV-12-3808) - (Pulaski County Circuit) - (Ex 16) (Attached)*

*116.*    Publication of above-mentioned Notice was e-mailed for publication to the Arkansas Democrat-Gazette allegedly by Operations Manager, Circuit Clerk, Rhonda Wharton on August 13, 2018 and filed with Circuit Court same date. *- (60CV-12-3808) - (Pulaski County Circuit) - (Ex. 17) - (Attached)*

117.    *(Marshall's) 2018 Bankruptcy was dismissed with prejudice on September 4, 2018, allegedly for not taking pre-counseling course and barred from refiling for 180 days. - (Doc 174) (18-bk-12478) - (Ex 18) - (Ex 15)*

118.    *(Marshall) completed pre-Counseling (Financial Management Course) on May 31, 2018.*
**Exigent Circumstances Exception**

119.    *(Marshall) filed with bankruptcy court completed "Financial Management Course certificate" on July 31, 2018, and alerted Trustee of its filing. - (Doc 113) - (18-bk-12478)*

*(Ex 15) - (Attached)*

**120.** *(Marshall's) home was set for alleged "judicial" sale outside of Bankruptcy Court*

*for September 6, 2018, to Deutsche Bank. - (60CV-12-3808) - (Pulaski County Court)*

*(Ex. 16) - (Attached)*

121.   *Order above mentioned was written by attorney, Samuel S. High of Wilson &*

*Associates Law Firm. - (See No. 117 above)*

122.   (Marshall's) home was allegedly sold at auction outside of bankruptcy on

September 6, 2018, to <u>alleged</u> Deutsche Bank National Trust Company as Trustee for Vendee

Mortgage Trust 1993-1, United States Department of Veteran Affairs, Guaranteed <u>REMIC</u> Pass-

Through Certificates, *<u>without</u> consent or guidance from McCarty Trustee*. *- (Ex. 20) - (Attached)*

*<u>(Unsigned Docs of September 17, 2018 )</u>*

*(Commissioner Bid Form) - (Order Confirming Sale and Approving Deed)*

*(Commissioners Deed) - (Arkansas Real Property Tax <u>Affidavit</u> of Compliance Form)*

*(Status Report Pursuant to <u>Service Members Civil Relief Act</u>) - (Commissioners Report of*

*Sale) - (Commissioners Report of Sale Commissioners Sales Notice) - Allegedly signed by*

*Sherry Means, Commissioner in Circuit - (Ex 20X1)*

*(Commissioners Sale Notice - (Unsigned)) - (Ex 20X2)*

123.   Clerk Means and Circuit Court records show that no moneys changed hands

<u>allegedly</u> because Deutsche Bank had a (3) three-month credit. *- (<b>Commissioners Deed <u>allegedly</u></b>*

*recorded 9/18/18 (2018058428) - (last (2) two sentences (pg 1) - (Ex. 20)*

*(Commissioners Report of Sale (with signature) - (filed September 17, 2018) - (Ex 20X1)*

**124.**   *(Marshall) was forced from her home of (26) twenty-six years by sheriff <u>on</u>*

*October 31, 2018. Lots of personal indoor, outdoor storage and household items were*

*left/kept/damaged by people assisting <u>alleged</u> Deutsche in its Writ of Possession to (Marshall's)*

*property. - (Writ of Assistance) - (No valid signatures) - (Ex 20B) - (Attached)*

*125..   (Marshall)* motioned bankruptcy court with *Fraud on Court* against Wells Fargo and alleged Deutsche Bank in her year 2016 and 2018 bankruptcy to no avail. *- (16-bk-15651) (18-bk-12478)*

*126.   Bankruptcy court would not hear (Marshall's) Fraud on Court motions above mentioned in (Marshall's) year 2016 bankruptcy nor year 2018 bankruptcy. - (Doc 58) (18-bk-12478)*

*127.*   (Marshall) filed appeal at the *United States Bankruptcy Appellate Panel for the 8th Circuit* against rulings made by Bankruptcy court concerning creditor's Wells Fargo Bank N.A., and <u>alleged</u> Deutsche Bank National Trust Company. *- (US Appellate Panel) - (Case: 18-6025) from - (Bankruptcy Court Eastern District of Arkansas) - (18-bk-12478) - (Ex A1) - (Attached)*

128.   Judgment for above-mentioned appeal *states in part "orders overruling Appellant's objection did not conclusively determine the banks' claims in the bankruptcy case did not finally resolve the merits of the controversy between the banks and the Appellant and therefore, are not final orders,* **and** *"Order denying Motion to Dismiss for <u>Fraud on the Court</u> ... ... instead of terminating the case or any aspect of it, it allows the matter to proceed. - (Filed 9/27/18)*

129.   *Wells Fargo Home Mortgage allowed the fraudulently foreclosure of (Marshall's) home of (26) twenty-six years <u>without</u> legal standing.*

130.   *(Marshall) filed her year 2016 and 2018 bankruptcy in an effort to save her home.*

131.   (Marshall) has not received any money in equity or otherwise from her home of (26) twenty-six years.

132.   *<u>Finally</u>, Wells Fargo mailed to (Marshall) year 2018, Form 1099-A - (Acquisition or Abandonment of Secured Property) dated January 11, 2019. - (Ex A) - (Attached)*

133.   *Wells Fargo letter dated January 29, 2019 - Agreed Modification <u>(Opportunity Lost)</u>* **Interest** *Rate 3.875% - Unpaid Balance $63,859.80 - New maturity date August 01, 2031 - (3 pgs) (Ex A) - (Attached)*

134.    *(Marshall) received letter from Premiere Assets Services that her property had*

*recently changed ownership.  That "Wells Fargo Bank, N.A. doing business as Premiere Asset*

*Services (PAS), now services the Property." - **(Letter dated 9/13/18) - (Ex A) - (Attached)***

135.    *(Marshall) received letter from Wilson & Associates stating (the "New Owner")*

*is Deutsche Bank National Trust Company as Trustee for Vendee Mortgage Trust 1993-1.*

***(Demand for Possession of Property) - (Letter dated 9/24/18) - (Ex A) - (Attached)***

***136.**    The Law Firm of Wilson & Associates used (Marshall) as its personal piggy bank*

*and was paid $20,489.60 as of April 12, 2016, all while (Marshall) was in Bankruptcy. - **(Ex A)***

***(Attached)***

## OTHER FRAUDULANT ACTIVITIES
## WELLS FARGO & DEUTSCHE BANK

***137.**    Same and similar actions by Wilson & Associates Law Firm on behalf of*

*Wells Fargo and Deutsche Bank has occurred in years 2005, 2008, 2010 associating,*

*(Marshall) with (Salvador Guiterrez) in Pulaski Circuit Court records and insurance claims and*

*banks that (Marshall) has no association. - (Simmons First National Bank) - (Substitution of*

*Trustee) -(Affidavit 2005067570) - (Affidavits recorded 6/4/08 and 6/9/10) - **(18 pgs) - (Exhibit A)***

***(Case 4:20-cv-01373-DPM) - (Filed 01/07/21)***

# V.  BACKGROUND

1.    **The United States Department of Veterans Affairs (VA) Loan**

**Guaranty Service Home Loan Program**

138.    The VA Home Loan Program's guaranties are issued to help

eligible service members, veterans, reservists and certain unmarried surviving

spouses obtain homes, condominiums, residential cooperative housing units, and

manufactured homes. 38 U.S.C. §§ 3701(b)(3), 3710(a), 3712.  *VA Vendee loans*

*are VA guaranteed loans.*  The primary purpose of the VA Home Loan Program is to help such individuals finance the purchase of homes on more advantageous terms than typically would be available to them.

139.     The VA provides a repayment guarantee to qualified lenders equal to a specified percentage of the loan upon default of the primary debtor. 38 U.S.C §§ 3702(d), 3712(c)(2)-(3); 38 C.F.R. §§ 36.4202, 36.4225.  Only loans meeting the VA's underwriting requirements are entitled to the VA's insurance guarantee.

140.     By providing protection in the event of a default, the VA's insurance program encourages lenders to provide financing to veterans *and VA Vendee mortgage loan borrowers.*

### 2.     The Single-Family Mortgage Industry

141.     The single-family mortgage industry consists of financial services and other firms that originate, underwrite, securitize, and service mortgages for residential properties designed to house one- to four-family dwellings.

142.     Mortgage origination is the process whereby a lender loans money to a borrower and receives a security interest in property, through a mortgage or comparable device that secures the loan.  Origination generally includes all the steps from receiving a loan application through disbursal of the loan proceeds.

143.     For more than thirty years, mortgages typically have been "pooled" to create an investment vehicle, *often denominated as a trust*, and interests in the trusts have been sold to investors that own interests in *payment streams* generated by principal and interest payments by the borrowers.

144.     After mortgages are originated, a "servicer" is responsible for mortgage administration activities, known as servicing activities, which generally

include collecting payments from mortgagors; applying payments made in an agreed-upon order to the mortgagor's indebtedness; distributing payments after allowable deductions to the investment trust entities for distribution to *investors*; making advances to cover delinquent mortgage payments and other costs, such as the costs of protecting and maintaining properties that collateralize mortgage loans when mortgagors fail to do so; pursuing collections from delinquent mortgagors; and pursuing either loss mitigation or foreclosure, as appropriate, to minimize the loss to *investors* and others when mortgagors become delinquent on mortgage payments.

## VI.  FACTUAL ALLEGATIONS

### A.  The Banks' Servicing Misconduct

145.    Each of the Banks services home mortgage loans secured by residential properties owned by individual citizens of the Plaintiff State, and of the United States.

146.    Each Bank is engaged in trade or commerce in the Plaintiff State and is subject to the consumer protection laws of the States in the conduct of their debt collection, loss mitigation and foreclosure activities. The consumer protection laws of the Plaintiff State include laws prohibiting unfair or deceptive practices.

### 1.  The Banks' Unfair, Deceptive, and Unlawful Servicing Processes

147.    Under the States' consumer protection laws, the Banks are prohibited from engaging in unfair or deceptive practices with respect to consumers.

148.    In the course of their conduct, management and oversight of loan servicing in the Plaintiffs' State, the Banks have engaged in a pattern of unfair and deceptive practices.

149.    The Banks' unfair and deceptive practices in the discharge of their loan servicing activities, include, but are not limited to, the following:

a.    failing to timely and accurately apply payments made by borrower and failing to maintain accurate account statements;

b.    charging excessive or improper fees for default-related services;

c.    failing to properly oversee third party vendors involved in servicing activities on behalf of the Banks;

d.    imposing force-placed insurance without properly notifying the borrower and when borrower already had adequate coverage;

e.    providing borrower false or misleading information in response to borrower complaints; and

f.    failing to maintain appropriate staffing, training, and quality control systems.

**2.    The Banks' Unfair, Deceptive, and Unlawful Loan Modification and Loss Mitigation Processes**

150.    Under the States' consumer protection laws, the Banks are prohibited from engaging in unfair or deceptive practices with respect to consumers.

151.    Pursuant to HUD regulations and FHA guidance, FHA-approved mortgage lenders and their servicers are required to engage in loss-mitigation efforts to avoid the foreclosure of HUD-insured single family residential

mortgages. E.g., 24 C.F.R. § 203.500 et seq.; Mortgagee Letter 2008-07 (*"Treble Damages for Failure to Engage in Loss Mitigation") (Sept. 26, 2008);* Mortgagee Letter 1996-25 ("Existing Alternatives to Foreclosure -- Loss Mitigation") (May 8, 1996). Thus, when acting as a servicer, the Banks were required to refrain from foreclosing on any FHA insured mortgage where a default could be addressed by modifying the terms of the mortgage or other less-costly alternatives to foreclosure were available.

152.   Under the Treasury's various rescue and stimulus programs, the Banks received monetary incentives from the Federal government in exchange for the commitment to make efforts to modify defaulting borrowers' single family residential mortgages. See, e.g., Making Home Affordable Handbook v.1.0, ch. 13 ("Incentive Compensation") (Aug. 19, 2010). Under the programs, the Banks agreed to fulfill requirements set forth in program guidelines and servicer participation agreements.

153.   Each of the Banks regularly conducts or manages loan modifications on behalf of the entities that hold the loans and mortgages and that hired the Banks as servicers.

154.   In the course of their servicing and oversight of mortgage loans, the Banks violated federal laws, program requirements and contractual requirements governing loss mitigation.

155.   In the course of their conduct, management and oversight of loan modifications in the Plaintiffs' State, the Banks have engaged in a pattern of unfair and deceptive practices.

156.   The Banks' failure to discharge their required loan modification

obligations, and related unfair and deceptive practices, include, but are not limited to, the following:

     a.    failing to perform proper loan modification underwriting;

     b.    failing to gather or losing loan modification application documentation and other paperwork;

     c.    failing to provide adequate staffing to implement programs;

     d.    failing to adequately train staff responsible for loan modifications;

     e.    failing to establish adequate processes for loan modifications;

     f.    allowing borrower to stay in trial modifications for excessive time periods;

     g.    wrongfully denying modification applications;

     h.    failing to respond to borrower inquiries;

     i.    providing false or misleading information to consumers while referring loans to foreclosure during the loan modification application process;

     j.    providing false or misleading information to consumers while initiating foreclosures where the borrower was in good faith actively pursuing a loss mitigation alternative offered by the Bank;

     k.    providing false or misleading information to consumers while scheduling and conducting foreclosure sales during the loan application process and during trial loan modification periods;

     l.    misrepresenting to borrower that loss mitigation programs would provide relief from the initiation of foreclosure or further

foreclosure efforts;

m.    failing to provide accurate and timely information to borrower who were in need of, and eligible for, loss mitigation services, including loan modifications;

n.    falsely advising borrower that they must be at least 60 days delinquent in loan payments to qualify for a loan modification;

o.    miscalculating borrowers' eligibility for loan modification programs and improperly denying loan modification relief to eligible borrowers;

p.    misleading borrower by representing that loan modification applications will be handled promptly when Banks regularly failed to act on loan modifications in a timely manner;

q.    failing to properly process borrowers' applications for loan modifications, including failing to account for documents submitted by borrower and failing to respond to borrowers' reasonable requests for information and assistance;

r.    failing to assign adequate staff resources with sufficient training to handle the demand from distressed borrower; and

s.    misleading borrower by providing false or deceptive reasons for denial of loan modifications.

### 3.    Wrongful Conduct Related to Foreclosures

157.    Under the States' consumer protection laws, the Banks are prohibited from engaging in unfair or deceptive practices with respect to consumers.

158.    FHA regulations and guidance and HAMP, VA HAMP and other MHA servicer participation agreements establish requirements to be followed in the foreclosure of single-family residential mortgages that are FHA insured, or where the servicer conducting the foreclosure is an MHA participant.

159.    The Banks regularly conducts or manages foreclosures on behalf of entities that hold mortgage loans and have contracted with the Bank to service such loans.

160.    In the course of their conduct, management, and oversight of foreclosures, the Banks violated FHA and MHA foreclosure requirements.

161.    In the course of their conduct, management, and oversight of foreclosures in the Plaintiff State, the Banks have engaged in a pattern of unfair and deceptive practices.

162.    The Banks' failure to follow appropriate foreclosure procedures, and related unfair and deceptive practices include, but are not limited to, the following:

    a.    failing to properly identify the foreclosing party;

    b.    charging improper fees related to foreclosures;

    c.    preparing, executing, notarizing or presenting false and misleading documents, filing false and misleading documents with courts and government agencies, or otherwise using false or misleading documents as part of the foreclosure process (including, but not limited to, affidavits, declarations, certifications, substitutions of trustees, and assignments);

    d.    preparing, executing, or filing affidavits in foreclosure proceedings without personal knowledge of the assertions in the affidavits

and without review of any information or documentation to verify the
assertions in such affidavits. This practice of repeated false attestation of
information in affidavits is popularly known as "robosigning." Where
third parties engaged in robosigning on behalf of the Banks, they did so
with the knowledge and approval of the Banks;

  e. executing and filing affidavits in foreclosure proceedings
that were not properly notarized in accordance with applicable state law;

  f. misrepresenting the identity, office, or legal status of the
affiant executing foreclosure-related documents;

  g. inappropriately charging servicing, document creation,
recordation and other costs and expenses related to foreclosures; and

  h. inappropriately dual-tracking foreclosure and loan
modification activities, and failing to communicate with borrower with
respect to foreclosure activities.

  **4. The Banks' Bankruptcy-Related Misconduct**

  163. In the ordinary course of their businesses, the Banks regularly
appear as creditors, or on behalf of creditors, in bankruptcy cases, including
bankruptcy cases commenced in this district and over which this Court has
original jurisdiction under 28 U.S.C. § 1334, seeking the payment of money from
bankruptcy estates and/or prosecuting motions seeking relief from the automatic
stay to foreclose on consumer mortgages.

  164. The Banks have bankruptcy procedures that are utilized or relied
upon by the Banks and their attorneys, contractors, and other agents when the
Banks file documents, including proofs of claim and motions seeking relief from

the automatic stay in bankruptcy cases. Use of these bankruptcy procedures has
resulted in an insufficient level of oversight and safeguards regarding pleadings
and documents filed by the Banks or their agents in bankruptcy cases and their
conduct during the bankruptcy cases.

165.   Use of these bankruptcy procedures has resulted in the filing of
signed pleadings and documents in bankruptcy cases as to which the signatory has
not conducted a reasonable inquiry into the factual contentions or allegations, as
required by applicable law, including Fed. R. Civ. P. 11 and Fed. R. Bankr. P. 9011.

166.   Use of these bankruptcy procedures has also resulted in a failure to
exercise adequate supervision over the Banks' attorneys, contractors, and other
agents in bankruptcy proceedings.

167.   As a result of the use of inadequate bankruptcy procedures, the
conduct of the Banks or their agents has resulted in, among other things, some or
all of the following:

a.   making representations that were inaccurate, misleading,
false, or for which the Banks, at the time, did not have a reasonable basis
to make, including without limitation representations contained in proofs
of claim under 11 U.S.C. § 501, motions for relief from the automatic stay
under 11 U.S.C. § 362, or other documents;

b.   filing proofs of claim, motions for relief from stay, or other
documents that failed to include documentation required under the Federal
Rules of Bankruptcy Procedure, local court rules, local court standing
orders, or other applicable rules or law, such as the original or a duplicate
of the writing on which the secured claim is based, evidence that the
security interest has been perfected, a statement setting forth the terms of

and any documentation of a transfer of the claim, or other documentation;

c.    filing *lost note affidavits* in connection with proofs of claim, motions for relief from stay, or other documents that were inaccurate, misleading, or false, or for which the Banks, at the time, did not have a reasonable basis to make;

d.    filing proofs of claim, motions for relief from stay, or other documents where the Banks sought payment from debtor or bankruptcy estate for amounts that the Banks were not legally entitled to collect, such as seeking principal, interest, fees, escrow amounts, and/or advances that were not incurred, were in excess of what is collectable under the loan documents, were not reasonable or appropriate to protect the note holder's interest in the property and rights under the security instrument, or were inconsistent with an approved loan modification;

e.    filing proofs of claim or motions for relief from stay without required itemizations for principal, interest, fees, escrow amounts, and/or advances;

f.    filing proofs of claim, motions for relief from stay, or other documents that inaccurately represented or failed to document ownership of the claim or right to seek relief;

g.    commencing collection activities against the debtor or the debtor's property without court authorization, or in violation of the terms of a confirmed chapter 13 plan, the discharge injunction under 11 U.S.C. § 524, or the automatic stay under 11 U.S.C. § 362;

h.    filing proofs of claim, motions for relief from stay, or other documents or otherwise commencing collection activities seeking to

recover amounts on debts that have been paid or satisfied, including

through a refinance of the debt, or a sale or short sale of the collateral;

      i.    collecting, or attempting to collect, attorney's fees and

other charges for the preparation and filing of proofs of claim, motions for

relief from stay, or other documents, that the Banks ultimately withdrew

or that a court denied;

      j.    failing to promptly and accurately apply payments resulting

in inaccurate loan accounting and wrongful or inaccurate allegations of

loan defaults;

      k.    filing proofs of claim, motions for relief from stay, or other

documents that inaccurately or falsely represented they were signed by a

person with direct knowledge of the matters alleged in the filing;

      l.    filing affidavits or other documents requiring notarization

where the Banks inaccurately or falsely represented that the documents

were validly notarized;

      m.    failing to provide required notices to the debtor, trustee, or

the court regarding payment changes resulting from a change in interest

rate and/or escrow charges;

      n.    failing to provide notice to the debtor, trustee, or court

regarding fees, charges, and expenses assessed or incurred after the

petition date; or

      o.    failing to promptly provide a reconciliation of payments

received with respect to the debtor's obligations in the case or failing to

appropriately update the Banks' systems of record, including upon

dismissal or closure of a bankruptcy case.

168.    The Banks implemented and relied upon inadequate bankruptcy procedures despite having actual or constructive notice that such procedures could, and did, lead to the errors described above.

169.    Use of these bankruptcy procedures has also resulted in the Banks seeking inappropriate relief from debtor under the Bankruptcy Code, including under 11 U.S.C. §§ 362 and 501, and in violation of 11 U.S.C. § 524.

### 5.    Violation of Department of Veteran Affairs for Guaranteed Loans 38 U.S.C. § 3732 - (VA Vendee Loans) 38 CFR § 36.4283

170.    The Bank responsible for servicing the single-family mortgage of VA Vendee mortgage loan borrower failed to follow the procedures on any loan guaranteed by Department of Veteran of Affairs.

171.    As a result, the Defendants engaged in a pattern and practice of violating VA Vendee mortgage borrowers' rights under *38 U.S.C. § 3732*, including, but not limited to the following conduct:

a.    The Banks made transfer of property guaranteed by the Department of Veteran Affairs without the prior approval of Department of Veterans Affairs in violation of under *38 U.S.C. § 3732*.
*Ref: 38 CFR 36.4508(a)(1).*

b.    The Banks initiated judicial or statutory sale, or other public sale against VA Vendee mortgage borrower without notifying the Secretary of Veteran Affairs in violation of 38 CFR § 36.4283.

c.    The Banks foreclosed on VA Vendee mortgage borrower without giving required home retention options mandated by VA for all VA guaranteed loans.

172. In the cases of the above-described wrongful conduct of Banks, VA Vendee mortgage loan borrower were not afforded rights in the event of default, transfer of property, foreclosure or repossession or foreclosure and liquidation that is entitled on any Title 38 mortgage loan guaranteed by Department of Veteran Affairs.

173. VA Vendee mortgage borrower were affected by such wrongful conduct, suffered damages are person aggrieved.

174. The Banks engaged in the foregoing conduct in disregard of the rights of the *VA Vendee mortgage loan borrower*.

## COUNT I

### UNFAIR AND DECEPTIVE CONSUMER PRACTICES
### WITH RESPECT TO LOAN SERVICING

175. The allegations in paragraphs 1 through 174 above are incorporated herein by reference.

176. The loan servicing conduct of the Banks, as described above, constitutes unfair or deceptive practices in violation of the consumer protection *laws of each states (including Arkansas)*.

177. The Banks unlawful conduct has resulted in injury *to the United States* and *(Marshall)* who *had her home loan serviced* by Wells Fargo. The harm sustained by *(Marshall)* includes payment of improper fees and charges, unreasonable delays and expenses to obtain loss mitigation relief, improper denial of loss mitigation relief, and *loss of home* due to improper, unlawful, or undocumented foreclosure. The harm to *(Marshall)* includes the subversion of *the legal process and the sustained violations of bankruptcy laws.* *(Marshall) has had* to incur substantial expenses in the investigations and attempts to obtain remedies for Banks' unlawful conduct.

## COUNT II

### UNFAIR AND DECEPTIVE CONSUMER PRACTICES
### WITH RESPECT TO FORECLOSURE PROCESSING

178.    The allegations in paragraphs 1 through 174 are incorporated

herein by reference.

179.    The foreclosure processing conduct of the Banks, as described

above, constitutes unfair or deceptive practices in violation of the consumer

protection laws of each state *(including Arkansas)*.

180.    The Banks unlawful conduct has resulted in injury *to the United States*

and *(Marshall)* who *had home loan serviced* by the Banks.  The harm sustained by

*(Marshall)* includes payment of improper fees and charges, unreasonable delays and

expenses to obtain loss mitigation relief, improper denial of loss mitigation relief, and

*loss of her home* due to improper, unlawful, or undocumented foreclosure.

The harm *to the United States* and *(Marshall)* includes the subversion of the legal process

and the sustained violations of laws.  *(Marshall)* have had to incur substantial expenses in

the investigations and attempts to obtain remedies for Banks unlawful conduct.

*United States District Court, District of Columbia - (Case 1:12-cv-00361-RMC) - (Document*

*4-1) - (Filed 03/14/12)*

## COUNT III

### VIOLATION OF  DEPARTMENT OF VETERANS AFFAIRS RULES
### 38 U.S.C. § 3732

181.    The allegations in paragraphs 1 through 174 above are incorporated

herein by reference.

182.    The Banks engaged in the wrongful conduct described herein violated

the protections afforded *(Marshall)* by Secretary of Veterans Affairs regarding Vendee loans

*38 U.S.C. § 3732* and constituted a pattern or practice of violation.

183.    *(Marshall)* affected by such wrongful conduct suffered damages and are an aggrieved person under the rule *38 U.S.C. § 3732.*

184.    The Banks engaged in the wrongful conduct described herein acted intentionally, willfully, and, or in disregard of the rights of the affected mortgage loan borrower *(Marshall)*.


## COUNT IV

### DECLARATORY JUDGMENT UNDER
### 28 U.S.C. §§ 2201 and 2202
### REGARDING THE BANKS' BANKRUPTCY MISCONDUCT

185.    The allegations in paragraphs 1 through 174 above are incorporated herein by reference.

**186**.    The Banks *implemented and relied on inadequate bankruptcy* procedures and thereby have prejudiced *(Marshall)*, creditors, including the United States, and the court in bankruptcy cases, have caused increased errors, delays, and costs of administration in bankruptcy cases, and constitute a continuing abuse of the bankruptcy process.

187.    The Banks implemented and relied on inadequate bankruptcy procedures and thereby have violated the standards of conduct required of creditors by applicable law, including the Bankruptcy Code and the Federal Rules *of Bankruptcy Procedure or have caused violations of such law.*

188.    The Banks implemented and relied upon inadequate bankruptcy procedures that abused the bankruptcy process.

189.    The Banks unlawful conduct has resulted in injury to the United States and to *(Marshall)* in bankruptcy who had her home loan serviced by the Banks.

190.    The harm sustained by *(Marshall)* includes payment of improper fees and charges, unreasonable delays and expenses in bankruptcy cases, and *loss of home* due to an improper, unlawful, or undocumented foreclosures.

191.    The harm sustained by the United States and *(Marshall)* includes reduced and delayed recoveries to the United States and *(Marshall)* in its capacity as a creditor in bankruptcy cases.  Such conduct has also caused the United States and *(Marshall)* to assume increased administrative duties in monitoring bankruptcy cases, and to incur expenses in the investigations and litigation of the Banks' unlawful conduct.

## COUNT V

### DAMAGES UNDER COMMON LAW
### RELATED TO THE BANKS BANKRUPTCY MISCONDUCT

192.    The allegations in paragraphs 1 through 174 above are incorporated herein by reference.

193.    The Banks implemented and relied on inadequate bankruptcy procedures and thereby has prejudiced *(Marshall)*, creditors, including the United States, and the courts in bankruptcy cases, has led to increased errors, delays, and costs of administration in bankruptcy cases, and constitutes a continuing abuse of *the bankruptcy process.*

194.    The Banks abuse of the bankruptcy process violated a duty or duties owed by the Banks to *(Marshall)* the courts, and other parties in such bankruptcy cases, including the United States.

195.    The Banks abuse of the bankruptcy process violates a federal policy, reflected in the bankruptcy code and the bankruptcy rules, in favor of the efficient and equitable administration of bankruptcy cases, as well as the policy of ensuring accuracy in claims submitted to the bankruptcy courts.

**196.**     The Banks unlawful conduct has resulted in injury to the

United States and to *(Marshall)* in bankruptcy who had her home loan serviced by

the Banks.  The harm sustained by *(Marshall)* includes payment of improper

*fees and charges, unreasonable delays and expenses in her bankruptcy cases,*

*and loss of home due to improper, unlawful, or undocumented foreclosure.*  The

harm sustained by the United States and *(Marshall)* includes reduced and delayed

recoveries to the United States and *(Marshall)* in its capacity as a creditor in

bankruptcy cases.  Such conduct has also caused the United States and *(Marshall)*

to assume increased administrative duties in monitoring bankruptcy cases, and to

incur expenses in the investigations and litigation of the Banks' unlawful conduct.

## COUNT VI

### VIOLATION OF $25 BILLION SETTLEMENT AGREEMENT WITH THE FEDERAL GOVERNMENT AND STATES ATTORNEY GENERALS' WITH FIVE LARGEST MORTGAGE SERVICERS TO ADDRESS MORTGAGE LOAN SERVICING AND FORECLOSURE ABUSES

197.     The allegations in paragraphs 1 through 174 above are incorporated

herein by reference.

198.     Wells Fargo failed to adhere to $25 billion settlement agreement

of February 2012 and final terms and remedies settlement agreement made with

the Federal Government and States Attorney Generals' with Five Largest Mortgage

Servicers (Wells Fargo) to Address Mortgage Loan Servicing and Foreclosure Abuses.

***United States District Court, District of Columbia - (Case 1:12-cv-00361-RMC***

***Document 4-1) - (Filed 03/14/12)***

199.     United States settlement agreement made with *(*Wells Fargo) entitled

*affected citizens of each state* right to sue on behalf of the United States or themselves

as citizens if, (Wells Fargo) did not adhere to the terms of the settlement agreement.

1.      Wells Fargo failed to adhere to Bankruptcy foreclosure and bankruptcy information and documentation terms and remedies per *final consent judgment and* settlement agreement *signed by (Wells Fargo), each state and United States for citizens of each state.*

## COUNT I - COUNT V
## DEUTSCHE BANK NATIONAL TRUST COMPANY

200.    The allegations in paragraphs 1 through 174 above are incorporated in by reference. *Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1, United States Department of Veterans Administration's Guaranteed Pass-Through Certificate.*

1.      All of above-mentioned actions 1 through 174 were made allegedly on behalf of (Deutsche Bank) by its attorney of record, Samuel S. High, Wilson & Associates Law Firm, in most of *(Marshall's)* bankruptcy, specifically year 2016 and 2018 bankruptcy and always in conjunction with Wells Fargo Home Mortgage *(Marshall's)* then mortgage loan servicer, before foreclosure and repossession of *(Marshall's) home of (26) twenty-six years* in name of *Deutsche Bank National Trust Company as Trustee for Vendee Mortgage Trust 1993-1.   In Bankruptcy Court and Circuit Court, for foreclosure and repossession purposes, names used were* Deutsche *Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1, United States Department of Veterans Administration's Guaranteed REMIC Pass-Through Certificate and Deutsche Bank National Trust Company as Trustee for Vendee Mortgage Trust 1993-1, and/or a mix of above names for foreclosure and repossession purposes, depending on what paperwork was being submitted to Court(s), recording entities, etc..*

## PRAYER FOR RELIEF

**WHEREFORE**, (Marshall) respectfully request that judgment be entered in her favor and against the Banks as follows:

1. On Count I, judgment against the Defendants, *injunctive relief to* restrain the Banks from *further unlawful conduct*; an order requiring disgorgement of unlawful gains obtained by the Banks as a result of their unlawful conduct; *restitution or other remedial relief to compensate (Marshall) for the Banks' unlawful conduct; civil damages; and attorney fees and costs of investigation.*

2. On Count II, judgment against the Defendants, injunctive relief to restrain the Banks from further unlawful conduct; an order requiring disgorgement of unlawful gains obtained by the Banks as a result of their unlawful conduct; restitution or other remedial relief to compensate *(Marshall)* of the Banks' unlawful conduct; civil damages; and attorney fees and costs of investigation.

3. On Count III, declaratory and injunctive relief, as appropriate, and an award of damages to be paid to *(Marshall)* of the Defendants' in violations of the VA Vendee loan program.

4. On Counts IV and V, for appropriate declaratory relief and for compensatory damages, *in an amount to be determined at trial,* and for necessary post-judgment relief to prohibit the Defendants from violating 11 U.S.C. §§ 362 and 501, and from acting in violation of 11 U.S.C. § 524; and

5. On Count VI, all rights that should have been afforded *(Marshall)* under the settlement agreement and <u>final</u> *consent judgment terms and remedies* with (Wells Fargo), all states and the United States.

6. For all other and further relief as the Court may deem just proper and equitable. - *(42 USC § 183)*

Theresa Marshall, Plaintiff
P.O. Box 4404
Little Rock, AR  72214
501-666-3923


## SERVICE OF PROCESS

Defendants named this Complaint will be served with *summons* at Corporate offices

to the following:


Charles W. Scharf, President & CEO
Wells Fargo & Company
and Wells Fargo Bank, NA
420 Montgomery Street
San Francisco, CA  94104

Deutsche Bank National Trust Company
60 Wall Street
New York, NY  10005
Attn:  Chief Executive Officer



VA Form 26-6404 (Vendee Loan)
Jun 1982
Section 3729, Title 38, U.S.C.

92 69312

**ARKANSAS**

50-50-2-0113664
50-50-4-6036070

# THIS LOAN MAY NOT BE ASSUMED WITHOUT THE PRIOR APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT, SUCCESSORS OR ASSIGNS

## DEED OF TRUST

This Deed, made and entered into this    27th    day of October,   19 92   by and between   Theresa Marshall, an unmarried person,

hereinafter, whether one or more, together with    her    heirs, executors, administrators and assigns, referred to as the party of the first part, and    Wilma L. Graham    Trustee, hereinafter, together with his/her successors and assigns, referred to as the party of the second part, and the Secretary of Veterans Affairs, an Officer of the United States of America, whose principal office and post office address is Department of Veterans Affairs, Washington, D.C. 20420, and successors in such office, as such, hereinafter with successors and assigns, referred to as the party of the third part:

WITNESSETH, that the said party of the first part, for and in consideration of the sum of One Dollar to him/her in hand paid, the receipt of which is hereby acknowledged, and the further consideration of the facts hereinafter set forth, does hereby GRANT, BARGAIN, SELL, ASSIGN, and CONVEY unto the said party of the second part, forever the following described land, together with the improvements and appurtenances thereunto belonging, and all fixtures now attached to or used in connection with the premises hereinafter described, and including all heating, plumbing and lighting fixtures and equipment thereon or hereafter placed thereon, to-wit:

LOT 10, BLOCK B, OAK FOREST GARDENS ANNEX, TO THE CITY OF LITTLE ROCK, PULASKI COUNTY, ARKANSAS.

To HAVE AND To HOLD THE AFORE DESCRIBED property unto the party of the second part forever, in Trust for the following uses, purposes, and consideration only, to wit: To secure the payment by the said party of the first part to the said party of the third part of the just and full sum of    THIRTY-EIGHT THOUSAND FIVE HUNDRED FIFTY    DOLLARS ($ 38,550.00), for borrowed money, evidenced by a certain promissory note of even date herewith, payable together with interest thereon at the rate of    SEVEN AND    per centum    7½    %) per annum on the unpaid principal balance to the party of the third part, or order, in monthly installments of    TWO HUNDRED SIXTY-NINE AND 55/100    DOLLARS ($ 269.55  ) beginning on the 1st    day of December   19 92    and continuing on the 1st    day of each month thereafter until the said principal and interest thereon are fully paid, except that if not sooner paid, the final payment of principal and interest shall be due and payable on the 1st    day of November, 2022.

The party of the first part hereby covenants as follows:

1. He/She will pay the indebtedness, as hereinbefore provided. Privilege is reserved to prepay at anytime, without premium or fee the entire indebtedness or any part thereof not less than the amount of one installment, or one hundred dollars ($100) whichever is less. Prepayment in full shall be credited on the date received. Partial prepayment, other than an installment due date, need not be credited until the following installment due date, or thirty (30) days after such prepayment, whichever is earlier.

2. Together with, and in addition to, the monthly payments of principal and interest payable under the terms of the note secured hereby, the party of the first part will pay to the party of the third part as trustee (under the terms of this trust as hereinafter stated) on the installment due date of each month until the said note is fully paid:

(a) A sum equal to the ground rents, if any, and the taxes and special assessments, next due on the premises covered by the Deed of Trust, plus the premiums that will next become due and payable on policies of fire and other hazard insurance on the premises covered hereby (all as estimated by the party of the third part, and of which first party is notified) less all sums already paid therefor, divided by the number of months to elapse before one month prior to the date when such ground rents, premiums, taxes, and assessments will become delinquent, such sums to be held by party of the third part in trust to pay said ground rents, premiums, taxes, and special assessments, before the same become delinquent.

(b) The aggregate of the amounts payable pursuant to subparagraph (a) and those payable on the note secured hereby, shall be paid in a single payment each month, to be applied to the following items in the order stated:

   (I)   ground rents, taxes, special assessments, fire, and other hazard insurance premiums;

   (II)  interest on the note secured hereby; and

   (III) amortization of the principal of the said note.

THIS INSTRUMENT APPROVED BY
Office of District Counsel

**EXHIBIT A**

For Return Address Purposes Only

Wells Fargo Bank N.A.
Return Mail Operations
PO Box 14411
Des Moines IA 50306-3411

| OMB No. 1545-0877 | 01/11/19 |
| **2018** | **Acquisition or Abandonment of Secured Property** |
| Form 1099-A | |

DCTX1CDTAT  020568DCTX1C0000002215970E

THERESA MARSHALL
1408 HENDRIX
LITTLE ROCK, AR 72204

☐ CORRECTED (if checked)

| LENDER'S name, street address, city, state, ZIP code, and telephone no. | | OMB No. 1545-0877 | 01/11/19 |
| WELLS FARGO BANK, N. A.<br>1 HOME CAMPUS F2303-04P<br>DES MOINES, IA 50328-0001 | | **2018**<br>Form 1099-A | **Acquisition or Abandonment of Secured Property** |
| 1-866-234-8271 | | 1 Date of lender's acquisition or knowledge of abandonment<br>09/06/18 | 2 Balance of principal outstanding<br>$49,119.92 | **Copy B** |
| LENDER'S TIN<br>94-1347393 | BORROWER'S TIN<br>XXX-XX-1812 | 3 | 4 Fair market value of property<br>$53,000.00 | **For Borrower**<br>This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported. |
| BORROWER'S name, street address (including apt. no.), city, state and ZIP code<br>THERESA MARSHALL<br>1408 HENDRIX<br>LITTLE ROCK, AR 72204 | | 5 If checked, the borrower was personally liable for repayment of the debt | ✓ | |
| | | 6 Description of property<br>1408 HENDRIX<br>LITTLE RO AR 72206 | | |
| Account number (see instructions)<br>2140088960 | | | | |
| Form 1099-A | (Keep for your records.) | | Department of the Treasury-Internal Revenue Service | |

## Instructions for Borrower

Certain lenders who acquire an interest in property that was security for a loan or who have reason to know that such property has been abandoned must provide you with this statement. You may have reportable income or loss because of such acquisition or abandonment. Gain or loss from an acquisition generally is measured by the difference between your adjusted basis in the property and the amount of your debt canceled in exchange for the property, or, if greater, the sale proceeds. If you abandoned the property, you may have income from the discharge of indebtedness in the amount of the unpaid balance of your canceled debt. The tax consequences of abandoning property depend on whether or not you were personally liable for the debt. Losses on acquisitions or abandonments of property held for personal use are not deductible. See Pub. 4681 for information about your tax consequences.

Property means any real property (such as a personal residence); any intangible property; and tangible personal property that is held for investment or used in a trade or business.

If you borrowed money on this property with someone else, each of you should receive this statement.

**Borrower's taxpayer identification number (TIN).** For your protection, this form may show only the last four digits of your TIN (social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN)). However, the issuer has reported your complete TIN to the IRS.

**Account number.** May show an account or other unique number the lender assigned to distinguish your account.

**Box 1.** For a lender's acquisition of property that was security for a loan, the date shown is generally the earlier of the date title was transferred to the lender or the date possession and the burdens and benefits of ownership were transferred to the lender. This may be the date of a foreclosure or execution sale or the date your right of redemption or objection expired. For an abandonment, the date shown is the date on which the lender first knew or had reason to know that the property was abandoned or the date of a foreclosure, execution, or similar sale.
**Box 2.** Shows the debt (principal only) owed to the lender on the loan when the interest in the property was acquired by the lender or on the date the lender first knew or had reason to know that the property was abandoned.
**Box 4.** Shows the fair market value of the property. If the amount in box 4 is less than the amount in box 2, and your debt is canceled, you may have cancellation of debt income. If the property was your main home, see Pub. 523 to figure any taxable gain or ordinary income.
**Box 5.** Shows whether you were personally liable for repayment of the debt when the debt was created or, if modified, when it was last modified.
**Box 6.** Shows the description of the property acquired by the lender or abandoned by you. If "CCC" is shown, the form indicates the amount of any Commodity Credit Corporation loan outstanding when you forfeited your commodity.
**Future developments.** For the latest information about developments related to Form 1099-A and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/Form1099A.*

## EXHIBIT A

43



Wells Fargo
P.O. Box 10335
Des Moines, IA 50306-0335

July 24, 2015

Theresa Marshall
1408 Hendrix
Little Rock, AR 72204

Subject: Resolution to your inquiry about account number 2140088960

Dear Ms. Theresa Marshall:

I'm glad we spoke about your requests on June 26, 2015. I appreciate the opportunity to help you, and I'm sending this letter to summarize the key points from our conversation.

**During our telephone conversation, you requested to know:**

- Can a copy of the deed of trust and Note be faxed to me?
- Was my loan taken out as a The Department of Veterans Affairs (VA) loan?
- If it was originated as a VA, why was it switched to a conventional loan?
- When did Deutsche Bank National Trust Company become the trustee of the loan?
- Does Deutsche Bank National Trust Company have the legal right to foreclose on the property?

**Additionally, during our telephone conversation on July 08, 2015, you requested:**

- I would like to begin a review for payment assistance options
- I would like to have the name of the servicer, investor and trustee in writing

Please find our responses to your requests addressed below.

**Can a copy of the Deed of Trust and Note be faxed to me?**

As requested during our telephone conversation on June 26, 2015, a copy of the Deed of Trust and the Deed of Trust Note were faxed to you at 501-661-0827. Enclosed please find additional copies of these documents for your records.

**Was my loan taken out as a The Department of Veterans Affairs (VA) loan?**

Our research shows that the loan documents were executed by you on October 27, 1992, and are a VA Note and VA Deed of Trust.

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801

44

Marshall
July 24, 2015
Page 02

**If it was originated as a VA, why was it switched to a conventional loan?**

The initial Deed of Trust dated October 27, 1992, reflected Wilma L. Graham, as the Trustee for Secretary of Veterans Affairs. However, the foreclosure documents reflect Deutsche Bank National Trust Company as the Trustee.

**When did Deutsche Bank National Trust Company become the trustee of the loan?**

As discussed during our telephone conversation on July 10, 2015, Bankers Trust Company of California, N.A. was the original Trustee of the account. Bankers Trust Company of California, N.A. was renamed Deutsche Bank National Trust Company on April 15, 2002.

Enclosed please find the Title Change document filed with the Comptroller of the Currency regarding the name change. Additionally, please find enclosed the recorded assignment from the Secretary of Veterans Affairs to Bankers Trust Company of California, N.A., as Trustee of Vendee Mortgage Trust 1993-1, dated February 25, 1993.

**Does Deutsche Bank National Trust Company have the legal right to foreclose on the property?**

As discussed during our telephone conversation on June 30, 2015, as Deutsche Bank National Trust Company is the trustee of the account, they do have the right to foreclose on the property.

**I would like to begin a review for payment assistance options**

We've initiated a review of your payment assistance request. For assistance during the review process, please contact the new single point of contact, Christine Shaw at 1-855-803-5719, extension 1335427534, Monday through Friday, 8:00 a.m. to 5:00 p.m. Central Time.

**I would like to have the name of the servicer, investor and trustee in writing**

Wells Fargo Bank, N.A. is the servicer of your loan for owner/assignee Vendee 1993-1. A contact address for the owner/assignee is:

Deutsche Bank National Trust Company
1761 East Street Andrew Place
Santa Ana, CA 92705-4934



Wells Fargo
P.O. Box 10xxx
Des (?) (illegible)

April 12, 2016

Theresa Marshall
1408 Hendrix
Little Rock, AR 72204

Subject: Response to the inquiry about account number 2140088960

Dear Ms. Theresa Marshall:

Thank you for the opportunity to address your request. We've carefully researched this matter and are providing you with a response.

**Request for a breakdown of the recoverable corporate advance balance**

Corporate Advance fees are charged based on the terms of your Security Instrument. We charged these fees to your account due to past default or litigation activity. At this time the recoverable corporate advance balance is $20,489.60. Please find the requested breakdown enclosed. The repayment of the fees may be paid at your earliest convenience, or at the time the loan is paid in full.

**Going forward - What are my next steps?**

If you have questions about your account, please contact our Customer Service department at 1-866-234-8271. Representatives are ready to help you Monday through Friday, 6:00 a.m. to 10:00 p.m.; and Saturday, 8:00 a.m. to 2:00 p.m. Central Time.

We value our customers, and it's been my goal to fully address your request. If you have any questions, I'm here to help. You may reach me at 1-800-853-8516, extension 1335721023. I am available to assist you Monday through Friday, 8:00 a.m. to 5:00 p.m. Central Time. If you require immediate assistance and I am unavailable, other representatives are available to assist you at 1-800-853-8516, Monday through Friday, 7:00 a.m. to 7:00 p.m. Central Time.

Sincerely,

John Gipson
Executive Resolution Specialist
Customer Care and Recovery Group

Enclosure

Wells Fargo is required by the Fair Debt Collection Practices Act to inform you that, as your loan servicer, we are attempting to collect a debt, and any information obtained will be used for that purpose. However, if you have received a discharge from bankruptcy, and the loan was not reaffirmed in the bankruptcy case, Wells Fargo will only exercise its rights against the property and is not attempting any act to collect the discharged debt from you personally.

With respect to those loans located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

WC403/XIX/ge5229885/cl708

**EXHIBIT A**

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801

46




April 12, 2016

Theresa Marshall
1408 Hendrix
Little Rock, AR 72204

Subject: Response to the inquiry about account number 2140088960

Dear Ms. Theresa Marshall:

| Date: | Amount | Description: |
|---|---|---|
| December 02, 2015 | $ 45.00 | Foreclosure Attorney Fees |
| October 12, 2015 | $210.00 | Foreclosure Attorney Fees |
| September 16, 2015 | $45.00 | Foreclosure Attorney Fees |
| August 28, 2015 | $1,065.00 | Foreclosure Attorney Fees |
| May 14, 2015 | $555.00 | Foreclosure Attorney Fees |
| April 14, 2015 | $90.00 | Foreclosure Attorney Fees |
| March 13, 2015 | $135.00 | Foreclosure Attorney Fees |
| February 20, 2015 | $345.00 | Foreclosure Attorney Fees |
| January 15, 2015 | $1,204.00 | Foreclosure Attorney Fees |
| January 08, 2015 | $107.50 | Foreclosure Attorney Fees |
| January 31, 2014 | $400.00 | Title Policy Cost |
| January 31, 2014 | $180.00 | Filing Costs |
| January 31, 2014 | $1,050.00 | Foreclosure Attorney Fees |
| January 17, 2014 | $165.00 | Foreclosure Attorney Fees |
| December 20, 2013 | $135.00 | Foreclosure Attorney Fees |
| October 01, 2013 | $45.00 | Foreclosure Attorney Fees |
| September 13, 2013 | $345.00 | Foreclosure Attorney Fees |
| July 24, 2013 | $30.00 | Foreclosure Attorney Fees |
| May 06, 2013 | $15.00 | Property Inspection |
| April 01, 2013 | $15.00 | Property Inspection |
| March 07, 2013 | $15.00 | Property Inspection |
| February 06, 2013 | $15.00 | Property Inspection |
| January 15, 2013 | $135.00 | Foreclosure Attorney Fees |
| January 07, 2013 | $15.00 | Property Inspection |
| December 18, 2012 | $90.00 | Foreclosure Attorney Fees |
| July 06, 2012 | $225.00 | Foreclosure Attorney Fees |
| May 15, 2012 | $15.00 | Property Inspection |
| April 27, 2012 | $285.00 | Appraisal Charge |
| April 11, 2012 | $15.00 | Property Inspection |
| March 16, 2012 | $15.00 | Property Inspection |
| October 17, 2011 | $285.00 | Appraisal Charge |
| March 30, 2011 | $285.00 | Appraisal Charge |
| October 25, 2010 | $285.00 | Appraisal Charge |
| July 15, 2010 | $75.00 | Regular Mail Cost |

Marshall
April 12, 2016
Page 2

| | | |
|---|---|---|
| July 15, 2010 | $17.36 | Certified Mail Costs |
| July 15, 2010 | $752.00 | Publish Foreclosure Sale Cost |
| July 15, 2010 | $295.00 | Process Service Fee |
| July 15, 2010 | $275.00 | Foreclosure Notice Costs |
| July 15, 2010 | $60.00 | Filing Costs |
| July 15, 2010 | $225.00 | Clerk of Court Costs |
| July 15, 2010 | $180.00 | Foreclosure Attorney Fees |
| April 19, 2010 | $325.00 | Title Policy Cost |
| April 19, 2010 | $165.00 | Recording Fees |
| April 19, 2010 | $360.00 | Foreclosure Attorney Fees |
| December 30, 2009 | $133.00- | Funds Paid Towards Outstanding Fee Balance |
| October 27, 2008 | $75.00 | Title Policy Cost |
| October 27, 2008 | $16.48 | Certified Mail Costs |
| October 27, 2008 | $375.00 | Foreclosure Notice Costs |
| October 27, 2008 | $20.00 | Updated Title Cost |
| October 27, 2008 | $165.00 | Notice of Default Record Fee |
| October 27, 2008 | $1,047.00 | Publish Foreclosure Sale Cost |
| October 27, 2008 | $40.00 | Filing Costs |
| September 29, 2008 | $95.00 | Broker's Price Opinion Charge |
| July 03, 2008 | $600.00 | Bankruptcy Attorney Fees |
| July 02, 2008 | $150.00 | Bankruptcy Attorney Fees |
| June 17, 2008 | $150.00 | Title Policy Cost |
| June 17, 2008 | $11.73 | Certified Mail Costs |
| June 17, 2008 | $350.00 | Foreclosure Notice Costs |
| June 17, 2008 | $165.00 | Notice of Default Record Fee |
| June 17, 2008 | $1,047.00 | Publish Foreclosure Sale Cost |
| June 17, 2008 | $70.00 | Filing Costs |
| February 28, 2008 | $95.00 | Broker's Price Opinion Charge |
| January 07, 2008 | $31.25- | Property Inspection |
| December 19, 2007 | $350.00 | Bankruptcy Attorney Fees |
| December 19, 2007 | $39.75 | Bankruptcy Document Retrieval Charge |
| February 21, 2007 | $250.00 | Litigation Fee |
| February 13, 2007 | $125.00- | Broker's Price Opinion Charge |
| December 06, 2006 | $1.25 | Property Preservation Photos |
| December 06, 2006 | $15.00 | Property Inspection |
| November 17, 2006 | $8.76 | Reversal of a Paid Fee |
| October 18, 2006 | $8.76- | Funds Paid Towards Outstanding Fee Balance |
| January 25, 2006 | $15.00 | Property Inspection |
| January 03, 2006 | $3.32 | Bankruptcy Attorney Costs |
| January 03, 2006 | $17.00 | Bankruptcy Attorney Costs |

Marshall
April 12, 2016
Page 3

| January 03, 2006 | $71.50 | Bankruptcy Document Retrieval Charge |
| October 12, 2005 | $600.00 | Bankruptcy Attorney Fees |
| September 28, 2005 | $450.00 | Bankruptcy Attorney Fees |
| September 28, 2005 | $10.48 | Bankruptcy Attorney Costs |
| September 28, 2005 | $29.50 | Bankruptcy Document Retrieval Charge |
| September 01, 2005 | $902.00 | Foreclosure Notice Costs |
| August 23, 2005 | $75.00 | Title Policy Cost |
| August 23, 2005 | $10.68 | Certified Mail Costs |
| August 23, 2005 | $435.00 | Foreclosure Notice Costs |
| August 23, 2005 | $11.00 | Updated Title Cost |
| August 23, 2005 | $14.00 | Notice of Default Record Fee |
| August 23, 2005 | $20.00 | Filing Costs |
| August 23, 2005 | $300.00 | Foreclosure Attorney Fees |
| August 22, 2005 | $15.00 | Property Inspection |
| August 18, 2005 | $472.63- | Bankruptcy Attorney Costs |
| July27, 2005 | $15.00 | Property Inspection |
| June 23, 2005 | $15.00 | Property Inspection |
| June 06, 2005 | $125.00 | Broker's Price Opinion Charge |
| May 31, 2005 | $125.00 | Broker's Price Opinion Charge |
| July 23, 2004 | $1,115.60 | Correct Past History |
| June 24, 2004 | $15.00 | Property Inspection |
| May 27, 2004 | $15.00 | Property Inspection |
| April 05, 2004 | $15.00 | Property Inspection |
| March 26, 2004 | $500.00- | Foreclosure Attorney Costs |
| March 26, 2004 | $615.60- | Foreclosure Attorney Fees |
| March 04, 2004 | $15.00 | Property Inspection |
| January 29, 2004 | $15.00 | Property Inspection |
| January 06, 2004 | $15.00 | Property Inspection |
| December 04, 2003 | $15.00 | Property Inspection |
| November 11, 2003 | $2,055.00- | Foreclosure Attorney Fees |
| November 04, 2003 | $15.00 | Property Inspection |
| October 06, 2003 | $15.00 | Property Inspection |
| September 05, 2003 | $15.00 | Property Inspection |
| July 31, 2003 | $15.00 | Property Inspection |
| July 07, 2003 | $15.00 | Property Inspection |
| May 30, 2003 | $15.00 | Property Inspection |
| May 16, 2003 | $90.00- | Property Inspection |
| May 02, 2003 | $15.00 | Property Inspection |
| April 09, 2003 | $15.00 | Property Inspection |
| March 20, 2003 | $100.00 | Bankruptcy Attorney Fees |

Marshall
April 12, 2016
Page 4

| | | |
|---|---|---|
| March 19, 2003 | $100.00 | Bankruptcy Attorney Fees |
| March 13, 2003 | $15.00 | Property Inspection |
| February 12, 2003 | $15.00 | Property Inspection |
| January 08, 2003 | $15.00 | Property Inspection |
| December 04, 2002 | $15.00 | Property Inspection |
| November 14, 2002 | $1,526.38 | Correct Past History |
| November 04, 2002 | $15.00 | Property Inspection |
| October 24, 2002 | $447.67- | Foreclosure Attorney Fees |
| October 24, 2002 | $69.46- | Foreclosure Attorney Costs |
| October 11, 2002 | $300.00 | Foreclosure Attorney Fees |
| October 11, 2002 | $50.00 | Title Policy Cost |
| October 11, 2002 | $8.00 | Notice of Default Record Fee |
| October 10, 2002 | $525.00 | Bankruptcy Attorney Fees |
| September 25, 2002 | $1,009.25- | Foreclosure Attorney Costs |
| July 26, 2002 | $100.00 | Foreclosure Attorney Fees |
| June 05, 2002 | $125.00 | Broker's Price Opinion Charge |
| May 07, 2002 | $15.00 | Property Inspection |
| March 18, 2002 | $125.00 | Bankruptcy Attorney Fees |
| February 26, 2002 | $425.00 | Foreclosure Attorney Fees |
| February 26, 2002 | $325.00 | Title Policy Cost |
| February 26, 2002 | $675.00 | Foreclosure Notice Costs |
| February 26, 2002 | $8.00 | Notice of Default Record Fee |
| February 26, 2002 | $11.00 | Filing Costs |
| February 26, 2002 | $11.00 | Updated Title Cost |
| January 29, 2002 | $75.00 | Reimburse Attorney for Costs They Paid |
| December 27, 2001 | $251.29- | Clear Mortgage Advance Balance |
| November 30, 2001 | $15.00 | Property Inspection |
| October 29, 2001 | $15.00 | Property Inspection |
| October 03, 2001 | $15.00 | Property Inspection |
| September 26, 2001 | $75.00 | Bankruptcy Attorney Costs |
| September 26, 2001 | $425.00 | Bankruptcy Attorney Fees |
| September 11, 2001 | $15.00 | Property Inspection |
| August 27, 2001 | $100.00 | Fee to File Motion for Relief |
| August 01, 2001 | $15.00 | Property Inspection |
| June 30, 2001 | $250.00 | Foreclosure Attorney Fees |
| June 30, 2001 | $250.00 | Foreclosure Attorney Fees |
| June 30, 2001 | $7.00 | Property Inspection |
| June 30, 2001 | $7.00 | Property Inspection |
| June 30, 2001 | $7.00 | Property Inspection |
| June 30, 2001 | $7.00 | Property Inspection |

Marshall
April 12, 2016
Page 5

| June 30, 2001 | $7.00 | Property Inspection |
|---|---|---|
| June 30, 2001 | $7.00 | Property Inspection |
| June 30, 2001 | $7.00 | Property Inspection |
| June 30, 2001 | $7.00 | Property Inspection |
| June 30, 2001 | $7.00 | Property Inspection |
| June 30, 2001 | $7.00 | Property Inspection |
| June 30, 2001 | $7.00 | Property Inspection |
| June 30, 2001 | $7.00 | Property Inspection |
| June 30, 2001 | $7.00 | Property Inspection |
| June 30, 2001 | $6.75 | Property Inspection |
| June 30, 2001 | $6.75 | Property Inspection |
| June 30, 2001 | $6.75 | Property Inspection |
| June 30, 2001 | $6.75 | Property Inspection |
| June 30, 2001 | $7.00 | Property Inspection |
| June 30, 2001 | $7.00 | Property Inspection |
| June 30, 2001 | $6.75 | Property Inspection |
| June 30, 2001 | $6.75 | Property Inspection |
| June 30, 2001 | $6.75 | Property Inspection |
| June 30, 2001 | $6.75 | Property Inspection |
| June 30, 2001 | $6.75 | Property Inspection |
| June 30, 2001 | $6.75 | Property Inspection |
| June 30, 2001 | $6.75 | Property Inspection |
| June 30, 2001 | $6.75 | Property Inspection |
| June 30, 2001 | $6.75 | Property Inspection |
| June 30, 2001 | $6.75 | Property Inspection |
| June 30, 2001 | $6.75 | Property Inspection |
| June 30, 2001 | $6.75 | Property Inspection |
| June 30, 2001 | $6.75 | Property Inspection |
| June 30, 2001 | $60.00 | Foreclosure Lawyer's Costs |
| June 30, 2001 | $6.75- | Property Inspection |
| June 30, 2001 | $56.78- | Foreclosure Attorney Fees |



Wells Fargo
P.O. Box 10335
Des Moines, IA 50306-0335

May 26, 2016

Theresa Marshall
1408 Hendrix
Little Rock, AR 72204

Subject: Resolution to the inquiry about account number 2140088960

Dear Theresa Marshall:

Thank you for the opportunity to address your concerns. We wanted to speak with you directly but were unable to connect with you due to the active cease and desist on the account. We wanted you to know we've carefully researched your concerns, and so we're providing you a written response.

**In your inquiry, you expressed concerns about:**

- Concerns about the foreclosure and fees charged
- Concerns about the loan modification review
- Concerns about active litigation on the account

Please find our response to the questions you raised in your inquiry addressed below.

**Concerns about the foreclosure and fees charged**

I can confirm the property was first referred to foreclosure on April 1, 2010; the foreclosure was then placed on hold for a review for payment assistance options on December 24, 2015. However due to insufficient information received during the review, the account was removed from review on February 24, 2016.

In addition, when we begin foreclosure proceedings, the fees and costs associated with the foreclosure are assessed to the account according to the terms of the Note and Security Instrument provided at origination.

The external property inspections are a personal visit to the property to determine if the home is occupied and assess the property's condition. The frequency of the inspections is based on continued past due status and state requirements as at the time these were performed the account was delinquent.

As disclosed in the Note and Security Instruments, we may inspect the property if an account is past due and charge a fee to the account to recover the expenses of inspection.

Based on our research, we've determined your account was handled appropriately and no adjustments are needed. We wanted to share our information with you. If you would like to request additional documents that support our research, you may reply to me directly at the return address on this letter or by phone at the number provided in the "Going forward" section of this letter.

52

Marshall
May 26, 2016
Page 2

**Concerns the loan modification review**

This loan was originated on October 27, 1992, and the account was acquired by Wells Fargo for mortgage servicing on December 1, 2004. The term of the mortgage haven't changed since the time of origination and has not been permanently modified by Well Fargo.

However, during the review conducted in the month of December of 2009, the account was under review and we attempted to contact you to advise that if the account was to be modified we would require a contribution payment of $ 9,898.74, but after we made several attempts to contact you regarding the review, we were unable to reach you and the review was removed on January 12, 2010.

The account was then set back up again for review on January 12, 2010, the account was reviewed for a Repayment Plan, Special Forbearance Plan and a Moratorium, and however these weren't an option due to the delinquency amount on the account so the account was removed from review on January 20, 2010. The loan has never been modified or changed the owner/assignee.

In addition, I have added the following information below regarding the owner/assignee on this account:

Wells Fargo Bank, N.A. is the servicer of your loan for owner/assignee VA Vendee 1993-1. A contact address for the owner/assignee is:

>   Deutsche Bank National Trust Company
>   1761 East St. Andrew Place
>   Santa Ana, CA 92705-4934

Based on our research, we've determined your account was handled appropriately and no adjustments are needed.

We wanted to share our information with you. If you would like to request additional documents that support our research, you may reply to me directly at the return address on this letter or by phone at the number provided in the "Going forward" section of this letter.

**Concerns about active litigation on the account**

I can confirm there is currently no active litigation on this account; however the account is in active foreclosure.

We apologize you had to contact us again to get more information about litigation status of the account.

Marshall
May 26, 2016
Page 3

**Going forward**

We value your feedback and appreciate the time and effort you took to contact us. It's been my goal to fully address the concerns you've brought to our attention.

If you have any questions, I'm here to help. You may reach me directly at 1-800-853-8516, extension 1335721087. I am available to assist you Monday through Friday, 8:00 a.m. to 5:00 p.m. Central Time. If you require immediate assistance and I am unavailable, other representatives are available to assist you at 1-800-853-8516, Monday through Friday, 7:00 a.m. to 7:00 p.m. Central Time.

Sincerely,

Darius Thomas Jr
Executive Resolution Specialist
Customer Care and Recovery Group

Wells Fargo is required by the Fair Debt Collection Practices Act to inform you that, as your loan servicer, we are attempting to collect a debt, and any information obtained will be used for that purpose. However, if you have received a discharge from bankruptcy, and the loan was not reaffirmed in the bankruptcy case, <var>1</var> will only exercise its rights against the property and is not attempting any act to collect the discharged debt from you personally.

With respect to those loans located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

EX003/UC5/co1739958/ge5265851/cl708

Wells Fargo Home Mortgage
Return Mail Operations
PO Box 10368
Des Moines, IA 50306-0368

Page 1 of 1



September 11, 2018

DCMLICDTCP 005458

AGENTS MUTUAL INS CO
7000 JEFFERSON PKWY #D
WHITE HALL, AR 71602

**AMIC**

SEP 17 2018

| Account Information | |
|---|---|
| Fax: | 1-877-491-9956 |
| Telephone: | 1-800-842-7654 |
| Correspondence: | PO Box 10335 |
| | Des Moines, IA 50306 |
| Hours of operation: | Mon - Fri, 8 a.m. - 6 p.m., CT |
| | |
| Loan number: | 2140088960 |
| Property address: | 1408 Hendrix |
| | Little Rock AR 72206 |

Subject: Cancel hazard insurance

Policy Number:      38738
Loan Number:       2140088960
Name(s):             Theresa Marshall
Property Address:  1408 Hendrix
                          Little Rock AR 72206

Dear Insurance Company Representative:

The property for the loan referenced above has been subject to a short sale or foreclosed on. At this time, please cancel the hazard insurance effective 09/06/18, and forward any unearned premium to the following address:

Wells Fargo Home Mortgage
Attn: Conventional Claims
1 Home Campus, MAC F2301-021
Des Moines, IA 50328

Fax: 1-877-491-9956
Email: ConvHazardTeam@wellsfargo.com

If your company policy requires the insurance refund to be sent to the former mortgagor, please notify us at the address listed above.

Thank you for your prompt attention to this matter.

Sincerely,

REO Operations
Wells Fargo Home Mortgage

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. © 2017 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801

RG200 708 0547

**Exhibit A**

AGENTS MUTUAL INSURANCE COMPANY                                    DECLARATIONS
7000 JEFFERSON PARKWAY SUITE D                          Page #:  1 OF  2
WHITE HALL, AR  71602                                  Date  : 09/20/18

                    HOMEOWNERS- ACV-NAMED PERIL POLICY

Policy #: 38738                    Policy: FROM 05/24/2018 TO 05/24/2019
                                   Period:


Named    : THERESA MARSHALL              LARRY INSURANCE AGENCY, I 657
Insured : 1408 HENDRIX                   8506 COLONEL GLENN ROAD
          LITTLE ROCK  AR  72204         LITTLE ROCK AR  72204



                                         Phone #: (501) 680-1105


Agent: E. Marc Oudin, Jr., Agents Insurance Services, Inc.        Premium Includes A $30 Annual Policy Fee

     INSURED COPY
     CANCELLATION REASON Customer Request              (P -CRQ)
     EFFECTIVE:  09/06/2018
     TOTAL ANNUAL PREMIUM:              $722.70    ANNUAL INSTALLMENT
                                                   COMPANY DIRECT BILLED

     POLICY DEDUCTIBLE: $1000

     PREMISES OCCUPIED BY: OWNER

   CANCELLED PER MORTGAGE




     LIMIT
                         *PROPERTY SECTION*
     46,000    A. HOMEOWNER - DWELLING (BRICK) FIRE PROT. CLASS 1-6
      4,600    B. ADJACENT STRUCTURES - BARNS AND TIN ROOFS EXCLUDED
     23,000    C. UNSCHEDULED PERSONAL PROPERTY
      4,600    D. ADDITIONAL LIVING COSTS
               VANDALISM-15% OF COVERAGE A
                         *LIABILITY SECTION*
     25,000    E. PERSONAL LIABILITY
        500    F. MEDICAL PAYMENTS TO OTHERS



          ************** DESCRIPTION OF PREMISES **************

          ACRES                      COUNTY    STATE
            0                        PULASKI      AR
  1 1408 HENDRIX           LITTLE ROCK        AR 72204

     MORTGAGE:        WELLS FARGO BANK NA #708 ISAOA ATIMA
                      LN# 2140088960
                      P.O. BOX 5708
                      SPRINGFIELD OH  45501-5708

     FORMS ATTACHED:     AMIC-1801 07/01     AAISML0008 7/99     ML 0073 07/99
     ML 147 1.1          ML 223 6.0          ML 0435 07/99     AMIC-401 07/01
     AMIC-1801 07/99

56

**AGENTS MUTUAL INSURANCE COMPANY**                              **DECLARATIONS**
**7000 JEFFERSON PARKWAY SUITE D**                         Page #:   2 OF  2
**WHITE HALL, AR   71602**                                 Date  : 09/20/18

### HOMEOWNERS- ACV-NAMED PERIL POLICY

Policy #: 38738                    Policy: FROM 05/24/2018 TO 05/24/2019

************* CONTINUED FROM PREVIOUS PAGE **********

800-272-2248  AGENTSMUTUALINS.COM

# PREMIERE

Premiere Asset Services is a dba of Wells Fargo
Home Mortgage, a division of Wells Fargo Bank, N.A

09/13/2018

Occupant
1408 HENDRIX
LITTLE ROCK, AR 72206

Subject: A recent change in property ownership may affect you.

Dear Occupant,

We're writing to let you know that the property at 1408 HENDRIX LITTLE ROCK, AR 72206 (which will be referred to as the "Property" in this letter) has recently had a change in ownership. **Wells Fargo Bank, N.A.** doing business as Premiere Asset Services ("PAS"), now services the Property and may market and sell the Property to interested buyers.  If you're currently living at this address, please contact us right away to discuss how the sale of this Property will affect you and what options may be available.

## You may be eligible for financial assistance
This letter is not intended to cover all of the potential options. However, we want to make you aware that if you are currently occupying the Property and over 18 years old, you may be eligible for the following financial relocation assistance to help cover moving costs:

- $4,800 to move by 09-28-2018
- $3,050 to move by 10-08-2018
- $2,180 to move by 10-18-2018

To be eligible for this assistance, you must vacate the Property within the agreed time frame and leave it in broom-swept condition.  Certain restrictions apply.

## Important note for Servicemembers
If you have been called to active military duty, or are the spouse, partner in civil union, domestic partner, or financial dependent of a person who has been called to active duty, you may be entitled to certain legal protections. Please see the enclosed details and notify us of your status immediately.

## Please call right away
- Contact this real estate agent within five (5) business days to discuss your options.

    Ann Ball
    Crye-Leike Realtors
    11600 Kanis Road, Little Rock, AR 72211
    (501) 978-0978
    annblr@aol.com

- If you're unable to reach the agent, you may also contact PAS directly at 1-877-617-5274.

You should seek advice from an attorney if you have any questions concerning your rights.

Thank you.

EXHIBIT A

**WILSON & ASSOCIATES, P.L.L.C.**

**Attorneys at Law**
400 West Capitol Avenue
Suite 1400
Little Rock, AR 72201
501-219-9388    **VIA CERTIFIED AND U.S. MAIL**
Fax: 501-219-9458
Internet: www.thewilsonlawfirm.com

Theresa Marshall                                        September 24, 2018
And/or Tenant, Known or Unknown at:
1408 Hendrix Avenue
Little Rock, AR 72204


**AVISO IMPORTANTE PARA PERSONAS QUE HABLAN ESPAÑOL.   ESTE ES UN AVISO MUY IMPORTANTE.  SI NO ENTIENDE EL CONTENIDO, OBTENGA UNA TRADUCCIÓN INMEDIATAMENTE.  ESTE AVISO ESTÁ RELACIONADO CON UNA POSIBLE ACCIÓN DE DESALOJO DE SU RESIDENCIA.**

RE:    **Demand for Possession of Property**
       W&A No. 3216

Dear Occupant:

ATTENTION: The property you live in **1408 Hendrix Avenue, Little Rock, AR 72204** (the "Property") has gone through foreclosure and has a new owner.

The new owner of the Property (the "New Owner") is: **Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1**.

If you do not immediately relinquish possession within three (3) days of receipt of this letter, dispossessory proceedings will be initiated in Court.

You must contact us immediately to let us know if you are currently under a bona fide lease or tenancy. Under the Protecting Tenants at Foreclosure Act ("PTFA"), your lease is "bona fide" only if:

        a. The mortgagor or a child, a spouse, or parent of the mortgagor under the contract is not the tenant;
        b. Your lease or tenancy is shown to be the product of an arm's-length transaction; and
        c. Your lease rent is not substantially less than fair market rent or the rent is reduced or subsidized due to a federal, state, or local subsidy.

        If you believe you are a bona fide tenant as defined above, you must immediately contact us (or the owner) and provide us with proof of the same, including an executed copy of your lease/rental agreement, for the New Owner's immediate review. In addition, please provide us with rent receipts or proof of rent payment, utilities bills, or other documentation evidencing your tenancy in the Property.


**EXHIBIT A**



If we do not hear from you, while you may not lose any available protections under the PTFA, we may take legal action to attempt to remove you from the Property until such evidence and documentation is provided by you.

This notice describes some of your legal rights.

UNDER THE PROTECTING TENANTS AT FORECLOSURE ACT OF 2009[1], YOU HAVE THE RIGHT TO CONTINUE AS A TENANT AT THE PROPERTY FOR THE REMAINDER OF YOUR LEASE OR AT LEAST NINETY (90) DAYS FROM THE DATE YOU ARE GIVEN NOTICE TO VACATE, WHICHEVER IS LONGER, IF YOU ARE FOUND TO BE A BONA FIDE TENANT AS DEFINED UNDER THE ACT.

If you are deemed a bona fide tenant, and if at any time, you violate your lease, the New Owner, or any successor owner, may take steps to terminate your lease and evict you from the Property for that lease violation and you may not be protected by the Protecting Tenants at Foreclosure Act in such instance.

Stated this way, you are entitled to protection under the Protecting Tenants at Foreclosure Act if it is determined:

- The New Owner became the owner on or after May 20, 2009; and
- You are a bona fide tenant before complete title to the Property was transferred to the New Owner; and
- You are NOT the former owner, or the child, parent, or spouse of the former owner; and
- Your lease/rental agreement transaction is an arm's-length transaction; and
- Your rent is equal to or is not substantially less than fair market rent, or you pay less rent because you have rental assistance due to federal, state, or local subsidy, such as Section 8.

Please be aware, if at any time the New Owner sells the Property to a person who will move into the Property as his or her primary residence, the Protecting Tenants at Foreclosure Act allows that buyer to lawfully end your lease and tell you to vacate the Property without any further PTFA protections.
If you have a Section 8 voucher, you have additional rights and should provide a copy of this notice to your Section 8 worker.

None of your rights as a tenant under state or local laws that give you greater protection, if any, are changed by the Protecting Tenants at Foreclosure Act.

YOU MAY HAVE OTHER CHOICES:

If you want to move, the New Owner may offer financial relocation assistance to pay your moving expenses and any other costs or amounts you and the New Owner agree on in exchange for your agreement to leave the Property in less than ninety (90) days or before your lease expires.

## IMPORTANT NOTICE TO SERVICEMEMBERS AND THEIR DEPENDENTS: PROTECTIONS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT

Service members on "active military service," or a spouse or dependent of such a service member may be entitled to certain legal protections, including eviction protection, pursuant to the Servicemembers Civil Relief Act (50 USC App. §§ 3901-4026), as amended, (the "SCRA") and, possibly, certain related state statutes.

**Who may be entitled to Legal Protections under the SCRA:**

---

[1] The Protecting Tenants at Foreclosure Act, P.L. 111-22, §§ 701-704 (May 20, 2009), as amended and clarified by the Dodd-Frank Wall Street Reform and Consumer Protection Act, P.L. 111-203, § 1484 (July 21, 2010) and Section 304 of the Economic Growth, Regulatory Relief, and Consumer Protection Act (May 2018).

•Active duty members of the Army, Navy, Air Force, Marine Corps, Coast Guard, active duty Reservists, and members of the National Guard called to active duty by the President or Secretary of Defense for a period of more than thirty consecutive days in response to a national emergency declared by the President and supported by federal funding;
•Commissioned officers of the National Oceanic and Atmospheric Administration in active service;
•Commissioned officers of the Public Health Service in active service;
•United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action;
•Spouses of service members and dependents of service members.

Service members, their spouses, and their adult dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php.

"Military OneSource" is the U.S. Department of Defense's information resource. If you are listed as, entitled to legal protections under the SCRA, please go to http://www.militaryonesource.mil/or call 1-800-342-9647 (toll free from the United States) to find out more information. Dialing instructions for outside the United States are provided on the website.

If you are such a servicemember, or a dependent of such a servicemember, you should contact our office at (501) 734-4110 to discuss your status under the SCRA.

This firm is prohibited from giving you legal advice and cannot direct you on how to proceed.

For more information, please call (501) 734-4110, fax to (501) 734-4406, or email evictionquestions@thewilsonlawfirm.com.

Sincerely,
Wilson & Associates, P.L.L.C.



Wells Fargo
PO Box 10335
Des Moines, IA 50306-0335

January 29, 2019

Theresa Marshall
1408 Hendrix
Little Rock, AR 72204

Subject:  Resolution to the inquiry about account number 2140088960

Dear Ms. Theresa Marshall:

Thank you for speaking to us about your concerns. I'm sending this letter to summarize the key points from our conversation.

**In your inquiry, you expressed concerns about:**

- Was my account impacted by the automated calculation issue?
- Who purchased the property at foreclosure?

We've carefully researched these matters and are providing our response below.

**Was my account impacted by the automated calculation issue?**

Upon completing our review, this account was not impacted by the automated calculation issue recently disclosed; however, we would like to provide you with more information about our resolution.

Possible payment assistance options are based on a review of our customer's financial information and the guidelines of the investor of the loan.  To review customers for possible payment assistance options such as a repayment plan, modification, short sale, or a deed in lieu of foreclosure (sometimes referred to as a mortgage release), we need to determine the ability to repay the account. To determine the customer(s) ability to repay, we need the current financial information.

The account was activated into a review for payment assistance in January 2010. A letter was sent on January 20, 2010, advising we were unable to approve the account for payment assistance because the investor, who ultimately owns the loan, denied the request.

A new review was initiated. A letter was sent on March 10, 2010, advising again we were unable to approve the account for payment assistance because the investor, who ultimately owns the loan, denied the request.

The account was next activated into a review for payment assistance later in March 2010. A letter was sent on April 12, 2010, advising we were unable to approve the account for payment assistance because after initially asking for assistance, you withdrew your request.

# EXHIBIT A

Marshall
January 29, 2019
Page 2

Additional reviews were initiated in July 2011, July 2015, September 2015 and January 2017. Each review was removed because we did not receive the requested documents in the required timeframe.

The account was next activated into a review for payment assistance in March 2017. A letter was sent on March 27, 2017, advising you were approved for a trial period plan. The terms of the plan were as follows:

| Payment | Payment due date | Payment amount |
| --- | --- | --- |
| 1st | May 01, 2017 | $342.39 |
| 2nd | June 01, 2017 | $342.39 |
| 3rd | July 01, 2017 | $342.39 |

A letter was sent on June 15, 2017, advising we were unable to approve the account for payment assistance because you did not accept the offer for assistance.

The account was next activated into a review for payment assistance later in June 2017. A letter was sent on August 22, 2017, confirming the account was approved for a modification. The terms of the modification were as follows:

- First payment due:                                    October 01, 2017
- New total monthly payment:                   $342.46
- New interest rate:                                       3.875%
- Modified new unpaid principal balance:   $63,859.80
- New maturity date:                                    August 01, 2031

On October 05, 2017, a letter was sent advising that we were unable to complete the approved modification and modify the loan because you did not return the signed final modification documents.

The account was next activated into a review for payment assistance in May 2018. A letter was sent on July 18, 2018, advising we were unable to approve the account for payment assistance because we were unable to get in touch with you to discuss your situation and without input from you we are unable to complete a review.

**Foreclosure results**

We initiated foreclosure as allowed by the terms of your mortgage documents and applicable laws.  Due to the continued default status, the foreclosure sale was completed on September 6, 2018.  At that time, the property reverted to Wells Fargo.

Marshall
January 29, 2019
Page 3

**Going forward**

Thank you for your patience while we researched these matters. If you have any questions, I'm here to help. You may reach me at 1-800-853-8516, extension 1335621805. I am available to assist you Monday through Friday, 7:30 a.m. to 4:00 p.m. Central Time. If you require immediate assistance and I am unavailable, other representatives are available to assist you at 1-800-853-8516, Monday through Friday, 7:00 a.m. to 7:00 p.m. Central Time.

Sincerely,

Hannah Clarkson
Executive Resolution Specialist
Customer Care and Recovery Group

Where appropriate Wells Fargo Home Mortgage is required to inform you that, as your account servicer, we are attempting to collect a debt and any information obtained will be used for that purpose. However, if you are a customer involved in an active bankruptcy case or you received a discharge in a bankruptcy case where the account was not otherwise reaffirmed or excepted from discharge, then this notice is being provided to you for informational purposes only, and this is not a bill or a request for payment as to any such customer(s).

With respect to those accounts secured by property located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

04B/co8151810/cl708

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## FOR THE EIGHTH CIRCUIT

---

No: 18-6025

---

In re: Theresa Marshall

Debtor

------------------------------

Theresa Marshall

Debtor - Appellant

v.

Wells Fargo Bank N.A.; Deutsche Bank National Trust Company; Educational Credit
Management Corporation

Creditors - Appellees

Mark T. McCarty

Trustee - Appellee

---

Appeal from U.S. Bankruptcy Court for the Eastern District of Arkansas - Little Rock
(4:18-bk-12478)

---

### JUDGMENT

Appellant Theresa Marshall appeals the September 6, 2018 order of the bankruptcy court[1]

denying the relief requested in the following pleadings:   Emergency Motion for Recusal and the

Emergency Addendum to Motion for Recusal; Emergency Objection to Hearings Set For August

30, 2018; Emergency Objections to Notice of Appearance and Request for Notice (docket nos. 96

and 97); Motion to Dismiss for Fraud on the Court; and Emergency Motion to Strike Order of July

16, 2018.   For the reasons that follow, we dismiss the appeal.

---

[1] The Honorable Richard D. Taylor, United States Bankruptcy Judge for the Eastern District of Arkansas, Little
Rock Division.

Exhibit A1

This Panel has jurisdiction to hear appeals "from final judgments, orders, and decrees." 28 U.S.C. §158(a)(1) and (b)(1). An order is considered final if "(1) [it] leaves the bankruptcy court nothing to do but execute the order, (2) delay in obtaining review would prevent the aggrieved party from obtaining effective relief, and (3) a later reversal on that issue would require recommencement of the entire proceeding." *Nebraska v. Strong*, 293 B.R. 764, 767 (B.A.P. 8th Cir. 2003)(citing *First Nat'l Bank v. Allen*, 118 F.3d 1289, 1293 (8th Cir. 1997)).

The orders on which Appellant's appeal is based are not final on the specific grounds set forth below. In general terms, none of the orders disposed of a concrete dispute or conclusively determined a material issue in the bankruptcy case.

1. Order denying Emergency Motion for Recusal (and its Addendum) – An order denying a motion to recuse is not final. *Moix-McNutt v. Coop (In re Moix-McNutt)*, 215 B.R. 405, 407-08 (B.A.P. 8th Cir. 1997).

2. Order overruling Emergency Objection to Hearings Set for August 30, 2018 – In her Objection, Appellant requested that the hearing set for certain motions be rescheduled. This is analogous to a motion for continuance. "Typically, a bankruptcy court order on a motion for continuance or a request for discovery is regarded as an interlocutory order that can be merged with the final order for appeal purposes." *In re Miles*, 2005 WL 1981040, at *4 (N.D. Tex. Aug. 17, 2005).

3. Orders overruling Objections to Notice of Appearance – Appellant asserted that neither Wells Fargo Bank nor Deutsche Bank authorized two attorneys from the law firm of Wilson & Associates to represent their interests in the bankruptcy case, and requested an order denying those attorneys permission to act on the banks' behalf. An order entered in the midst of an ongoing bankruptcy proceeding is not appealable unless it finally resolves a discrete segment of the proceeding. *In re Kasden*, 141 F.3d 1288, 1290 (8th Cir. 1998). Here, the orders overruling Appellant's objection did not conclusively determine the banks' claims in the bankruptcy case did not finally resolve

the merits of the controversy between the banks and the Appellant and therefore, are not final orders.

4. Order denying Motion to Dismiss for Fraud on the Court – Denial of a motion to dismiss, ordinarily, is the "antithesis" of a final order because, instead of terminating the case or any aspect of it, it allows the matter to proceed. *First Sec. Bank & Tr. Co. v. Vegt*, 511 B.R. 567, 576 (D.N.D. Iowa 2014).

5. Order denying Emergency Motion to Strike Order of July 16, 2018 – Appellant complained in this Emergency Motion that the attorney who prepared the July 16th order and a proof of claim filed a Notice of Appearance in the name of Wells Fargo Bank but was not authorized by the Bank to represent its interests. Appellant requested that both documents be stricken from the record. This is essentially the same relief requested in the Emergency Objection to Notice of Appearance and is denied on the same grounds (*i.e.*, that the order denying the relief did not conclusively determine a separable issue in the bankruptcy case).

Consequently, Appellant's Notice of Appeal is dismissed.                 .

September 27, 2018

Order Entered at the Direction of the Court:
Clerk, U.S. Bankruptcy Appellate Panel, Eighth Circuit.

_____
        /s/ Michael E. Gans

Apr 26 10 09:46p   Theresa Marshall         501-666-3923        p.12
06/10.2008  16:31   5016828118         ARATTYGENPUBPROTECT        PAGE  01/02



### THE ATTORNEY GENERAL
### STATE OF ARKANSAS
### DUSTIN McDANIEL

James DePriest
Deputy Attorney General
Direct dial: (501) 682-5028
E-mail: jim.depriest@arkansasag.gov

Kristi Blue
Executive Specialist
Wells Fargo Home Mortgage
One Home Campus
Des Moines, IA  50328-0001

Fax No.: (515) 324-2418

Re:   Arkansas consumer Theresa Marshall
      Loan No.: 2140088960

Dear Ms. Blue:

This will acknowledge your recent letter asking for an extension until June 11, 2008, to provide the documents which our office has requested regarding the consumer and loan identified above.  We look forward to receiving the documents on that date.

In the meantime, the consumer in question, Ms. Marshall, has provided us with additional documents related to her mortgage.  You will find copies of those documents enclosed.  These purport to be some sort of reconciliation of charges imposed from 2001 through early 2008.  It appears that there have been literally scores of inspections completed with respect to this residence.  First, although we are aware that the mortgage servicer may from time to time find it necessary to complete an inspection of the premises, these numbers seem inordinate to us.  Also, if the records are accurate, Ms. Marshall was charged with approximately thirty inspections on June 30, 2001.  How is this possible?

Thank you for your time and consideration in this matter.

Sincerely,

James B. DePriest
Deputy Attorney General
Consumer Protection Division

323 Center Street, Suite 1100 • Little Rock, Arkansas  72201
Telephone (501) 682-2007 • Fax (501) 682-8118
INTERNET WEBSITE • http://www.arkansasag.gov

# EXHIBIT F

Kristi Blue
Executive Specialist
Wells Fargo Home Mortgage
June 10, 2008
Page Two


p.s.:  After this letter was drafted, but before it was sent, I received another fax from you
requesting an additional extension until June 25, 2008.  While the request for extension is
acceptable to our office, we respectfully request that any and all proceedings and actions which
may be pending with respect to this loan be suspended until after Wells Fargo has complied with
our document request, and after we have had an opportunity to review those documents.


JBD/ek

Enclosure


Theresa Marshall
1408 Hendrix
Little Rock, AR  72204

Fax: 666-3923

2011   Payments



| | TCHK | 14-FEB-2011 | -325.91 | -325.91 | 60CI35094 |
| | TCHK | 14-FEB-2011 | -325.91 | -325.91 | 60CI35095 |
| | TCHK | 14-FEB-2011 | -325.91 | -325.91 | 60CI35096 |
| | TCHK | 17-MAR-2011 | -325.91 | -325.91 | 60CI38782 |
| | TCHK | 01-APR-2011 | -325.91 | -325.91 | 60CI43951 |
| | TCHK | 19-APR-2011 | -325.91 | -325.91 | 60CI47732 |
| | TCHK | 16-MAY-2011 | -325.91 | -325.91 | 60CI53254 |
| | TCHK | 16-JUN-2011 | -325.91 | -325.91 | 60CI56557 |
| | TCHK | 18-JUL-2011 | -325.91 | -325.91 | 60CI59626 |
| | TCHK | 17-AUG-2011 | -325.91 | -325.91 | 60CI62483 |

-4,888.65

2011 Total = 3,259.10

2010 Total = 1,629.55

Grand Total = 4888.65

Exhibit L



Wells Fargo
PO Box 10335
Des Moines, IA 50306-0335

May 01, 2017

Theresa Marshall
1408 Hendrix
Little Rock, AR 72204

Subject: Resolution to the inquiry about account number 2140088960

Dear Ms. Theresa Marshall:

Addressing your concerns is important to us and I thank you for the opportunity to assist you.
I'm responding on behalf of Wells Fargo Home Mortgage to the request received in our office on
April 05, 2017.

Thank you for the opportunity to address your concerns. We've carefully researched this matter
and are providing you with an update on our research.

We've determined some of your concerns were previously addressed by us, and we didn't find
you had enclosed any new information or significantly different details which would change our
response. Without any new or different information, the guidelines established by the Consumer
Financial Protection Bureau (CFPB) do not require us to perform further research. We're
enclosing our previous response to you, originally sent on July 24, 2015, and May 26, 2016.

We will be addressing the new items listed below:

- Extension
- Bankruptcy balance
- Inspections
- Corporate advances
- Current investor

Please find our responses below.

**Extension**

During our phone conversation, you requested an extension in order to give you more time to
decide if you wanted to take the modification. After further research, you do have until
May 01, 2017, to decide if you would like to proceed with the modification. Please be advised,
should you decide you do not want to take the modification, there is no guarantee that you will
be approved for another modification in the future.

**Bankruptcy balance**

You wanted to know what bankruptcy balance to give at your hearing. Please note that we are
unable to provide you any advice on what you should be telling the court. Any fees assessed on

EX003/LL7/cc2091425/ge6841820/cl708

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801

Exhibit S

Marshall
May 01, 2017
Page 2

to the Bankruptcy filing date is indicated on the Proof of Claim which I have enclosed. If you need any information about the case or the hearing, you do need to reach out to our attorney, Wilson and Associates.

**Inspections**

During our phone conversation on April 14, 2017, you expressed concern about the multiple inspections we did on one day on June 30, 2001. After further research, Wells Fargo was subservicing this account on behalf of GE Mortgage. These records were merged in a different processing system therefore all transactions reflected this date as opposed to the dates they were truly incurred on this account. We do apologize for any confusion this has caused.

**Corporate advances**

You requested a breakdown of corporate advances in the time period between April 16, 2015, and April 12, 2017. I have attached a copy of your Proof of Claim that shows a breakdown of all corporate advances you have incurred. You have not incurred any other recoverable fees since the printout of the Proof of Claim.

**Current investor**

During our phone conversations, you requested to know who the investor currently is. I can confirm the investor is VENDEE 1993-1.

**Going forward**

We value our customers, and it's been my goal to fully address the requests. If you have any questions, I'm here to help. You may reach me at 1-800-853-8516, extension 1335621028. I am available to assist you Monday through Friday, 8:00 a.m. to 5:00 p.m. Central Time. If you require immediate assistance and I am unavailable, other representatives are available to assist you at 1-800-853-8516, Monday through Friday, 7:00 a.m. to 7:00 p.m. Central Time.

Sincerely,

Tonja O'Donnell

Tonja O'Donnell
Executive Resolution Specialist
Customer Care and Recovery Group

Enclosure(s)

PLEASE NOTE: This notice is being provided for informational purposes only. As a result of at least one bankruptcy case filing that included the above referenced account, Wells Fargo Home Mortgage is NOT attempting in any way to violate any provision of the United States Bankruptcy Code or to collect a debt (deficiency or otherwise) from any customer(s) who is impacted by an active bankruptcy case or has received a discharge, where the account was not otherwise reaffirmed or excepted from discharge. THIS IS NOT A BILL OR A REQUEST FOR PAYMENT AS TO THESE CUSTOMER(S).

EX003/LL7/co2091425/ge6841820/cl708

/17 20:13:40   Page 1 of 10

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Theresa Marshall |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: Eastern District of Arkansas (Little Rock) | |
| Case number | 16-15651 |

**Official Form 410S1**

# Notice of Mortgage Payment Change

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

| Name of Creditor: | Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1, United States Department of Veterans Affairs, Guaranteed REMIC Pass-Through Certificates | Court claim no. (if known): | 4 |
|---|---|---|---|
| | | Date of payment change: Must be at least 21 days after date of this notice | 05/01/2017 |
| Last 4 digits of any number you use to identify the debtor's account: | 8960 | New total payment: Principal, interest, and escrow, if any | $342.39 |

Uniform Claim Identifier:  WFCMGE1615651ARE18128960

---

| Part 1: | Escrow Account Payment Adjustment |
|---|---|

**1. Will there be a change in the debtor's escrow account payment?**

☑ No

❏ Yes   Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law.
Describe the basis for the change. If a statement is not attached, explain why:

_____

| Current escrow payment: _____ | New escrow payment: _____ |

| Part 2: | Mortgage Payment Adjustment |
|---|---|

**2. Will the debtor's principal and interest payment change based on an adjustment to the interest rate in the debtor's variable-rate note?**

☑ No

❏ Yes   Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law.
If a notice is not attached, explain why:

_____

| Current interest rate: _____ | New interest rate: _____ |
| Current principal and interest payment: _____ | New principal and interest payment: _____ |

Exhibit T

6126-5f8f8472-7665-44fe-959d-454e6b26bb4e-

**Part 3:** **Other Payment Change**

**3. Will there be a change in the debtor's mortgage payment for a reason not listed above?**

☐  No

☑  Yes   Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan
modification agreement. (Court approval may be required before the payment change can take effect.)

Reason for change:   Proposed modification agreement - trial payments

Current mortgage payment:   $385.47          New mortgage payment:   $342.39

The CM/ECF system imposes certain constraints, including limits on the number of characters that may be entered into certain fields, when filing a proof of claim. As a result of these constraints and limitations, the creditor name that appears on the bankruptcy court's claims register (and any supplemental proof of claim) may differ from the creditor name that appears on the actual proof of claim form.

**Part 4:** **Sign Here**

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

Check the appropriate box:

☐  I am the creditor.

☑  I am the creditor's authorized agent. Attach a copy of power of attorney, if any.

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

✗  /s/ Solomon Njiraini                          Date  04/05/2017
   VP Loan Documentation

Print: Solomon Njiraini                          Title  VP Loan Documentation

Company   Wells Fargo Bank, N.A.                 Specific Contact Information:
Address   MAC N9286-01Y                          P: 800-274-7025
          1000 Blue Gentian Road                 E: NoticeOfPaymentChangeInquiries@wellsfargo.com
          Eagan, MN 55121-7700

1076126-5f8f8472-7665-44fe-959d-454e6b26bb4e-

# UNITED STATES BANKRUPTCY COURT

Eastern District of Arkansas (Little Rock)

Chapter 13 No. 16-15651

In re:

Judge: Judge Richard D. Taylor

Theresa Marshall

Debtor(s).

## CERTIFICATE OF SERVICE

I hereby certify that on or before April 06, 2017, I served a copy of this Notice and all attachments upon each of the entities named below by the court's notice of electronic filing or by placing a copy thereof in an envelope, in the United States Mail with first class mail postage prepaid, addressed to each of them as follows:

Debtor:                    By U.S. Postal Service First Class Mail Postage Prepaid:

Theresa Marshall
1408 Hendrix
Little Rock, AR 72204

Trustee:                   By U.S. Postal Service First Class Mail Postage Prepaid:

Mark T. McCarty
Chapter 13 Standing Trustee
P.O. Box 5006
N. Little Rock, AR 72119-5006

/s/ Alicia Fisher
_____

4 S Technologies, LLC
(as authorized agent for Wells Fargo Bank, N.A.)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Arkansas (Little Rock)

Chapter 13 No. 16-15651
Judge: Judge Richard D. Taylor

In re

Theresa Marshall

Debtor(s).

## CERTIFICATE OF SERVICE

I hereby certify that on or before April 06, 2017, I served a copy of this Notice and all attachments upon each of the entities named below by the court's notice of electronic filing or by placing a copy thereof in an envelope, in the United States Mail with first class mail postage prepaid, addressed to each of them as follows:

Debtor:           By U.S. Postal Service First Class Mail Postage Prepaid:

                  Theresa Marshall
                  1408 Hendrix
                  Little Rock, AR 72204

Trustee           By U.S. Postal Service First Class Mail Postage Prepaid:

                  Mark T. McCarty
                  Chapter 13 Standing Trustee
                  P.O. Box 5006
                  N. Little Rock, AR 72119-5006

                                          /s/ Alicia Fisher
                                          4 S Technologies, LLC
                                          (as authorized agent for Wells Fargo Bank, N.A.)

705C-426d-b5b5-66388bdc4b0a-

**EXHIBIT U**

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Theresa Marshall |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: Eastern District of Arkansas (Little Rock) | |
| Case number | 16-15651 |

**Official Form 410S1**

# Notice of Mortgage Payment Change

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

| | | | |
|---|---|---|---|
| **Name of Creditor:** | Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1, United States Department of Veterans Affairs, Guaranteed REMIC Pass-Through Certificates | **Court claim no. (if known):** | 4 |
| | | **Date of payment change:** Must be at least 21 days after date of this notice | 05/01/2017 |
| **Last 4 digits of any number you use to identify the debtor's account:** | 8960 | **New total payment:** Principal, interest, and escrow, if any | $342.39 |

**Uniform Claim Identifier:** WFCMGE1615651ARE18128960

## Part 1: Escrow Account Payment Adjustment

1. Will there be a change in the debtor's escrow account payment?

☐ No

☐ Yes   Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why.

Current escrow payment: _____       New escrow payment: _____

... will the debtor's principal and interest payment change based on an adjustment to the interest rate in the debtor's variable...

☐ Yes   Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why.

Current interest rate: _____       New interest rate: _____



1076126-5f8f8472-7665-44fe-959d-454e6b26bb4e-

| Debtor 1 | Theresa Marshall | Case number (if known) | 16-15651 |
|---|---|---|---|

## Part 3:   Other Payment Change

**3. Will there be a change in the debtor's mortgage payment for a reason not listed above?**

☐ No

☑ Yes   Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. (Court approval may be required before the payment change can take effect.)

Reason for change:   Proposed modification agreement - trial payments

| Current mortgage payment: | $385.47 | New mortgage payment: | $342.39 |
|---|---|---|---|

The CM/ECF system imposes certain constraints, including limits on the number of characters that may be entered into certain fields, when fi a proof of claim. As a result of these constraints and limitations, the creditor name that appears on the bankruptcy court's claims register (an any supplemental proof of claim) may differ from the creditor name that appears on the actual proof of claim form.

## Part 4:   Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone numbe

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

✗ /s/ Solomon Njiraini                              Date  04/05/2017
    VP Loan Documentation

Print: Solomon Njiraini                             Title  VP Loan Documentation

| Company Address | Wells Fargo Bank, N.A. MAC N9286-01Y 1000 Blue Gentian Road Eagan, MN 55121-7700 | Specific Contact Information: P: 800-274-7025 E: NoticeOfPaymentChangeInquiries@wellsfargo.com |
|---|---|---|



Wells Fargo Home Mortgage
PO Box 10335
Des Moines, IA 50306

March 27, 2017

| | |
|---|---|
| THERESA MARSHALL | Loan No.: ▮▮▮▮ |
| 1408 HENDRIX | 1408 HENDRIX |
| LITTLE ROCK, AR 72204 | LITTLE ROCK, AR 72204 |

PLEASE NOTE: This notice is being provided for informational purposes only. As a result of at least one bankruptcy case filing that included the above referenced account, Wells Fargo Home Mortgage is NOT attempting in any way to violate any provision of the United States Bankruptcy Code or to collect a debt (deficiency or otherwise) from any customer(s) who is impacted by an active bankruptcy case or has received a discharge, where the account was not otherwise reaffirmed or excepted from discharge. THIS IS NOT A BILL OR A REQUEST FOR PAYMENT AS TO THESE CUSTOMER(S). Your decision to discuss workout options with Wells Fargo Home Mortgage is strictly voluntary. You are not obligated to pursue any workout options discussed with us. At your request, we will immediately terminate any such discussions should you no longer wish to pursue these options.

Dear THERESA MARSHALL,

Thank you for completing your mortgage assistance application.

**I'm pleased to share that you are approved for long-term mortgage assistance.**
This is a big step toward keeping your home — entering the trial period gives you the opportunity to become current with your payments without further late fees.

**Overview of your loan modification offer:**
*Trial period monthly mortgage payment:* $342.39

To accept this offer, please give me a call within 15 days from the date at the top of this letter at 1-855-844-4527 Ext. 1335520292.

Once you've accepted the offer, please send us your trial payments by the dates indicated below:

| Trial Period Plan | Amount | Due by |
|---|---|---|
| 1 | $342.39 | May 1, 2017 |
| 2 | $342.39 | June 1, 2017 |
| 3 | $342.39 | July 1, 2017 |

Sometimes trial periods extend beyond the dates stated, so please continue to make your trial payments in the same amount by the same day of each month. You will also find more details about this in Section D: Other helpful information. I will reach out if there are further updates, and please don't hesitate to give me a call if you have questions.

---

Trial Period Plan Notice

Page 1 of 6                    14303MU 11/13 Rev. 1/17

**What should you know before accepting this offer?**
- If you are in active bankruptcy, the bankruptcy court's approval to modify your mortgage or release your mortgage from inclusion in the bankruptcy may still be required, even if your trial payment plan is complete. You can contact us for additional details.
- If you accept this offer, you will forego incentives from previous loan modification programs (see section B).
- If you do not complete the trial period after accepting the offer, your mortgage will reflect the existing terms and provisions.

**What should you do after accepting this offer?**
Once you've accepted the offer, you can send your trial payments to the following address. Please remember to include your loan number with your payments.

Wells Fargo Home Mortgage
Box 51120
3440 Flair Drive
El Monte, CA 91731

You can also learn about other ways to pay and additional information at wellsfargo.com/homeassist.

If you believe our decision on your eligibility for assistance is incorrect, you can appeal within 20 calendar days from the date of this letter. You can follow the instructions outlined in the enclosed Appeal Request Form.

Please continue to count on me to work with you, and feel free to contact me if you have any questions.

Sincerely,

*Vanessa Juarez*

Home Preservation Specialist
Wells Fargo Home Mortgage
1-855-844-4527 Ext. 1335520292

**Contact us**
If you'd like to request information, notify us of an error, or share any concerns you may have about the servicing of your loan, please contact us at P.O. Box 10335, Des Moines, IA 50306.
Please include your account number with all correspondence.

Get free counseling to help manage expenses and avoid foreclosure. Reach out to a local HUD-approved, non-profit housing counseling agency if you're struggling to keep up with monthly expenses, or want help to avoid foreclosure. At no cost, a counselor will work closely with you, providing the information and assistance you need. To find an agency near you, go to www.hud.gov/offices/hsg/sfh/hcc/fc. or call 1-800-569-4287 (TDD 1-800-877-8339). You can also call HOPE Hotline at 1-888-995-HOPE (4673).

Be sure you avoid anyone who asks for a fee for counseling or a loan modification, or asks you to sign over the deed to your home, or to make your mortgage payments to anyone other than Wells Fargo Home Mortgage.

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is Bureau of Consumer Financial Protection, 1700 G Street NW., Washington, DC 20006.



**Additional details**
You will find details of the offer, your rights, free assistance and other helpful information on the
following pages.
A.      Your loan modification offer details
B.      Important information you should know
C.      Additional help that is available to you
D.      Other helpful information

**A.  Your loan modification offer details**
You are approved for long-term mortgage assistance. This assistance modifies the existing terms of your
loan to create more affordable payments.

Here's a breakdown of your loan modification trial period offer:

| | |
|---|---|
| Principal and interest | $226.47 |
| Escrowed property insurance | $78.47 |
| Escrowed property taxes | $37.45 |
| Total | $342.39 |

**Your trial monthly payment is an estimate and may change in the final modification.**
At this time, we are not able to calculate precisely the past due arrearage amount or the amount of the
modified loan payment that will be due after successful completion of the trial period. As we near the end
of the trial period, we will calculate any past due amount to determine your monthly payment and other
modified loan terms.

Total income used to make this decision: $1,107.00
Property value used to make this decision: $58,000.00

**B.  Important information you should know**
**If you are currently in HAMP, which is in good standing (which means you have not missed
the equivalent of three full monthly payments as of the last day of any month), we want to
make you aware of some important information regarding your current HAMP terms.**
If you accept a new offer, you will waive any HAMP pay-for-performance incentives that have yet to be
funded. If you decide not to accept the new offer you will not lose the pay-for-performance incentives on
your HAMP. It's important that you understand this change before making a decision. Please call us at
the number provided if you do not wish to accept the new offer or have any questions.

**If you accept a trial plan, we will establish an escrow account for you.**
Upon acceptance of the offer, you are required to establish an escrow account for property taxes and
homeowners insurance and mortgage insurance premiums including flood insurance.

The trial payment amounts include escrow amounts. If you do not have an escrow account for both your
real estate taxes and insurance premiums, Wells Fargo Home Mortgage will establish one on your behalf.
When you make your mortgage payment, we deposit a portion of it into your escrow account to cover the
costs of your taxes and insurance premiums. Then, when your taxes and insurance premiums are due, we
withdraw funds to pay those bills in full and on time for you. That way, you don't have to worry about
budgeting or making those payments separately.

Please note: If this assistance is concerning your second lien mortgage, an escrow is not required. Please
continue to pay your real estate taxes and property insurance premiums. There may also be other unique
circumstances where an escrow may not be required. If you have questions whether this applies to you,
please contact us.

Trial Period Plan Notice                       Page 3 of 6                    14305MU 01/13 Rev. 1/17

**If a loan modification doesn't meet your needs, one of the following options may be right for you depending on the value of your home and the amount you owe on your mortgage.**
Traditional sale
If you have enough equity (ownership) in your home, you may be able to sell the house and use the proceeds to pay off the amount owed on your mortgage.

Short sale
If the amount you owe on your mortgage is higher than what you think you can sell your house for, this option allows you to list your home for sale for an amount less than what you owe.

Deed in lieu of foreclosure (also known as a mortgage release)
If you are unable to sell your home or believe a short sale is not the right alternative for you, this option involves transferring ownership of your property to your mortgage investor or Wells Fargo.

Speak with us and a real estate agent to determine if these options are right for you. You can also visit wellsfargo.com/homeassist for more information.

**C. Additional help that is available to you**
There is free help available to you if you are struggling with expenses and trying to avoid foreclosure. Contact a counselor or financial specialist to help you manage expenses and avoid foreclosure. These financial coaching and counseling services are available to you at no cost.
- Beware of any person or organization that asks you to pay a fee in exchange for housing counseling services or modification of a delinquent loan.
- Beware of anyone who says they can "save" your home if you sign or transfer over the deed to your house. Do not sign over the deed to your property to any organization or individual unless you are working directly with your mortgage company to forgive your debt.
- Never make your mortgage payments to anyone other than your mortgage company without their approval.

To find an agency near you visit: www.hud.gov/offices/hsg/sfh/hcc/fc Or call toll-free number: 1-800-569-4287 (TDD 1-800-877-8339)

Free help is available to you from the Homeownership Preservation Foundation (HPF), a national non-profit agency specializing in consumer finance and education.

Call: 1-855-306-1536, Monday – Friday, 7:00 a.m. – 8:00 p.m. Eastern Time

**D. Other helpful information**
**There are no fees.**
Be sure you avoid anyone who asks for a fee for credit counseling or a loan modification, or asks you to sign over the deed to your home, or to make your mortgage payments to anyone other than Wells Fargo Home Mortgage.

**Your trial period may take longer than shown in this offer.**
Please note that your trial period may extend beyond the dates provided. For that reason, continue making your trial period payments in the same amount by the same day of each month you currently make your trial period payments until your home preservation specialist advises that you may move forward with a final modification or that you are no longer eligible for a modification.

Some reasons for the extension could be tied to other liens you have on your property that may be required to be cleared prior to final approval of your modification. For example, we may need to receive a subordination agreement from the other lenders so that we can maintain our lien position; or if you have a judgment placed on your property you may be required to pay off the lien. If you do not provide a subordination agreement from another lender or do not pay off a judgment lien as required, your modification may not be approved if you pay the trial period payments. Also, if you do not make all trial period payments as outlined above, including if your trial period payments were extended will result in your Trial Period Plan may not be approved.

Please contact your Home Preservation Specialist if you have any questions.

**If you currently have automated payments set up to make your regular mortgage payment, you will need to take action to stop those payments.**
If your payments are being electronically withdrawn, whether by us or any other provider, it is your responsibility to have withdrawals stopped if and when it is appropriate, but this would most likely be when you move from your current payment to a trial period payment. If you need Wells Fargo Home Mortgage to cancel your withdrawals, please call us at 866-386-8519 (Monday-Friday 6:00 a.m. to 10:00 p.m. Central Time and Saturday 8:00 a.m. to 2:00 p.m.) at least 5 business days prior to the date you wish to have the withdrawals stopped. If you would like to use our one-time payment service process to make your trial period payments by phone, please contact us at 866-412-6942.

**Modification process**

We can finalize your modified loan terms after you successfully complete your trial plan. At that time we will send you a loan modification agreement ("Modification Agreement"), which will reflect the terms of your modified loan. You will need to sign and promptly return to us both copies of the Modification Agreement or your loan cannot be modified.

**If this assistance concerns a second lien mortgage that is being reviewed and approved concurrently with another Wells Fargo Home Mortgage or any other Wells Fargo business line loan (first lien).**
This agreement is conditional and based upon the successful modification of the other Wells Fargo Home Mortgage or any other Wells Fargo business line loan (first lien). If the first lien mortgage is not modified under the existing, separately proposed modification terms, then this agreement will become void and the second lien mortgage will not be modified. You are then responsible for the full amount owed and any past due amounts according to the contractual terms of the second lien mortgage.

**Legal notices**
The lender is under no obligation to enter into any further agreement, and this trial period shall not constitute a waiver of the lender's right to insist strict performance in the future.

All of the provisions of the note and security instrument, except as herein provided, shall remain in full force and effect. Any breach of any provision of this agreement or non-compliance with this Trial Payment Period, may render the Trial Payment Period null and void, and at the option of the lender without further notice to you may terminate this Trial Payment Period. Also, in the event of any breach of this Trial Payment Period, the lender, at its option, may institute foreclosure proceedings according to the terms of the note and security instrument without regard to this Trial Payment Period. In the event of foreclosure, you may incur additional expenses of attorney's fees and foreclosure costs.

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. ©2016 Wells Fargo Bank, N. A. All rights reserved. NMLSR ID 399801



| Fill in this information to identify the case: | Read the instructions before filling out this form. Use this form to make a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503. |
|---|---|
| **Debtor 1** THERESA MARSHALL | |
| **Debtor 2** (Spouse, if filing) | Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received. |
| United States Bankruptcy Court for the: Eastern District of Arkansas | |
| Case number 4-16-bk-15651 | |

## Official Form 410
# Proof of Claim
04/16

| **Part 1:** | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1, United States Department of Veterans Affairs, Guaranteed REMIC Pass-Through Certificates

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Wells Fargo Bank, N.A.
Default Document Processing
MAC# N9286-01Y

Name
1000 Blue Gentian Road

Number     Street
Eagan MN 55121-7700

City     State     ZIP Code

Contact phone  800-274-7025

Contact email  POCNOTIFICATIONS@WELLSFARGO.COM

**Where should payments to the creditor be sent? (If different)**

Wells Fargo Bank, N.A.
Attention: Payment Processing
MAC# X2302-04C

Name
1 Home Campus

Number     Street
Des Moines IA 50328

City     State     ZIP Code

Contact phone  800-274-7025

Contact email  POCNOTIFICATIONS@WELLSFARGO.COM

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

W F C M G E 1 0 1 5 6 5 1 A R E 1 0 1 2 8 9 6 0

Official Form 410

**Proof of Claim**

page 1

Exhibit V

9/10/2020                                    MagicMail WebMail Interface

Subject: RE: FW: 4:18-bk-12478 - Marshall
From:    "Kate Lachowsky" <klachowsky@TheWilsonLawFirm.com>
Date:    Mon, July 16, 2018 3:06 pm
To:      "Allison_Albritton@areb.uscourts.gov" <Allison_Albritton@areb.uscourts.gov> (more)

Cc:      "mstee@aristotle.net" <mstee@aristotle.net> (more)

Priority: Normal

Options: | View Full Header | View Printable Version | Download this as a file | Add to Addressbook | View Message details | View as HTML | Block Sender |

Hi Allison,

I'm so sorry for the delay in our response.  Sammy is home sick and I was hoping to
visit with him.  We do not have any objections to the continuance.

Thank you,

Kate Lachowsky-Khan
Senior Associate – Bankruptcy Department
[cid:image001.png@01D2CD92.AAC0B140]

400 W. Capitol Avenue, Suite 1400
Little Rock, AR 72201
Main: 501-219-9388 Direct: 501-734-4195
Email: klachowsky@TheWilsonLawFirm.com<mailto:klachowsky@TheWilsonLawFirm.com>
www.TheWilsonLawFirm.com<http://www.TheWilsonLawFirm.com>

This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an
attorney work product, or (3) strictly confidential. If you are not the intended
recipient of this message, you may not disclose, print, copy or disseminate this
information. If you have received this in error, please reply and notify the sender
(only) and delete the message. Unauthorized interception of this e-mail is a
violation of federal criminal law.  This firm practices in multiple states and may
be considered to be a debt collector in some jurisdictions.   To the extent it is
applicable, the following notice is provided:  This law firm is a debt collector
attempting to collect a debt.   Any information obtained can be used for the purpose
of collecting the debt.

From: Allison_Albritton@areb.uscourts.gov <Allison_Albritton@areb.uscourts.gov>
Sent: Monday, July 16, 2018 2:09 PM
To: Ainsley Skokos <askokos@ch13ark.com>
Cc: Kate Lachowsky <klachowsky@TheWilsonLawFirm.com>; mstee@aristotle.net; Sammy
High <shigh@TheWilsonLawFirm.com>
Subject: Re: FW: 4:18-bk-12478 - Marshall

All,

Although the court has not heard from a representative with Wilson & Associates,
Judge Taylor will continue all matters presently set for tomorrow, July 17, 2018.

Regards,
Allison

Allison C. Albritton
Staff Attorney for the
Honorable Richard D. Taylor
United States Bankruptcy Judge for the
Eastern and Western Districts of Arkansas
300 West 2nd Street
Little Rock, Arkansas 72201
allison_albritton@areb.uscourts.gov<mailto:allison_albritton@areb.uscourts.gov>
(501) 918-5623

From:    Ainsley Skokos <askokos@ch13ark.com<mailto:askokos@ch13ark.com>>
To:      "mstee@aristotle.net<mailto:mstee@aristotle.net>"
<mstee@aristotle.net<mailto:mstee@aristotle.net>>, "Kate Lachowsky
(klachowsky@TheWilsonLawFirm.com<mailto:klachowsky@TheWilsonLawFirm.com>)"
<klachowsky@TheWilsonLawFirm.com<mailto:klachowsky@TheWilsonLawFirm.com>>
Cc:
"allison_albritton@areb.uscourts.gov<mailto:allison_albritton@areb.uscourts.gov>"
<allison_albritton@areb.uscourts.gov<mailto:allison_albritton@areb.uscourts.gov>>
Date:    07/16/2018 11:39 AM
Subject:    FW: 4:18-bk-12478 - Marshall

_____

                                                                Exhibit X2

9/10/2020                                              MagicMail WebMail Interface

Subject: RE: In Re Marshall: Case No. 4:18-BK-12478 / 3216
From:    "Kate Lachowsky" <klachowsky@TheWilsonLawFirm.com>
Date:    Tue, July 17, 2018 4:31 pm
         "mstee@aristotle.net" <mstee@aristotle.net> (less)
To:      "askokos@ch13ark.com" <askokos@ch13ark.com>
         "Sammy High" <shigh@TheWilsonLawFirm.com>
Priority: Normal

Options: | View Full Header | View Printable Version | Download this as a file | Add to Addressbook | View Message details | View as HTML | Block Sender |

Hi Ms. Marshall:

Mr. High and myself are both attorneys of record, but Mr. High is primarily handling
this matter.

Thanks,

Kate Lachowsky-Khan
Senior Associate – Bankruptcy Department
[cid:image001.png@01D2CD92.AAC0B140]

400 W. Capitol Avenue, Suite 1400
Little Rock, AR 72201
Main: 501-219-9388 Direct: 501-734-4195
Email: klachowsky@TheWilsonLawFirm.com<mailto:klachowsky@TheWilsonLawFirm.com>
www.TheWilsonLawFirm.com<http://www.TheWilsonLawFirm.com>

This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an
attorney work product, or (3) strictly confidential. If you are not the intended
recipient of this message, you may not disclose, print, copy or disseminate this
information. If you have received this in error, please reply and notify the sender
(only) and delete the message. Unauthorized interception of this e-mail is a
violation of federal criminal law.  This firm practices in multiple states and may
be considered to be a debt collector in some jurisdictions.   To the extent it is
applicable, the following notice is provided:  This law firm is a debt collector
attempting to collect a debt.   Any information obtained can be used for the purpose
of collecting the debt.


From: mstee@aristotle.net <mstee@aristotle.net>
Sent: Tuesday, July 17, 2018 4:14 PM
To: Kate Lachowsky <klachowsky@TheWilsonLawFirm.com>; askokos@ch13ark.com
Subject: RE: In Re Marshall: Case No. 4:18-BK-12478 / 3216


Attorney Lachowsky:

Are you attorney of record for Wells Fargo, Deutsche Bank or both?

Please send me a copy of Proof of Claim by mail.
Proof of claim is 65 pages & I should not have to burden the cost.

Please respond!!!!!!


On Tue, 17 Jul 2018 20:32:58 +0000, Kate Lachowsky

<klachowsky@TheWilsonLawFirm.com<mailto:klachowsky@TheWilsonLawFirm.com>> wrote:

> Good afternoon Ms. Marshall:

>

> For your convenience, please find attached a copy of the Proof of Claim

> filed in this matter by Deutsche Bank. It can also be found in the Claims

> Register.

>

> Thanks,

>

87

9/10/2020                                    MagicMail WebMail Interface

I had intended to send the below email indicating no objection to matters being
continued to all parties and accidentally just sent to Judge Taylor's office.  I
apologize.

Ainsley

From: Ainsley Skokos
Sent: Monday, July 16, 2018 9:37 AM
To: Allison_Albritton@areb.uscourts.gov<mailto:Allison_Albritton@areb.uscourts.gov>
Subject: Re: 4:18-bk-12478 - Marshall

Good morning.  The Trustee has no objection to any of the 7/17 matters being
continued.

Ainsley Skokos
Sent from my iPhone

On Jul 16, 2018, at 9:23 AM,
"Allison_Albritton@areb.uscourts.gov<mailto:Allison_Albritton@areb.uscourts.gov>"
<Allison_Albritton@areb.uscourts.gov<mailto:Allison_Albritton@areb.uscourts.gov>>
wrote:
Ms. Marshall,

Based upon the court's entry of the order granting the motion for relief from stay,
some matters on the court's docket for July 17, 2018, may be moot.  Thus, the court
would not be opposed to continuing the pending matters to the court's August 30th
Little Rock divisional day if the other parties do not object.

Regards,
Allison

Allison C. Albritton
Staff Attorney for the
Honorable Richard D. Taylor
United States Bankruptcy Judge for the
Eastern and Western Districts of Arkansas
300 West 2nd Street
Little Rock, Arkansas 72201
allison_albritton@areb.uscourts.gov<mailto:allison_albritton@areb.uscourts.gov>
(501) 918-5623


From:     <mstee@aristotle.net<mailto:mstee@aristotle.net>>
To:
"Allison_Albritton@areb.uscourts.gov<mailto:Allison_Albritton@areb.uscourts.gov>"
<Allison_Albritton@areb.uscourts.gov<mailto:Allison_Albritton@areb.uscourts.gov>>,
"askokos@ch13ark.com<mailto:askokos@ch13ark.com>"
<askokos@ch13ark.com<mailto:askokos@ch13ark.com>>,
"klachowsky@wilson-assoc.com<mailto:klachowsky@wilson-assoc.com>"
<klachowsky@wilson-assoc.com<mailto:klachowsky@wilson-assoc.com>>
Date:     07/16/2018 08:34 AM
Subject:     Fwd: Re: 4:18-bk-12478 - Marshall

_____


Attorney Albritton:

I will be appealing Courts Order that was dated July 3, 2018
as stated below.

Appeal pertains to Hearing of July 12th and July 17th.

What is Courts position on Hearing now set for July 17th??

Please respond!!!!


-------- Original Message --------
Subject: Re: 4:18-bk-12478 Theresa Marshall
Date: Wed, 11 Jul 2018 08:38:44 -0500
From: <mstee@aristotle.net<mailto:mstee@aristotle.net>>
To:
"Allison_Albritton@areb.uscourts.gov<mailto:Allison_Albritton@areb.uscourts.gov>"
<Allison_Albritton@areb.uscourts.gov<mailto:Allison_Albritton@areb.uscourts.gov>>,

9/10/2020                                      MagicMail WebMail Interface

"askokos@ch13ark.com<mailto:askokos@ch13ark.com>"
<askokos@ch13ark.com<mailto:askokos@ch13ark.com>>,
"klachowsky@wilson-assoc.com<mailto:klachowsky@wilson-assoc.com>"
<klachowsky@wilson-assoc.com<mailto:klachowsky@wilson-assoc.com>>

Attorney Albritton:

I will be appealing Courts actions because they are not proper.
Going forward I will need an attorney to represent my interest.

Also, Sam High still has not made appearance,
yet court still keeps sending him e-mails.

On Wed, 11 Jul 2018 07:49:30 -0500,
Allison_Albritton@areb.uscourts.gov<mailto:Allison_Albritton@areb.uscourts.gov>
wrote:
> Ms. Marshall,

>

> Deutsche Bank National Trust Company has informed the court that it

> objects to your Motion for Reconsideration Hearings July 12, 2018 and

> July 17, 2018 (docket entry 71). The court is in trial most of the day

> today. As such, the court will hear your Motion and Deutsche Bank's

> objection tomorrow morning at 9:00 a.m. prior to commencing the hearing

> on Deutsche Bank's Motion and Amended Motion (docket entries 14 and 60).

>

> Regards,

> Allison

>

> ALLISON C. ALBRITTON

> Staff Attorney for the

> Honorable Richard D. Taylor

> United States Bankruptcy Judge for the

> Eastern and Western Districts of Arkansas

> 300 West 2nd Street

> Little Rock, Arkansas 72201

> allison_albritton@areb.uscourts.gov<mailto:allison_albritton@areb.uscourts.gov>

> (501) 918-5623

This message is the property of Mark T. McCarty, Standing Chapter 13 Trustee. It may
be legally PRIVILEGED AND CONFIDENTIAL and is intended only for the use of the
addressee(s). No addressee should forward, print, copy, or otherwise reproduce this
message in any manner that would allow it to be viewed by any individual not
originally listed as a recipient. If the reader of this message is not the intended
recipient, you are hereby notified that any unauthorized disclosure, dissemination,
distribution, copying or the taking of any action in reliance on the information
herein is strictly prohibited. If you have received this communication in error,
please immediately notify the sender and delete this message. MTMCH13ARK

This email has been scanned for email related threats and delivered safely by
Mimecast.
For more information please visit http://www.mimecast.com
------------------------------------------------------------
Attention:
This e-mail message is privileged and confidential. If you are not the

89

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF ARKANSAS

**In Re:  THERESA MARSHALL**        **Case No:  4:16-bk-15651 T**
**vs.**

**Wells Fargo Home, A Division of**
**Wells Fargo Bank N.A., Movant**

FILED
U.S. BANKRUPTCY COURT
EAST & WEST DISTS OF AR

MAY 3 0 2017

JEAN ROLFS, CLERK by

**Deutsche Bank National Trust Company**
**as Trustee For Vendee Mortgage Trust 1993-1  v.**

**Samuel S. High, Attorney**
**Wilson & Associates, PLLC**

## MOTION TO AUTHORIZE TRIAL LOAN MODIFICATION
## WITH WELLS FARGO HOME MORTGAGE

      **COMES NOW,**  Theresa Marshall, Debtor and move the court to allow Debtor to enter

into a Trial Period Loan Modification with debtors mortgage servicer,  <u>Wells Fargo Home Mortgage</u>.

      Should the mortgage company agree to make the loan modification permanent, Debtor

shall file the appropriate motion disclosing the full terms of the Agreement.

      The Court has jurisdiction over the matters presented herein, which are core in nature,

pursuant to 11 U.S.C. §362.

      1.    <u>Trustee</u> filed Order of Direct Pay to be made by Debtor to Court on May 22, 2017.

      2.    The debtor in this case hereby request entry of an order approving a Trial Loan

Modification Agreement entered into with Wells Fargo Home Mortgage pursuant to the court's

<u>Adequate Protection Payments Prior To Confirmation.</u>  *(11 U.S.C. §102)*

      3.    Wells Fargo Home Mortgage filed its Supplemental Proof of Claim with the Court

April 5, 2017. *(Attached)*

      4.    Wells Fargo Home Mortgage filed its <u>overview of loan modification offer</u> April 5, 2017.

      5.    Wells Fargo's attorney of record, Samuel High filed his <u>Response</u> on May 12, 2017.

Exhibit Y

6.   *Payment to Wells Fargo Home Mortgage was due to begin May 1, 2017.(Attached-p1)*

7.   *Payment(s) are due for June, July 1, 2017.  (Attached - pg 1)*

8.   Debtor had trial modification in year 2009.  Wells Fargo Home Mortgage accepted Debtors payments for seven (7) months.  Then returned last check stating misapplication.  Then three (3) days later started foreclosure proceedings. *Richard Bushell vs. JP Morgan Chase Bank,  N.A.*

9.   The pre-petition mortgage arrearage claim is <u>not</u> to be paid during the trial period.

10.   Any post-petition mortgage arrearage claim is <u>not</u> to be paid during the trial period.

11.   The length of the trial period is not to exceed six (3) months without additional order of the court.

*12.*   Any judgments and/or liens that Wells Fargo's is entitled will be addressed this Court and prior to permanent modification.

*13.*   The court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order, including but not limited to, interpretation and enforcement of the Trial Modification.

14.   *Debtor has attached an Order for the Court's approval.*

*WHEREFORE*, Debtor, (Marshall)  in the above captioned proceedings, prays that this

Motion To Approve Trial Loan Modification Agreement, is **granted.**  That Trustee make

*(May 1ˢᵗ  through June 1ˢᵗ )*  payments as outlined in Wells Fargo's Supplemental filing made

this Court April 5, 2017 pursuit to <u>Adequate Protection</u> <u>Payments Prior To Confirmation</u>.

*(11 U.S.C. §102 (b)).*

Respectfully submitted,

/s/Theresa Marshall, Debtor
1408 Hendrix Ave.
Little Rock, AR  72204
501-666-3923


## CERTIFICATE OF SERVICE


I, Theresa Marshall, hereby certify this 30th day of May 2017 that copies of the foregoing notice and attached Modification to the Plan will be mailed to the following:


Mark T. McCarty, Trustee
P.O. Box 5006
North Little Rock, AR  72119

Samuel High, Attorney
Wilson & Associates
1521 Merrill Drive, Suite D-220
Little Rock, AR  72211

## IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

| | |
|---|---|
| **IN RE:**    **THERESA MARSHALL,**<br>                   **Debtor** | **Case No. 4:16-BK-15651**<br>**Chapter 13** |

**WELLS FARGO BANK, N.A.**
**AS SERVICER FOR DEUTSCHE BANK**
**NATIONAL TRUST COMPANY, AS TRUSTEE**
**FOR VENDEE MORTGAGE TRUST 1993-1,**
**UNITED STATES DEPARTMENT OF VETERANS**
**AFFAIRS, GUARANTEED REMIC PASS-**
**THROUGH CERTIFICATES**                                    **MOVANT**

**VS.**

**THERESA MARSHALL, Debtor;**
**and MARK T. MCCARTY, Trustee**                            **RESPONDENTS**

## AGREED ORDER

This matter comes before the Court upon agreement of the parties:

1.      Movant approved mortgage assistance for Debtor. Debtor accepted said offer. As a part of the offer, Debtor was required to enter into a Trial Period Plan, whereby she was to make three payments directly to Wells Fargo, in the amount of $342.39, due by May 1, 2017, June 1, 2017 and July 1, 2017.

2.      Debtor made payments to the Trustee on April 24, May 23, and June 20.

3.      Movant agrees to accept these payments from the Trustee.

4.      As set forth in the agreement, the trial period may (or may not) take longer than shown in the offer. Therefore, if necessary, Debtor may be required by Movant to make monthly payments in the same amount, by the same day of each month until Movant advises that Debtor may move forward with a final modification or that Debtor is no longer eligible for a modification, if applicable.

Exhibit Y1

5.      Payments in the amount of $1,027.17 will be remitted to Wells Fargo Home Mortgage, Box 51120, 3440 Flair Drive, El Monte, CA 91731. Payment of this amount to Movant, by the Trustee, will satisfy the initial three Trial Period Plan payments due by May 1, 2017, June 1, 2017 and July 1, 2017.

6.      Future payments, if necessary, will be remitted in the same manner.

IT IS SO ORDERED

_____
The Honorable Richard D. Taylor
United States Bankruptcy Judge

_____
Date

Agreed:


_____
Samuel S. High (2001125)
Jennifer Wyse (2015092)
Attorneys For Movant

_____
Mark T. McCarty
Trustee

_____
Theresa Marshall
Debtor

may move forward with a final modification or that Debtor is no longer eligible for a modification, if applicable.

5.    Payments in the amount of $1,027.17 will be remitted to Wells Fargo Home Mortgage, Box 51120, 3440 Flair Drive, El Monte, CA 91731. Payment of this amount to Movant, by the Trustee, will satisfy the initial three Trial Period Plan payments due by May 1, 2017, June 1, 2017 and July 1, 2017.

6.    Future payments, if necessary, will be remitted in the same manner.

IT IS SO ORDERED

_____
The Honorable Richard D. Taylor
United States Bankruptcy Judge

_____July 11, 2017_____
Date

Agreed:

_____
Samuel S. High (2001125)
Jennifer Wyse (2015092)
Attorneys For Movant

_____
Mark T. McCarty
Trustee

_____
Theresa Marshall
Debtor

## Notice Recipients

| District/Off: 0860-4 | User: rob | Date Created: 7/11/2017 |
|---|---|---|
| Case: 4:16-bk-15651 | Form ID: pdf08Ac | Total: 4 |

**Recipients of Notice of Electronic Filing:**
| tr | Mark T. McCarty | ecfmail@ch13ark.com |
|---|---|---|
| aty | Jennifer A Wyse | ARECF@wilson-assoc.com |
| aty | Samuel High | shigh@wilson-assoc.com |

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
| db | Theresa Marshall | 1408 Hendrix | Little Rock, AR 72204 |
|---|---|---|---|

TOTAL: 1

96

Instrument# 2019005721 Page 2 of 4

Instrument prepared by:
Jay A. Rosenberg, Esq., Rosenberg LPA, Attorneys At Law, 3805 Edwards Road, Suite 550, Cincinnati, Ohio 45209 (513) 247-9605 Fax: (866) 611-0170 Commitment Number: DEF187424

I certify under penalty of false swearing that the legally correct
amount of documentary stamps have been placed on this instrument.
If none shown, exempt or no consideration paid.

Grantee or Agent:       Ghaycor Khan

Grantee's Address:      127 Montecito Ave., Number 4, Pacifica, CA 94044

_____

*(top 2.5 inches reserved for recording data)*

## SPECIAL WARRANTY DEED

KNOWN ALL MEN BY THESE PRESENTS:

THAT, **Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1, United States Department of Veteran Affairs, Guaranteed REMIC Pass-Through Certificates**, Grantor, having been duly authorized by a resolution of its board of directors or otherwise, by and through its duly appointed master servicer **Wells Fargo Bank, N.A.**, for and in consideration of the sum of $36,100.00 (Thirty Six Thousand One Hundred Dollars and Zero Cents), and/or other good and valuable consideration, in hand paid by **Ghayoor Khan**, married, Grantees, the receipt and sufficiency of which is hereby acknowledged, does hereby convey unto the said Grantees, and unto their heirs, successors, and assigns forever, the following lands situated in **Pulaski County**, Arkansas, to-wit:

**Lot 10, Block B, Oak Forest Gardens Annex, to the City of Little Rock, Pulaski County, Arkansas.**

**Property Address: 1408 Hendrix Avenue, Little Rock, AR 72206**

TO HAVE AND TO HOLD the same unto the said Grantees, and unto their heirs, successors, and assigns forever, with all tenements, appurtenances and hereditaments thereunto belonging, subject to current taxes and other assessments, reservations in patents and all easements, rights-of-way, encumbrances, liens, covenants, conditions, restrictions, obligations and liabilities as may appear of record, and Grantor does hereby covenant with Grantees that it will forever warrant and defend the title to said lands against all claims and encumbrances done or suffered by it, but none other.

220-AR-V2                                                                    2140088960B

EXHIBIT ZZ

Instrument# 2019005721 Page 3 of 4

EXECUTED in the name of the Grantor this __4th__ day of __January__, 2019

>Deutsche Bank National Trust
>Company, as Trustee for Vendee
>Mortgage Trust 1993-1, United
>States Department of Veteran
>Affairs, Guaranteed REMIC Pass-
>Through Certificates, by Wells
>Fargo Bank, NA who has been
>appointed as the Master Servicer

By: _____ 1-4-19
Its:        **ALAN BANKS**
            Vice President Loan Documentation

State of Iowa

County Dallas
      On this ___4___ day of ___Jan.___, A.D., 2019, before me, a Notary
Public in and for said county, personally appeared ___Alan Banks___, to
me personally known, who being by me duly sworn (or affirmed) did say that that person is
___VPLD___ (title) of said **Wells Fargo Bank, N.A. as the Master Servicer for Deutsche
Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1, United
States Department of Veteran Affairs, Guaranteed REMIC Pass-Through Certificates,** by
authority of its board of (directors or trustees) and the said (officer's name)
___Alan Banks___ acknowledged the execution of said instrument to be
the voluntary act and stated that had executed the same for the considerations, uses, and purposes
therein mentioned and set forth in deed of said (corporation or association) by it voluntarily
executed.

_____ (Signature)
Notary Public

**DALTON BOERNER**
Commission Number 803558
My Commission Expires
March 29, 2020

| When Recorded Return to: | Send Subsequent Tax Bills to: | Instrument Prepared by: |
|---|---|---|
| **Boston National Title Agency, LLC** 400 Rouser Rd Bldg 2, Suite 602 Coraopolis, PA 15108 | **Ghayoor Khan** 127 Montecito Ave., Number 4, Pacifica, CA 94044 | Jay A. Rosenberg, Esq., Rosenberg LPA, Attorneys At Law, 3805 Edwards Road, Suite 550, Cincinnati, Ohio 45209 (513) 247-9605 Fax: (866) 611-0170 Commitment Number: DEF187424. |

220-AR-V2                                                    2140088960B

Instrument# 2019005721 Page 4 of 4



**STATE OF ARKANSAS**
**DEPARTMENT OF FINANCE AND ADMINISTRATION**
**MISCELLANEOUS TAX SECTION**
**P.O. BOX 896, LITTLE ROCK, AR 72203-0896**



## Real Estate Transfer Tax Stamp

Proof of Tax Paid

| | |
|---|---|
| **Grantee:**<br>**Mailing Address:** | GHAYOOR KHAN<br>127 MONTECITO AVE NO 4<br>PACIFICA CA 94044 |
| **Grantor:**<br>**Mailing Address:** | DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR<br>VENDEE MORTGAGE TRUST 1993-1, UNITED STATES DEPARTMENT<br>OF VETERANS AFFAIRS, GUARANTEED REMIC PASS<br>8480 STAGECOACH CIRCLE<br>FREDERICK MD 21701 |

| | |
|---|---|
| **Property Purchase Price:** | $36,100.00 |
| **Tax Amount:** | $122.10 |
| **County:** | PULASKI |
| **Date Issued:** | 01/17/2019 |
| **Stamp ID:** | 1888356352 |

I certify under penalty of false swearing that documentary stamps or a documentary symbol in the legally correct amount has been placed on this instrument

Grantee or Agent Name (printed): Joseph P. Vallone

Grantee or Agent Name (signature): Joseph P. Vallone   Date: 1/17/2019

Address: 400 Rouser Rd, Suite 602

City/State/Zip: Coraopolis, PA 15108

99



ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION
## Arkansas Real Property Tax Affidavit of Compliance Form

| Grantee (Purchaser) Name | | | Grantor (Seller) Name | | |
|---|---|---|---|---|---|
| Deutsche Bank National Trust Company | | | Sherry Means, Commissioner in Circuit | | |
| **Grantee (Purchaser) Address** | | | **Grantor (Seller) Address** | | |
| 1000 Blue Gentian Road   N9286-01Y | | | 401 W. Markham Street, Suite 100 | | |
| **City** | **State** | **Zip Code** | **City** | **State** | **Zip Code** |
| Eagan | MN | 55121 | Little Rock | AR | 72201 |

Date of real property transfer (as reflected on the transfer instrument): 9-18-18

Name of the county where the property is located: Pulaski County

Amount of the full consideration for the transaction: 37,100.00

◯ Tax is due:   Value of the documentary stamps: _____

◯ No tax is due:  Family or Gift or Consideration of $100 or less

◯ No tax is due:  Exemption (check one exemption below)

☐ Transfers to or from the United States, the State of Arkansas, or any of the instrumentalities, agencies, or political subdivisions thereof.

☐ Any instrument given in writing to secure a debt.

☐ Any instrument solely for the purpose of correcting or replacing an instrument that has been previously recorded with full payment of tax having been paid at the time of the previous recordation.

☐ Instruments conveying land sold for delinquent taxes.

☐ Instruments conveying leasehold interest in land only.

☐ Instruments, including timber deeds, which convey the right to remove timber for a period not to exceed twenty-four (24) months

☐ Instruments given by one party in a divorce action to other party to the divorce action as a division of marital property whether by agreement or order of the court.

☒ Instruments given in any judicial proceeding to enforce any security interest in real estate when the instrument transfers the property to the same person who is seeking to enforce the security interest.

☐ Instruments given to a secured party in lieu of or to avoid a judicial proceeding to enforce a security interest in real estate.

☐ Instruments conveying a home financed by the Federal Housing Administration, Department of Veterans Affairs, or United States Department of Agriculture (USDA) Rural Development, if the sale price of the home is sixty thousand dollars ($60,000) or less and the seller files with the county recorder of deeds a sworn statement by the buyer stating that neither the buyer nor the spouse of the buyer has owned a home within three (3) years of the date of closing and also stating the sale price of the home.

☐ Instruments conveying land between corporations, partnerships, limited liability companies, or between a business entity and its shareholder, partner or member of a corporation incident to the organization, reorganization, merger, consolidation, capitalization, asset distribution, or liquidation of a corporation, partnership, limited liability company, or other business entity.

☐ A beneficiary deed under ACA 18-12-608.

☐ Other (Explain): _____

_____

_____

I certify under penalty of false swearing that documentary stamps or a documentary symbol in the legally correct amount has been placed on this instrument.

| Samuel S. High | | 9/17/18 |
|---|---|---|
| (Print Name) | (Signature of Requestor) | (Date) |

Arkansas Real Property Tax Affidavit of Compliance Form (R 01/02/13)

100



Larry Crane
Circuit County Clerk and Registrar
401 West Markham, Suite 102
Little Rock, AR 72201
501-340-8433

Pulaski County Transaction #:155180
Receipt #: 513439
Cashier Date: 9/18/2018 12:51:44 PM
(ABRAMOVITZ)

Print Date:
9/18/2018 12:52:34 PM

| Customer Information | Transaction Information | Payment Summary |
|---|---|---|
| (WILSON) WILSON & ASSOC | Date Recieved: 9/18/2018 | Total Fees: $40.00 |
| | Source Code: MAIL | Total Payments: $40.00 |
| 1521 MERRILL DR STE D-220 | Return Code: MAIL | |
| | Total Docs Received: 1 | |
| LITTLE ROCK, AR          , 72211 | | |
| Charge Account Balance: ($238.50) | | |

| 1 Payments | |
|---|---|
| Check 132670 | $40.00 |

| 1 Recorded Items | | |
|---|---|---|
| (COD) COMMISSIONER DEED | Instrument #:2018058428  Date: 9/18/2018 12:51:44 PM | |
| | | From:  To: |
| Recording Fee 1st Page @ $15.00 | 6 | $40.00 |
| Additional Pages @ $5.00 | | |

101

**WELLS FARGO**

1 Home Campus
Des Moines, IA 50328-0001

Executive Communications Department
MAC X2505-02K
(800) 853-8516 Ext. 3718
(515) 213-4691 Fax

April 1, 2004

Mr. Richard Brown Jr.
Consumer Protection Division
323 Center Street, Suite 1100
Little Rock, AR  72201

RE:  Theresa Marshall
     Complaint Number 39523

Dear Mr. Brown:

I have been asked to respond on behalf of Wells Fargo Home Mortgage, Inc. to the above referenced complaint.

On October 27, 1992, Ms. Marshall closed on a 30-year, fixed amortized, Veterans Administration (VA) mortgage loan with the first payment due on December 1, 1992.  Loan records indicate the VA transferred the servicing of Ms. Marshall's mortgage account to Banker's Trust Company of California, effective with the February 1, 1993 mortgage installment.

Banker's Trust Company of California subsequently transferred the servicing of Ms. Marshall's mortgage account to G.E. Capital Mortgage Services Inc.  In October 2000, Wells Fargo Home Mortgage entered into an agreement with GE Capital Mortgage Services to sub-service their loan. Wells Fargo Home Mortgage began accepting payments and disbursing property taxes and hazard insurance effective with the January 1, 2001 mortgage installment.

As the result of the servicing of Ms. Marshall's mortgage account being transferred on several occasions, Wells Fargo Home Mortgage has regretfully been unable to locate payment history for her account prior to the application of the February 1, 1993 mortgage installment.  Enclosed please find a mortgage loan payment history from March 1993 through the present for your reference.

Also find enclosed a copy of a letter from Wells Fargo Home Mortgage's bankruptcy attorney, Kimberly D. Burnett, of Wilson and Associates, P.L.L.C., addressing Ms. Marshall's issued as stated in her letter dated February 12, 2004.  As well as Ms. Burnett's letter, copies of applicable court documents are included to substantiate our position.

If I can be of further assistance regarding this matter, please call me at (800) 853-8516, extension 3718, Monday through Friday, 8:00 a.m. to 5:00 p.m., Central Standard Time.

Sincerely,

Kristi A. Blue
Executive Correspondent

KB/936-2140088960

Enclosures (4)

cc/Encl: Theresa Marshall
         1408 Hendrix
         Little Rock, AR  72204

Exhibit 1

GO11-10(b)) / BS    /195

## IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN AND WESTERN DISTRICTS OF ARKANSAS

IN RE:   Theresa Marshall

CASE NO:   4:16-bk-15651 T

Chapter 13

---

## CHAPTER 13 ORDER DISMISSING CASE
## FOR VIOLATING STRICT COMPLIANCE ORDER

---

COMES NOW THE COURT and finds that an order was entered in the above styled case on 06/26/2017, Docket Entry [143], requiring the Debtor to make specific payments to the Trustee.  The order further provided that the case was to be dismissed if the payments were not submitted as required.  The court finds that the payments have not been submitted as required and, therefore, the case should be, and hereby is, dismissed for failure of the Debtor to comply with the court's order of 06/26/2017.

IT IS SO ORDERED.

Date: 12/06/2017

/s/   Richard D. Taylor
_____

Richard D. Taylor
U.S. Bankruptcy Judge

cc:  Mark T. McCarty, Trustee

Pro Se -- Debtor
Acting As Own Attorney
No Notice Sent
,   00000

Theresa Marshall
1408 Hendrix
Little Rock, AR  72204

All Creditors

**EXHIBIT 2**

8/14/2020                                                              MagicMail WebMail Interface

> Please respond!!!!!
>
> On Mon, 4 Dec 2017 20:19:33 +0000, Ainsley Skokos
> wrote:
>> As I explained to you in a previous email, the Trustee's objection to
>> confirmation is that the plan you have filed does not fund the mortgage
>> arrearage claim filed by Wells Fargo. I understand that you have an
>> objection to the claim pending and that objection is set for hearing on
>> the upcoming 12/12 docket. The Trustee's objection is also currently
> set
>> for that date. If you are successful with your objection to claim and
> the
>> arrearage amount is disallowed, it might be that your plan is properly
>> funded and we can move forward with confirmation at that time. If you
> are
>> not successful with your objection to claim and the arrearage amount is
>> allowed, then the plan will not be sufficiently funded and a
> modification
>> will be needed. Since my objection is dependent on the outcome of this
>> mortgage claim issue, would you be agreeable to continuing the
> Trustee's
>> objection to the next docket so that we can see what the outcome is on
>> this issue on the 12th?
>>
>> Thanks,
>>
>> Ainsley Skokos
>>
>> Staff Attorney
>>
>> Office of Mark T. McCarty
>>
>> Chapter 13 Standing Trustee
>>
>> P.O. Box 5006
>>
>> North Little Rock, AR 72119
>>
>> Phone: (501) 801-5620
>>
>> Email: askokos@ch13ark.com [4] [1]
>>
>> www.ch13ark.com [5] [2]
>>
>> This message is the property of Mark T. McCarty, Standing Chapter 13
>> Trustee. It may be legally PRIVILEGED AND CONFIDENTIAL and is intended
>> only for the use of the addressee(s). No addressee should forward,
> print,
>> copy, or otherwise reproduce this message in any manner that would
> allow
>> it to be viewed by any individual not originally listed as a recipient.
>> If the reader of this message is not the intended recipient, you are
>> hereby notified that any unauthorized disclosure, dissemination,
>> distribution, copying or the taking of any action in reliance on the
>> information herein is strictly prohibited. If you have received this
>> communication in error, please immediately notify the sender and delete
>> this message. MTMCH13ARK
>> -------------------------
>>
>>
>> Links:
>> ------
>> [1] /webmail/src/compose.php?send_to=askokos@ch13ark.com [6]
>> [2] http://www.ch13ark.com [7]
>
>
> Links:
> ------
> [1] /webmail/src/compose.php?send_to=mstee@aristotle.net
> [2] /webmail/src/compose.php?send_to=mstee@aristotle.net
> [3] /webmail/src/compose.php?send_to=askokos@ch13ark.com
> [4] /webmail/src/compose.php?send_to=askokos@ch13ark.com

Exhibit 3

104

Subject: RE: Re: Trustee's objection to confirmation
From:    "Ainsley Skokos" <askokos@ch13ark.com>
Date:    Mon, December 11, 2017 7:49 am
To:      "mstee@aristotle.net" <mstee@aristotle.net>
Priority: Normal

Options: | View Full Header | View Printable Version | Download this as a file | View Message details | View as plain text | Block Sender |

The attached letter is a standard letter that is sent to a debtor after dismissal of his or her case.  The case is no longer active at the point the letter is sent out so there is no reason for payments to be made.

**From:** mstee@aristotle.net [/webmail/src/compose.php?send_to=mstee@aristotle.net]
**Sent:** Monday, December 11, 2017 6:13 AM
**To:** Ainsley Skokos
**Subject:** Fwd: Re: Trustee's objection to confirmation

Trustee Skokos:

Why would the Trustee send such a letter as the attached to a debtor?

Payment was due by Nov 30th/Attached letter dated/mailed Dec. 7, 2017.

Please respond!!!!!


-------- Original Message --------
Subject: Fwd: Re: Trustee's objection to confirmation
Date: Sun, 10 Dec 2017 23:01:28 -0600
From: <mstee@aristotle.net>
To: "askokos@ch13ark.com" <askokos@ch13ark.com>



-------- Original Message --------
Subject: Re: Trustee's objection to confirmation
Date: Sun, 10 Dec 2017 22:46:52 -0600
From:
To: "askokos@ch13ark.com"

I had a family issue that caused Nov pymt to be late/Pymt were to be made on the Dec. 7th(Fri).

Received on the Dec. 6th that case was dismissed/Then I received letter on Dec. 7th/no future acceptance of pymt from me by Trustee , etc.

I am prepared to make Nov. pymt/

I am asking Trustee to reinstate?

Something is not right/I deserve my day in court this mtg issue.

Please respond!!!!

On Sun, 10 Dec 2017 23:02:16 +0000, Ainsley Skokos wrote:
> Yes, our office did not receive a payment for November and your case
> was dismissed for failure to comply with the strict compliance order.
> It's my understanding that all matters in your case have been taken off
> the docket due to the dismissal.
> Ainsley
>
> Sent from my iPhone
> On Dec 8, 2017, at 8:39 AM, "mstee@aristotle.net [1]" wrote:
>
> Trustee Skokos:
>
> Thank you for below e-mail.
>
> Need to figure out whats going on//Looks like Trustee dismissed my case
> for non-payment.
>
> Got some things going on that I can explain/some I cannot.
>

105

8/14/2020                                    MagicMail WebMail Interface

Subject: RE: Re: Trustee's objection to confirmation
From:    "Ainsley Skokos" <askokos@ch13ark.com>
Date:    Mon, December 11, 2017 12:46 pm
To:      "mstee@aristotle.net" <mstee@aristotle.net>
Priority: Normal

Options: [ View Full Header ] [ View Printable Version ] [ Download this as a file ] [ View Message details ] [ View as plain text ] [ Block Sender ]

Funds on hand will be refunded to you.  The case manager has advised that the total amount to be refunded will be $2024.19.

**From:** mstee@aristotle.net [/webmail/src/compose.php?send_to=mstee@aristotle.net]
**Sent:** Monday, December 11, 2017 11:48 AM
**To:** Ainsley Skokos
**Subject:** RE: Re: Trustee's objection to confirmation

What happens to moneys now w/Trustee?

Please respond!!!!


On Mon, 11 Dec 2017 17:13:45 +0000, Ainsley Skokos <askokos@ch13ark.com>
wrote:
> Orders dismissing cases for failure to comply with strict compliance are
> Court orders generated and submitted by the Trustee's office.
>
> FROM: mstee@aristotle.net [/webmail/src/compose.php?send_to=mstee@aristotle.net]
> SENT: Monday, December 11, 2017 10:40 AM
> TO: Ainsley Skokos
> SUBJECT: RE: Re: Trustee's objection to confirmation
>
> Did the Trustee dismiss my case or the Court?
>
> On Mon, 11 Dec 2017 15:02:58 +0000, Ainsley Skokos
>
> wrote:
>
>> The Trustee can't reinstate the case without an order from the Court.
>
>
>>
>
>> Ainsley
>
>>
>
>> FROM: mstee@aristotle.net [2] [/webmail/src/compose.php?send_to=mstee@aristotle.net [3]]
>
>> SENT: Monday, December 11, 2017 8:51 AM
>
>> TO: Ainsley Skokos
>
>> SUBJECT: RE: Re: Trustee's objection to confirmation
>
>>
>
>> Please look at below e-mail sent on Sunday &
>
>> Please respond!!!
>
>>

106

8/14/2020                                     MagicMail WebMail Interface

Subject: RE: RE: Re: December's Payment
From:    "Ainsley Skokos" <askokos@ch13ark.com>
Date:    Wed, December 27, 2017 10:56 am
To:      "'mstee@aristotle.net'" <mstee@aristotle.net>
Priority: Normal

Options: View Full Header | View Printable Version | Download this as a file | View Message details | View as plain text | Block Sender

Good morning. I have been out of the office for the Christmas holiday. Your case is currently dismissed so no payment is technically due that the Trustee could waive. The motion to reinstate your case should be set for hearing. I did notice that you did not include a notice of opportunity to object with your motion and did not notice all creditors of your motion. I plan to file a response to your motion setting out any conditions the Trustee would want in place for your case to be reinstated. This will hopefully be filed tomorrow or Friday.

Ainsley

**From:** mstee@aristotle.net [/webmail/src/compose.php?send_to=mstee@aristotle.net]
**Sent:** Tuesday, December 26, 2017 10:51 AM
**To:** Ainsley Skokos
**Subject:** Fwd: RE: Re: December's Payment

Trustee Skokos:

Please read the below e-mail - Dec. 18th & 22nd.

Please respond!!!!!

-------- Original Message --------
Subject: Fwd: RE: Re: December's Payment
Date: Fri, 22 Dec 2017 09:02:13 -0600
From: <mstee@aristotle.net>
To: "askokos@ch13ark.com" <askokos@ch13ark.com>


Trustee Skokos:

Based on the attached filings will the Trustee waive December's payment pending judges ruling.

Please respond!!!!

-------- Original Message --------
Subject: Fwd: RE: Re: Trustee's objection to confirmation
Date: Mon, 18 Dec 2017 11:33:17 -0600
From:
To: "askokos@ch13ark.com"

Trustee Skokos:

Attached is the filing made Dec. 15, 2017.

Please note that Nov's pymt was mailed to Trustee/
I have plead these cases since Oct 2016/Do not want case dismissed for non payment.

Please respond!!!!

-------- Original Message --------
Subject: RE: Re: Trustee's objection to confirmation
Date: Tue, 12 Dec 2017 08:10:56 -0600
From:
To: "askokos@ch13ark.com"

Thank you for responding w/below.

I do not believe I should be dismissed for non-payment if I now can pay & was ready to pay as early as Dec. 8th/no prior missed payments (strict compliance) & from what I read - It is Trustees call.

I think that the court is being bias against me as debtor/Both Trustee & court has a duty to debtor and creditor & this dismissal stinks of bias.

107

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2018-Jan-24  13:34:43
60CV-12-3808
C06D05 : 1 Page

**Rhonda S. Wharton**

| | |
|---|---|
| **From:** | Rhonda S. Wharton |
| **Sent:** | Wednesday, January 24, 2018 1:28 PM |
| **To:** | Legal Ads; Gwen Finley |
| **Cc:** | Sherry K. Means; Camille R. Drackette; Rhonda S. Wharton |
| **Subject:** | 60CV-12-3808 DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR VENDEE MORTGAGE TRUST 1993-1 V THERESA MARSHALL |
| **Attachments:** | 60CV-12-3808 COMMISSIONER'S SALE NOTICE.doc |
| **Importance:** | High |

Attached please find a commissioner's sale notice for publication **two** times in the Arkansas Democrat Gazette with first publication on January 28, 2018 and second publication on February 4, 2018.  Please forward proof of publication and statement of costs to Ms. Gwen Finley, Executive Assistant to Aaron L. Squyers, Legal Assistant to Samuel S. High, Wilson & Associates, PLLC, 400 W. Capitol Ave., Suite 1400, Little Rock, AR 72201, main phone 501-219-9388, Direct line 501-734-2232, fax 501-734-4592.  If there are any problems with the publication or you are not able to publish as requested please let me or Ms. Finley know so we may resolve them and proceed with the sale as scheduled.  Thank you for your assistance.

*Rhonda Wharton*
*Operations Manager*
*Pulaski Circuit/County Clerk*
*401 W. Markham Ave, Suite 120*
*Little Rock, AR 72201*
*Phone:  501-340-3414*

**Confidentiality Notice:  The information contained in this email message and any attachment(s) is the property of Pulaski County and may be protected by state and federal laws governing disclosure of private information.  It is intended solely for the use of the entity to whom this email is addressed.  If you are not the intended recipient, you are hereby notified that reading, copying or distribution of this transmission is STRICTLY PROHIBITED.   The sender has not waived any applicable privilege by sending the accompanying transmission. If you have received this transmission in error, please notify the sender by return and delete the message and attachment(s) from your system.**

**Pulaski County follows all federal, state, and local nondiscrimination laws. Please contact us if you need this information in another language, large print, or braille.**
**El Condado de Pulaski se acata a las leyes federales, estatales y locales contra la discriminación. Si usted necesita ésta información en otro idioma, con letra grande o en braille, por favor comuníquese con nosotros.**

Exhibit 5

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2018-Jan-24  13:34:43
60CV-12-3808
C06D05 : 2 Pages

## COMMISSIONER'S SALE NOTICE

NOTICE IS HEREBY GIVEN that pursuant to the authority and directions contained in the decretal order of the Circuit Court of Pulaski County, Arkansas, made and entered on September 10, 2015, in a certain cause (No. 60CV-12-3808) then pending between Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1, Plaintiff, and Theresa Marshall; Tenants of, *et al.*, Defendants, the undersigned, as Commissioner of said Court, will offer for sale at public venue to the highest bidder, at the Pulaski County Courthouse in which said Court is held, located in Little Rock, Arkansas, within the hours prescribed by law for judicial sales, on February 15, 2018 at 12:00 p.m., the following-described real estate, situated in Pulaski County, Arkansas:

> Lot 10, Block B, Oak Forest Gardens Annex, to the City of Little Rock, Pulaski County, Arkansas.

> Also known as 1408 Hendrix Avenue, Little Rock, AR  72204

TERMS OF SALE:  On a credit of three months, provided the purchaser shall execute a commercial corporate surety bond as required by law and the order and decree of said Court in said cause, with approved security, bearing interest at the maximum legal rate per annum from date of sale until paid, and a lien being retained on the premises sold to secure the payment of the purchase money.  The property will be sold subject to any and all property taxes due and payable.

GIVEN under my hand this 24th day of January, 2018.

/s/Sherry Means
Commissioner in Circuit

Prepared by:

3216



Exhibit 6

WILSON & ASSOCIATES, P.L.L.C.
400 W. Capitol Avenue, Suite 1400
Little Rock, Arkansas  72201
(501) 219-9388


By:     /s/Samuel S. High_____
        Sammy High (2001125)
        Attorneys for Plaintiff


**FOR PUBLICATION PURPOSES ONLY in the *Arkansas Democrat-Gazette*:**

FIRST PUBLICATION DATE:  January 28, 2018
SECOND PUBLICATION DATE:  February 4, 2018 (no less than 10 days before sale)

4:16-bk-15651  Doc#: 283  Filed: 01/12/18  Entered: 01/12/18 12:43:15  Page 1 of 1

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2018-Jan-25 09:01:01
60CV-12-3808
C06D05 : 2 Pages

Form nhrgccm

**UNITED STATES BANKRUPTCY COURT**

Eastern District of Arkansas

60CV-12-3808

In Re:   Theresa Marshall
         Debtor

Case No.: 4:16-bk-15651
Chapter: 13
Judge: Richard D. Taylor

PLEASE TAKE NOTICE that a hearing will be held before Judge
Richard D. Taylor at

U.S. Bankruptcy Court, 300 W. 2nd Street, Little Rock, AR 72201

on 2/28/18 at 09:00 AM

to consider and act upon the following:

*275* – Motion to Reconsider (related documents 272 Order To Dismiss Debtor) Motion For Reconsideration Court
Order Of December 6, 2017 Dismissing Chapter 13 Case For Violating Strict Compliance Order Filed by Theresa
Marshall (Penrod, Arch)

Dated: 1/12/18

Jean Rolfs, Clerk
By:
Allison Albritton
Deputy Clerk

Exhibit 7

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2018-Apr-02 11:01:12
60CV-12-3808
C06D05 : 2 Pages

**Rhonda S. Wharton**

| | |
|---|---|
| **From:** | legalads@arkansasonline.com |
| **Sent:** | Monday, April 02, 2018 10:53 AM |
| **To:** | Rhonda S. Wharton |
| **Subject:** | Re: 60CV-12-3808 Duetsche Bank National Trust Co, et al V Theresa Marshall, et al |
| **Attachments:** | image001.png |

Thanks, Rhonda. Will run Sun 4/15 and 4/22.

Gregg

---

**From:** "Rhonda S. Wharton" <rwharton@PulaskiClerk.Com>
**To:** legalads@arkansasonline.com, "Gwen Finley" <gfinley@wilson-assoc.com>, "Aaron Squyres"
<ASquyres@wilson-assoc.com>
**Cc:** "Sherry K. Means" <smeans@PulaskiClerk.Com>, "Camille R. Drackette"
<cdrackette@PulaskiClerk.Com>, "Rhonda S. Wharton" <rwharton@PulaskiClerk.Com>
**Sent:** Monday, April 2, 2018 10:47:48 AM
**Subject:** 60CV-12-3808 Duetsche Bank National Trust Co, et al V Theresa Marshall, et al

Attached please find a commissioner's sale notice for the above styled case to be **_published two (2) times_** in the
Arkansas Democrat-Gazette. First publication on Sunday, April 15, 2018 and second publication on Sunday, April 22,
2018. Please forward proof of publication and statement of costs to:

**Gwen Finley\***
Executive Assistant to Aaron L. Squyres
Legal Assistant to Samuel S. High

 WILSON &
ASSOCIATES
ATTORNEYS AT LAW

Main: (501) 219-9388
Direct: (501) 734-2232
Fax: (501) 734-4592

If there are any problems with publication please let me or Ms. Finley know so we may resolve them and proceed with
the sale as scheduled. Thank you for your assistance.

*Rhonda Wharton*
*Operations Manager*
*Pulaski Circuit/County Clerk*
*401 W. Markham Ave, Suite 120*
*Little Rock, AR 72201*
*Phone: 501-340-3414*

Confidentiality Notice: The information contained in this email message and any attachment(s) is
the property of Pulaski County and may be protected by state and federal laws governing disclosure

1

EXHIBIT 10

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2018-Apr-02 11:01:12
60CV-12-3808
C06D05 : 2 Pages

## COMMISSIONER'S SALE NOTICE

NOTICE IS HEREBY GIVEN that pursuant to the authority and directions contained in the decretal order of the Circuit Court of Pulaski County, Arkansas, made and entered on September 10, 2015, in a certain cause (No. 60CV-12-3808) then pending between Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1, Plaintiff, and Theresa Marshall; Tenants of, *et al.,* Defendants, the undersigned, as Commissioner of said Court, will offer for sale at public venue to the highest bidder, at the Pulaski County Courthouse in which said Court is held, located in Little Rock, Arkansas, within the hours prescribed by law for judicial sales, on May 3, 2018 at 12:00 p.m., the following-described real estate, situated in Pulaski County, Arkansas:

Lot 10, Block B, Oak Forest Gardens Annex, to the City of Little Rock, Pulaski County, Arkansas.

Also known as 1408 Hendrix Avenue, Little Rock, AR 72204

TERMS OF SALE: On a credit of three months, provided the purchaser shall execute a commercial corporate surety bond as required by law and the order and decree of said Court in said cause, with approved security, bearing interest at the maximum legal rate per annum from date of sale until paid, and a lien being retained on the premises sold to secure the payment of the purchase money. The property will be sold subject to any and all property taxes due and payable.

GIVEN under my hand this 2nd day of April, 2018.


/s/Sherry Means
Commissioner in Circuit


3216



Exhibit 11

Prepared by:

WILSON & ASSOCIATES, P.L.L.C.
400 W. Capitol Avenue, Suite 1400
Little Rock, Arkansas 72201
(501) 219-9388


By:     /s/Samuel S. High
        Sammy High (2001125)
        Attorneys for Plaintiff


**FOR PUBLICATION PURPOSES ONLY in the *Arkansas Democrat-Gazette*:**

    FIRST PUBLICATION DATE: April 15, 2018
    SECOND PUBLICATION DATE:  April 22, 2018  (no less than 10 days before sale)

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

| | | |
|---|---|---|
| IN RE: | **THERESA MARSHALL,** | **Case No. 4:18-BK-12478** |
| | **DEBTOR** | **Chapter 13** |

### AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY PROVISIONS *IN REM* OF THE BANKRUPTCY CODE, AND IN THE ALTERNATIVE, MOTION TO DISMISS

Comes now Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1, United States Department of Veterans Affairs, Guaranteed REMIC Pass-Through Certificates, by and through its attorneys, Wilson & Associates, P.L.L.C., and for its Amended Motion for Relief from Automatic Stay In Rem, and in the alternative, Motion to Dismiss, against Theresa Marshall, Debtor herein, states:

1.    It is the servicer of the deed of trust and note originally executed by Theresa Marshall dated October 27, 1992, securing payment in the principal sum of $38,550.00 to Secretary of Veterans Affairs, an Officer of the United States of America. This deed of trust encumbers the real property located at 1408 Hendrix Avenue, Little Rock, Arkansas 72204, ("the Mortgaged Property") more particularly described as follows:

### LOT 10, BLOCK B, OAK FOREST GARDENS ANNEX, TO THE CITY OF LITTLE ROCK, PULASKI COUNTY, ARKANSAS.

2.    The case at bar is the Debtor's sixth bankruptcy petition filing. The first case was a Chapter 7 petition filed on November 21, 1995, Case No. 95-43532 that dismissed on December 16, 2001. The second case was a Chapter 13 petition filed on February 15, 2002, Case No. 02-11804 that dismissed on May 11, 2005. The third case was a Chapter 13 petition filed on August 15, 2005,

**Exhibit 13**

Case No. 05-20492 that dismissed on February 12, 2008 for violation of a strict compliance order. The fourth case was a Chapter 13 petition filed on June 9, 2008, Case No. 08-13441 that dismissed on July 29, 2008 for failure to make plan payments.

3.      On September 10, 2015, the Circuit Court of Pulaski County, Arkansas entered its Order and Decree in Case No. 60CV-12-3808, Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1 vs. Theresa Marshall, (the "Foreclosure Decree"). The Debtor is the same person as Theresa Marshall named in the Foreclosure Decree. A copy of the Foreclosure Decree is attached as Exhibit "A".

4.      In the Foreclosure Decree, Deutsche Bank was granted a personal judgment against the Debtor and a judgment in rem against the Mortgaged Property in the principal amount of $29,378.71 plus interest, escrow advances and attorney's fees, for a total judgment, as of July 10, 2015, of $57,180.99. The Foreclosure Decree provided that if the judgment was not paid within 10 days, the Mortgaged Property was to be sold at Commissioner's Sale.

5.      The Debtor did not make any payments on the judgment and the Mortgaged Property was scheduled to be sold on October 27, 2016 at a Commissioner's Sale. The Debtor filed her fifth bankruptcy case on October 26, 2016, Case No. 16-15651, one day prior to the sale. The case dismissed on December 6, 2017, for violation of a strict compliance order.

6.      In an apparent attempt to delay foreclosure, the Debtor filed meritless appeals after dismissal of the case. The Debtor filed a Motion to Reconsider the Order Dismissing this case on December 15, 2017, and on March 1, 2018, an Order Denying the Motion to Reconsider was entered. On March 13, 2018, the Debtor appealed the Court's Order Dismissing the case as well as the Order Denying Motion to Reconsider, and on March 20, 2018, a Final Order by the United States Bankruptcy Appellate Panel for the Eighth Circuit was entered dismissing the appeal. On

April 19, 2018, the Debtor filed an Emergency Motion for Stay Pending Appeal and on April 26, 2018, an Order Denying Emergency Motion for Stay Pending Appeal was entered.

7.      The Mortgaged Property was scheduled to be sold on May 3, 2018 at 12:00 P.M. The current case, which is the Debtor's sixth case to bar, was filed on May 3, 2018 at 11:35 A.M., twenty-five minutes prior to the scheduled sale of the Mortgaged Property.

8.      The Debtor filed a Voluntary Petition (Docket #1) on May 3, 2018 in her current case, but did not file the required schedules. On Page 5 of the Debtor's Voluntary Petition, Part 5, Question 15, the Debtor checked the box indicating that she received a briefing from an approved credit counseling agency within the 180 days before the filing date of the bankruptcy, and received a certificate of completion. On Page 6 of the Debtor's Voluntary Petition, Part 7, the Debtor signed her name, affirming under penalty of perjury that the information provided was true and correct. However, the Debtor failed to file a Credit Counseling Certificate of Completion until May 31, 2018 (Docket #35). The Debtor's Credit Counseling Certificate indicates that the required credit counseling course was conducted on May 31, 2018, twenty-eight days after the filing of the bankruptcy case.

9.      Movant is entitled to relief from the operation of the automatic stay *in rem* pursuant to 11 U.S.C. § 362(d) because Movant's interest in the property referred to above will not be adequately protected if the stay is allowed to remain in full force and effect, and the Debtor has not demonstrated reasonable likelihood that Debtor will be able to make payments to Movant as required to keep the collateral from deteriorating.

10.     The Debtor has failed to provide Movant with adequate protection of its interest in the property by failing to maintain the deed of trust payments to Movant and by filing numerous bankruptcy petitions in a short period of time, on the eve of foreclosure. As of May 9, 2018, the

Debtor is due for the August 1, 2007 payment. The Debtor has not demonstrated an intent or ability to make payments and appears to be filing in an effort to prevent creditors from exercising their legal rights. Therefore, the Court should grant Movant relief from the automatic stay *in rem* to enable Movant to foreclose against and liquidate the property and, if appropriate, to file an unsecured claim in this Chapter 13 proceeding.

11.     The Debtor's pattern of conduct in filing multiple bankruptcy cases on the eve of foreclosure, filing numerous frivolous pleadings in each of her bankruptcy cases, and failing to make plan payments as required by the Court, evidences a lack of good faith and an intent to delay and hinder Movant from proceeding with state-court remedies. Therefore, Movant requests that the case be dismissed for cause pursuant to 11 U.S.C. § 1307(c).

12.     Movant requests that Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure not apply in this case, thus permitting it to immediately enforce and implement an order granting relief from the automatic stay *in rem*.

WHEREFORE, Movant prays that it be granted relief from the automatic stay *in rem*, that it be allowed to initiate foreclosure proceedings against the property securing the Debtor's deed of trust and note; or alternatively, that its Motion to Dismiss be granted; that the provisions of Fed. R. Bankr. P. 4001(a)(3) be waived; for its costs and attorney's fees herein, and all other just and proper relief.

Respectfully Submitted,

WILSON & ASSOCIATES, P.L.L.C.

/s/ Jennifer Wyse
Samuel S. High (2001125)
Jennifer Wyse (2015092)
Kathryn Lachowsky (2012039)

400 West Capitol Avenue, Suite 1400
Little Rock, AR 72201
(501) 219-9388

Counsel for Movant

## CERTIFICATE OF SERVICE

On 28th day of June, 2018, copies of the Amended Motion for Relief from the Automatic Stay Provisions *In Rem* of the Bankruptcy Code, and in the alternative, Motion to Dismiss, were served by United States Mail, postage prepaid, or electronically through the electronic case filing system (ECF) upon:

Theresa Marshall
Defendant Pro Se
1408 Hendrix Ave.
Little Rock, AR 72204

Mark T. McCarty (ECF)
Trustee
P.O. Box 5006
N. Little Rock, AR 72119-5006

/s/ Jennifer Wyse
Samuel S. High (2001125)
Jennifer Wyse (2015092)
Kathryn Lachowsky (2012039)

Fill in this information to identify the case:                          d: 08/01/18 09:06:52   Page 1 of 2

| Debtor 1 | THERESA | | MARSHALL |
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
| (Spouse, if filing) First Name | | Middle Name | Last Name |

United States Bankruptcy Court for the:  EASTERN District of _ARKANSAS

Case number  18-bk-12478
(if known)

**FILED**
U.S. BANKRUPTCY COURT
EAST & WEST DISTS OF AR

**JUL 3 1 2018**

JEAN ROLFS, CLERK by____

## Official Form 423

# Certification About a Financial Management Course                          12/15

If you are an individual, you must take an approved course about personal financial management if:

- **you filed for bankruptcy under chapter 7 or 13, or**
- **you filed for bankruptcy under chapter 11 and § 1141 (d)(3) applies.**

In a joint case, each debtor must take the course. 11 U.S.C. §§ 727(a)(11) and 1328(g).

After you finish the course, the provider will give you a certificate. The provider may notify the court that you have completed the course. If the provider does notify the court, you need not file this form. If the provider does not notify the court, then Debtor 1 and Debtor 2 must each file this form with the certificate number before your debts will be discharged.

☑ If you filed under chapter 7 and you need to file this form, file it within 60 days after the first date set for the meeting of creditors under § 341 of the Bankruptcy Code.

☑ If you filed under chapter 11 or 13 and you need to file this form, file it before you make the last payment that your plan requires or before you file a motion for a discharge under § 1141(d)(5)(B) or § 1328(b) of the Bankruptcy Code. Fed. R. Bankr. P. 1007(c).

In some cases, the court can waive the requirement to take the financial management course. To have the requirement waived, you must file a motion with the court and obtain a court order.

| Part 1: | Tell the Court About the Required Course |

You must check one:

☑ **I completed an approved course in personal financial management:**

Date I took the course        05/31/2018
                              MM  /  DD  /  YYYY

Name of approved provider     Abacus Credit Counseling

Certificate number            12459-ARE-CC-031111990

☐ **I am not required to complete a course in personal financial management because the court has granted my motion for a waiver of the requirement based on** (check one):

☐ **Incapacity.**  I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**  My physical disability causes me to be unable to complete a course in personal financial management in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**  I am currently on active military duty in a military combat zone.

☐ **Residence.**  I live in a district in which the United States trustee (or bankruptcy administrator) has determined that the approved instructional courses cannot adequately meet my needs.

| Part 2: | Sign Here |

I certify that the information I have provided is true and correct.                          **Exhibit 15**

_Theresa Marshall_
Signature of debtor named on certificate

Theresa Marshall
Printed name of debtor

Date 07/27/2018
     MM  / DD /  YYYY

Official Form 423                          Certification About a Financial Management Course

Form nreqfin

# UNITED STATES BANKRUPTCY COURT

Eastern District of Arkansas

Case No.: 4:18-bk-12478
Chapter: 13
Judge: Richard D. Taylor

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Theresa Marshall
1408 Hendrix Ave.
Little Rock, AR 72204

Social Security No.:
xxx-xx-1812

Employer's Tax I.D. No.:

## NOTICE OF REQUIREMENT TO FILE A STATEMENT
## OF COMPLETION OF COURSE IN PERSONAL FINANCIAL MANAGEMENT
### (Official Form 423)

Notice is hereby given that, subject to limited exceptions, a debtor must complete an instructional course in personal financial management in order to receive a discharge under chapter 13 (11 U.S.C. § 1328(g)(1)). Pursuant to Bankruptcy Rule 1007(b)(7), unless an approved provider of an instructional course concerning personal financial management has notified the court that a debtor has completed the course after filing the petition, the debtor(s) must complete and file Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management (Official Form 423) as described in 11 U.S.C. § 111.

Unless an approved provider of an instructional course concerning personal financial management has notified the court that a debtor has completed the course after filing the petition, debtor(s) and/or debtor(s)' attorney is/are hereby notified that the debtor(s) must file Official Form 423 no later than the last payment made by the debtor as required by the plan or no later than the filing of a motion for entry of discharge under § 1328(b). This may be the only notice the debtor(s) and/or the debtor(s)' attorney receives regarding completion of an instructional course in personal financial management. Failure to file the certification will result in the case being closed without an entry of discharge.

Jean Rolfs
Clerk, U.S. Bankruptcy Court

Dated: 7/16/18

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2018-Aug-13  16:36:52
60CV-12-3808
C06D05 : 2 Pages

## COMMISSIONER'S SALE NOTICE

NOTICE IS HEREBY GIVEN that pursuant to the authority and directions contained in the decretal order of the Circuit Court of Pulaski County, Arkansas, made and entered on September 10, 2015, in a certain cause (No. 60CV-12-3808) then pending between Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1, Plaintiff, and Theresa Marshall; Tenants of, *et al.,* Defendants, the undersigned, as Commissioner of said Court, will offer for sale at public venue to the highest bidder, at the Pulaski County Courthouse in which said Court is held, located in Little Rock, Arkansas, within the hours prescribed by law for judicial sales, on September 6, 2018 at 12:00 p.m., the following-described real estate, situated in Pulaski County, Arkansas:

> Lot 10, Block B, Oak Forest Gardens Annex, to the City of Little Rock, Pulaski County, Arkansas.

> Also known as 1408 Hendrix Avenue, Little Rock, AR  72204

TERMS OF SALE:  On a credit of three months, provided the purchaser shall execute a commercial corporate surety bond as required by law and the order and decree of said Court in said cause, with approved security, bearing interest at the maximum legal rate per annum from date of sale until paid, and a lien being retained on the premises sold to secure the payment of the purchase money.  The property will be sold subject to any and all property taxes due and payable.

GIVEN under my hand this 13TH day of August, 2018.

> /s/Sherry Means
> Commissioner in Circuit

Exhibit 16

Prepared by:

WILSON & ASSOCIATES, P.L.L.C.
400 W. Capitol Avenue, Suite 1400
Little Rock, Arkansas  72201
(501) 219-9388


By:     /s/Samuel S. High _____
         Sammy High (2001125)
         Attorneys for Plaintiff


**FOR PUBLICATION PURPOSES ONLY in the *Arkansas Democrat-Gazette*:**


         PUBLICATION DATES:      August 19th & August 26th  (no less than 10 days before sale)

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2018-Aug-13  16:36:52
60CV-12-3808
C06D05 : 1 Page

**Rhonda S. Wharton**

| | |
|---|---|
| **From:** | Rhonda S. Wharton |
| **Sent:** | Monday, August 13, 2018 12:26 PM |
| **To:** | legalads@arkansasonline.com; Sammy High |
| **Cc:** | 'Gwen Finley'; Sherry K. Means; Camille R. Drackette; Rhonda S. Wharton |
| **Subject:** | 60CV-12-3808 DEUTSCHE BANK NATIONAL TRUST CO, ET AL V THERESA MARSHALL |
| **Attachments:** | 60CV-12-3808 FCJ_Commissioners Sale Notice 8.13.18.doc |
| **Importance:** | High |

Attached please find a notice of commissioner's sale in the above styled case for publication *two (2)* times in the Arkansas Democrat-Gazette, with first publication on Sunday, August 19 and second publication on Sunday, August 26, 2018.  Please forward proof of publication and statement of costs to:

**Gwen Finley\***
Executive Assistant to Aaron L. Squyres
Legal Assistant to Samuel S. High



**WILSON &
ASSOCIATES**
ATTORNEYS AT LAW

400 W. Capitol Avenue, Suite 1400
Little Rock, AR 72201
Main: (501) 219-9388   Direct: (501) 734-2232
Fax. (501) 734-4592

E-mail: gfinley@thewilsonlawfirm.com

Please let me or Ms. Finley know if there are any problems with the publication so we may resolve them and proceed with the sale as scheduled.  Please confirm receipt of this e-mail and that publication for two times is confirmed.  Thank you for your assistance.

*Rhonda Wharton
Operations Manager
Pulaski Circuit/County Clerk
401 W. Markham Ave, Suite 120
Little Rock, AR 72201
Phone:  501-340-3414*

EXHIBIT  17

1

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2018-Sep-06 13:28:23
60CV-12-3808
C06D05 : 1 Page

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

## SEPTEMBER 6, 2018, AT 12:00 P.M.

**DEUTSCHE BANK NATIONAL TRUST CO., ET AL          PLAINTIFF**

**VS.                     NO. 60CV-12-3808**

**THERESA MARSHALL, ET AL                    DEFENDANTS**

## LEGAL DESCRIPTION

**Lot 10, Block B, Oak Forest Gardens Annex, to the City of Little Rock, Pulaski County, Arkansas.**

**Also known as 1408 Hendrix Avenue, Little Rock, AR 72204**

## COMMISSIONER'S BID FORM

| NAME | AMOUNT BID |
|---|---|
| sold to | |
| Deutsche Bank Natl Trust Co. | $37,100.00 |

Exhibit 20

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

**DEUTSCHE BANK NATIONAL TRUST COMPANY,**
**AS TRUSTEE FOR VENDEE MORTGAGE TRUST 1993-1**

**PLAINTIFF**

**vs.**                                    **NO.  60CV-12-3808**

**THERESA MARSHALL**

**DEFENDANTS**

<u>**WRIT OF ASSISTANCE**</u>

**THE STATE OF ARKANSAS TO**
**THE SHERIFF OF PULASKI COUNTY, ARKANSAS**

WHEREAS, the person or persons occupying the real property described herein have failed and refused to surrender possession of same to the true and rightful owner, Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1, the same being entitled to possession as the result of a Decree of Foreclosure, Order of Confirmation, Commissioner's Deed, and Order approving and acknowledging such Deed, all entered in this Court according to law; and

WHEREAS, said purchaser and grantee, Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1, has applied for a Writ of Assistance as duly authorized by the Decree in order to obtain possession of the following-described lands:

LOT 10, BLOCK B, OAK FOREST GARDENS ANNEX, TO THE CITY OF LITTLE ROCK, PULASKI COUNTY, ARKANSAS.

Commonly known as 1408 HENDRIX AVENUE, LITTLE ROCK, AR 72204

NOW, THEREFORE, you are commanded to take possession herewith of said lands from any and all occupants and possessors of same and to deliver peaceful possession of said property to

Exhibit 20B

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR VENDEE MORTGAGE TRUST 1993-1, the rightful owner, purchaser, and grantee; and you are further directed to act promptly and to report to this Court your actions taken pursuant to this Writ.

WITNESS my hand and the seal as Clerk of said Court this _____ day of _____, _____.


LARRY CRANE, PULASKI County Circuit Clerk

By:    _____
        Deputy Clerk

PREPARED BY:

MARIA YODER (2006278)
WILSON & ASSOCIATES, P.L.L.C.
400 WEST CAPITOL AVENUE
SUITE 1400
LITTLE ROCK, AR 72201
(501) 734-4110

Attorneys for Plaintiff


W&A No. 9293216

**PLEASE POST AFTER THREE SERVICE ATTEMPTS,
OR IF PROPERTY IS DEEMED VACANT**



**LARRY CRANE**
PULASKI
CIRCUIT/COUNTY
CLERK

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2018-Apr-13  11:50:29
60CV-12-3808
C06D05 : 1 Page

401 WEST MARKHAM
STREET, SUITE 100
LITTLE ROCK, ARKANSAS
72201

April 13, 2018

# FAX COVER SHEET

TO:  Theresa Marshall

FAX #:  501-666-3923

RE:  Deutsche Bank National Trust Co., As Trustee for Vendee Mortgage Trust 1993-1 VS.
Theresa Marshall
Case # 60CV-12-3808

Ms. Marshall:

We have this date received two faxes from you, one addressed to Rhonda
Wharton, and one addressed to Nancy Sadler with the request to file the documents to the above
styled case, including, Fax Cover Sheet addressed to Nancy Sadler (1 page), letter dated
February 13, 2018 to Rhonda Wharton (1 page), copy of Temporary Restraining Order filed 6-
15-2010 in case number 60CV-10-2696 (3 pages), a copy of USC Title 38 Sec. 3732 Procedure
on default (1 page).  We have not filed these documents to the case.  I am attaching a copy of an
Order filed on October 23, 2015, signed by Judge Griffen.  In the last line of this order it states
the following:

"With the exception of a notice of appeal, the Clerk is hereby ordered to reject all subsequent
pleadings filed by Defendant."

Therefore, we will not be filing the documents faxed to our office today or any
future documents from you.

Rhonda Wharton, Operations Manager
Phone:  501-340-3414
E-Mail: rwharton@pulaskiclerk.com

**Pulaski County follows all federal, state, and local nondiscrimination laws. Please contact us if
you need this information in another language, large print, or braille.**

**El Condado de Pulaski se acata a las leyes federales, estatales y locales contra la
discriminación. Si usted necesita ésta información en otro idioma, con letra grande o en
braille, por favor comuníquese con nosotros.**

*Clerk Note - Mrs. Marshall Called & Confirmed
reciept of Fax. RWharton DC*

EXHIBIT 20C

4.95-43532 E THERESA MARSHALL

| D a t e | | Code | Creditor Name | Cred | Clm | ID | Amount | Check No |
|---|---|---|---|---|---|---|---|---|
| Mar 31, | 1996 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 877.43 | 0692159 |
| Apr 30, | 1996 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 164.28 | 0700703 |
| Jun 30, | 1996 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 231.18 | 0710643 |
| Jul 31, | 1996 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 203.32 | 0715853 |
| Sep 30, | 1996 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 354.00 | 0726006 |
| Oct 31, | 1996 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 422.64 | 0729192 |
| Dec 31, | 1996 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 750.84 | 0741760 |
| Jan 31, | 1997 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 375.42 | 0747009 |
| Mar 31, | 1997 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 600.84 | 0754302 |
| May 31, | 1997 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 650.84 | 0766975 |
| Jul 31, | 1997 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 744.71 | 0778217 |
| Sep 30, | 1997 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 832.41 | 0789676 |
| Nov 30, | 1997 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 399.01 | 0801256 |
| Dec 31, | 1997 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 415.01 | 0807088 |
| Jan 31, | 1998 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 846.02 | 0812990 |
| Mar 31, | 1998 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 830.02 | 0825125 |
| May 31, | 1998 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 830.02 | 0837330 |
| Jul 31, | 1998 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 843.45 | 0849642 |
| Sep 30, | 1998 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 854.00 | 0862326 |
| Nov 30, | 1998 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 840.17 | 0874816 |
| Jan 31, | 1999 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 548.80 | 0888771 |
| Feb 28, | 1999 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 267.90 | 0897818 |
| Mar 31, | 1999 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 497.04 | 0904574 |
| Apr 30, | 1999 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 528.98 | 0911128 |
| May 31, | 1999 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 220.43 | 0917587 |
| Jun 30, | 1999 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 368.00 | 0924167 |
| Aug 31, | 1999 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 887.40 | 0937373 |
| Sep 30, | 1999 | PRIN | D-VENDEE MORTGAGE TRUS | 344916 | 0001 | T99 | 420.59 | 0949979 |
| Nov 30, | 1999 | PRIN | D-GE CAPITAL MORTG SER | 103191 | 0001 | T99 | 399.45 | &0959839 |
| Dec 31, | 1999 | PRIN | D-GE CAPITAL MORTG SER | 103191 | 0001 | T99 | 415.45 | &0966559 |
| Jan 31, | 2000 | PRIN | D-GE CAPITAL MORTG SER | 103191 | 0001 | T99 | 215.45 | &0973127 |
| Feb 29, | 2000 | PRIN | D-GE CAPITAL MORTG SER | 103191 | 0001 | T99 | 492.73 | &0979724 |
| Mar 31, | 2000 | PRIN | D-GE CAPITAL MORTG SER | 103191 | 0001 | T99 | 415.45 | &0986466 |
| May 31, | 2000 | PRIN | D-GE CAPITAL MORTG SER | 103191 | 0001 | T99 | 289.75 | &0999811 |
| Jun 30, | 2000 | PRIN | D-GE CAPITAL MORTG SER | 103191 | 0001 | T99 | 452.20 | &1006534 |
| Jul 31, | 2000 | PRIN | D-GE CAPITAL MORTG SER | 103191 | 0001 | T99 | 403.30 | &1013108 |
| Aug 10, | 2000 | COCP | D-GE CAPITAL MORTG SER | 103191 | 0001 | TC2 | 403.30- | &1013108 |
| Aug 10, | 2000 | CPRN | D-GE CAPITAL MORTG SER | 103191 | 0001 | TC2 | 403.30 | 0004544 |
| Aug 31, | 2000 | PRIN | D-GE CAPITAL MORTG SER | 103191 | 0001 | T99 | 544.63 | &1020242 |
| Sep 30, | 2000 | PRIN | D-GE CAPITAL MORTG SER | 103191 | 0001 | T99 | 746.10 | &1026851 |
| Nov 30, | 2000 | PRIN | D-GE CAPITAL MORTG SER | 103191 | 0001 | T99 | 293.71 | &1040165 |
| Jan 31, | 2001 | PRIN | D-GE CAPITAL MORTGAGE | 143665 | 0001 | T99 | 387.84 | &1052833 |
| Mar 31, | 2001 | PRIN | D-GE CAPITAL MORTGAGE | 143665 | 0001 | T99 | 1,227.62 | &0014086 |
| May 31, | 2001 | PRIN | D-GE CAPITAL MORTGAGE | 143665 | 0001 | T99 | 387.84 | &0020359 |
| Jul 31, | 2001 | PRIN | D-WELLS FARGO HOME MOR | 052150 | 0001 | T99 | 92.00 | &0027888 |

```
*** T O T A L ***                          Gross:    22,568.27
                                           Less:           .00
                                           Net:      22,568.27
```

EXHIBIT 26

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS

IN RE:

THERESA MARSHALL                                    CASE NO. 95-43532 S/B
1408 HENDRIX AVE                                    JUDGE MARY DAVIES SCOTT
LITTLE ROCK AR

                         72204-0000
a/k/a                                               DATE: 09/18/01
         Debtor(s)
SSN(1)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 SSN(2)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

---------------------------------------------------------------------
                     TRUSTEE'S FINAL REPORT
                        AND ACCOUNT
---------------------------------------------------------------------

    JOYCE BRADLEY BABIN      , Trustee for the above case, submits the following
final report and account of the administration of the estate pursuant to
11 USC 1302 (b)(1).

    1. The case was filed on 11/21/95 and confirmed on 01/10/96.
The case was subsequently CONVERTED AFTER CONFIRMATION       on 07/09/01.

    2. The amount paid to the Trustee by or on behalf of the debtor(s) was
$ 26,144.50 .

    3. The Trustee made disbursements to creditors as follows:

| CREDITOR NAME | CLASS | CLAIM AMT | PRIN PD | INT PD | BAL DUE |
|---|---|---|---|---|---|
| *MIDLAND RISK SERVICES, IN | AUTO INSU | 1,079.00 | 1,079.00 | .00 | .00 |
| COMCAST CABLEVISION OF AR | UNLISTED | 135.12 | .00 | .00 | .00 |
| DR EDWIN BARRON JR | NOT FILED | .00 | .00 | .00 | .00 |
| ECMC | UNSECURED | 8,666.95 | .00 | .00 | .00 |
| EVERETT O MARTINDALE | ADDITIONA | 200.00 | 200.00 | .00 | .00 |
| JAMES S SCOTT SR | UNSECURED | 2,680.49 | .00 | .00 | .00 |
| JEAN M MADDEN | ADDITIONA | 272.00 | 272.00 | .00 | .00 |
| JEAN M MADDEN | ORIGINAL | 1,000.00 | 947.73 | .00 | 52.27 |
| NEILL REED | SECURED B | 75.00 | .00 | .00 | 118.46 |
| NEILL REED | UNSECURED | 150.04 | .00 | .00 | .00 |
| STORER CABLE TV | NOT FILED | .00 | .00 | .00 | .00 |
| WELLS FARGO HOME MORTGAGE | MORTGAGE | .00 | 22,568.27 | .00 | .00 |
| WELLS FARGO HOME MORTGAGE | MORTGAGE | 796.88 | .00 | .00 | 796.88 |

Superior Federal Bank

11-01-02 11:16   Page 1/1

**THERESA MARSHALL**   6-01
1408 HENDRIX   PH. 501-868-3923
LITTLE ROCK, AR 72204

81-7018/2829
76

1027

Date 7-26-2001

Pay to the
Order of Wells Fargo Home Mortgage Inc   $ 730.08

SEVEN hundred thirty dollars 08/100 ——————— Dollars

**SUPERIOR**
FEDERAL BANK
LITTLE ROCK, AR 72204

For loan # 2141088960   Theresa Marshall

⑆28297018⑆ ⑈53619412009⑈ 1027 ⑆0000073008⑆

08-06-2001 102-3137 1027 $730.08

08-04-2001 102-3137 1027 $730.08

11/1  2.00  Charged
11/4   .50  Refund

131

**4:95-bk-43532** Theresa Marshall
**Case type:** bk **Chapter:** 7 **Asset:** No **Vol:** v **Judge:** Audrey R. Evans
**Date filed:** 11/21/1995 **Date of last filing:** 05/26/2002
**Date terminated:** 05/26/2002

# Case Summary

| | | |
|---|---|---|
| **Office:** Little Rock | **Filed:** 11/21/1995 | |
| **County:** Pulaski | **Terminated:** 05/26/2002 | |
| **Fee:** Paid | **Discharged:** | |
| **Origin:** 0 | **Reopened:** - | |
| **Previous term:** | **Converted:** 07/09/2001 | |
| | **Dismissed:** 12/16/2001 | |
| **Joint:** n | **Confirmation hearing:** | |

**--Disposition :** Dismissed for Other Reason

**Nature of debt:** consumer
**Related adversary proceedings:** 4:99-ap-04055
**--Pending status:** Awaiting Discharge ,Case Closed
**Flags:** CLOSED

| | | |
|---|---|---|
| **Trustee:** U.S. Trustee (ust) | **City:** Little Rock **Phone:** 501-324-7357 | **Fax:** 501-324-7388 | **Email:** USTPRegion13.LR.ECF@usdoj.gov |
| **Trustee:** James F. Dowden | **City:** Little Rock **Phone:** (501) 324-4700 | **Email:** jfdowden@swbell.net |

**Party 1:** Marshall, Theresa  (xxx-xx-1812)  (Debtor)

| | | |
|---|---|---|
| **Atty:** Jean M. Madden (T) | **Represents party 1:** Debtor | **Phone:** (501) 378-7700 **Fax:** (501) 374-8401 **Email:** maddenlaw@aristotle.net |
| **Atty:** Everett O. Martindale (T) | **Represents party 1:** Debtor | **Phone:** (501) 372-7600 **Fax:** (501) 376-9612 **Email:** 3v3r3tt@sbcglobal.net |

**Location of case files:**

**Volume:** CS1
**Ship ID:** 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
**Box No:** 5of50
**FRC Accession No:** 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

132

From David D Coop, CH 13 Trustee    To 5404714    Page: 4/7

| Case Overview | | | Thursday, January 24, 2008 |
|---|---|---|---|
| **Case No. 4:02-bk-11804 M** | THERESA MARSHALL | | 10:35 am |
| | | | User: |

## DISBURSEMENT HISTORY

| DATE | DESCRIPTION | | CREDITOR # | CHECK NO. | AMOUNT |
|---|---|---|---|---|---|
| **DAVID D COOP, TRUSTEE** | | Claim Number 0 | | | |
| Mar 31, 2002 | NOTICE FEE/TRUSTEE | DAVID D COOP, TRUSTEE | 130001 | 1097391 | $40.00 |
| **TOTAL FOR CLAIM NUMBER: 0** | | | | | **$40.00** |
| **WELLS FARGO HOME MORTGAGE** | | Claim Number 1 | | | |
| Jun 30, 2002 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1105711 | $1,346.70 |
| Aug 31, 2002 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1111339 | $1,009.26 |
| Sep 30, 2002 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1114174 | $517.13 |
| Oct 31, 2002 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1117019 | $497.44 |
| Nov 30, 2002 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1119919 | $406.00 |
| Dec 31, 2002 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1122752 | $284.25 |
| Jan 31, 2003 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1125591 | $402.39 |
| Mar 31, 2003 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1131316 | $686.64 |
| Apr 30, 2003 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1134479 | $325.30 |
| May 31, 2003 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1137393 | $172.14 |
| Jun 30, 2003 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1140170 | $532.52 |
| Aug 31, 2003 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1145731 | $509.26 |
| Sep 30, 2003 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1148575 | $520.70 |
| Oct 31, 2003 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1151595 | $343.32 |
| Nov 30, 2003 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1154446 | $343.32 |
| Dec 31, 2003 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1157525 | $343.32 |
| Jan 31, 2004 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1160353 | $343.32 |
| Mar 31, 2004 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1166425 | $686.64 |
| Apr 30, 2004 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1169357 | $343.32 |
| Jun 30, 2004 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1175236 | $686.64 |
| Jul 31, 2004 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1178207 | $343.32 |
| Sep 30, 2004 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1184142 | $509.26 |
| Oct 31, 2004 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1187023 | $282.00 |
| Mar 31, 2005 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1202094 | $510.27 |
| Apr 11, 2005 | CONTINUING DEBT/PAYMENTS CAN | WELLS FARGO HOME MORTGAGE | 301415 | 1202094 | ($510.27) |
| Apr 11, 2005 | PRINCIPAL PAYMENT/CONTINUING | WELLS FARGO HOME MORTGAGE | 301415 | 6927 | $510.27 |
| Apr 29, 2005 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 180595 | 1205124 | $510.27 |
| **TOTAL FOR CLAIM NUMBER: 1** | | | | | **$12,554.71** |
| **WELLS FARGO HOME MORTGAGE** | | Claim Number 2 | | | |
| Nov 30, 2002 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1119919 | $91.44 |
| Jan 31, 2003 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1125591 | $308.23 |
| Mar 31, 2003 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1131316 | $308.24 |
| Jun 30, 2003 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1140170 | $462.35 |
| Sep 30, 2003 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1148575 | $497.60 |
| Oct 31, 2003 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1151595 | $155.43 |
| Nov 30, 2003 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1154446 | $155.43 |
| Dec 31, 2003 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1157525 | $155.43 |
| Jan 31, 2004 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1160353 | $155.43 |
| Mar 31, 2004 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1166425 | $310.86 |
| Apr 30, 2004 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1169357 | $118.94 |
| Jul 31, 2004 | PRINCIPAL PAYMENT | WELLS FARGO HOME MORTGAGE | 301415 | 1178207 | $165.93 |
| **TOTAL FOR CLAIM NUMBER: 2** | | | | | **$2,885.51** |
| **ECMC** | | Claim Number 5 | | | |
| Jun 30, 2005 | PRINCIPAL PAYMENT | ECMC | 119678 | 1209430 | $510.27 |

**EXHIBIT 26**

133

**Case Cverview**

Case No. 4:05-bk-20492 M

THERESA MARSHALL

Friday, February 15, 2008
9:46 am
User:

### DISBURSEMENT HISTORY

| DATE | DESCRIPTION | | CREDITOR # | CHECK NO. | AMOUNT |
|---|---|---|---|---|---|
| **WELLS FARGO - BANKRUPTCY DEPT** | | Claim Number 1 | | | |
| Apr 30, 2006 | PRINCIPAL PAYMENT | WELLS FARGO - BANKRUPTCY DEPT | 238799 | 1242512 | $1,860.42 |
| May 31, 2006 | PRINCIPAL PAYMENT | WELLS FARGO - BANKRUPTCY DEPT | 238799 | 1245693 | $461.87 |
| Jun 30, 2006 | PRINCIPAL PAYMENT | WELLS FARGO - BANKRUPTCY DEPT | 238799 | 1248818 | $923.75 |
| Nov 06, 2006 | PRINCIPAL PAYMENT/CONTINUI | WELLS FARGO - BANKRUPTCY DEPT | 238799 | 1264059 | $1,618.78 |
| Nov 30, 2006 | PRINCIPAL PAYMENT | WELLS FARGO - BANKRUPTCY DEPT | 238799 | 1266851 | $1,018.78 |
| Dec 31, 2006 | PRINCIPAL PAYMENT | WELLS FARGO - BANKRUPTCY DEPT | 238799 | 1269836 | $509.39 |
| Feb 28, 2007 | PRINCIPAL PAYMENT | WELLS FARGO - BANKRUPTCY DEPT | 238799 | 1275707 | $509.39 |
| Mar 31, 2007 | PRINCIPAL PAYMENT | WELLS FARGO - BANKRUPTCY DEPT | 238799 | 1278574 | $509.39 |
| Apr 30, 2007 | PRINCIPAL PAYMENT | WELLS FARGO - BANKRUPTCY DEPT | 238799 | 1281397 | $1,010.80 |
| May 31, 2007 | PRINCIPAL PAYMENT | WELLS FARGO - BANKRUPTCY DEPT | 238799 | 1284282 | $514.90 |
| Jun 30, 2007 | PRINCIPAL PAYMENT | WELLS FARGO - BANKRUPTCY DEPT | 238799 | 1287090 | $514.90 |
| Jul 31, 2007 | PRINCIPAL PAYMENT | WELLS FARGO - BANKRUPTCY DEPT | 238799 | 1289977 | $514.90 |
| Aug 06, 2007 | PRINCIPAL PAYMENT/CONTINUI | WELLS FARGO - BANKRUPTCY DEPT | 238799 | 1290243 | $1,010.80 |
| Aug 06, 2007 | CONTINUING DEBT/PAYMENTS ( | WELLS FARGO - BANKRUPTCY DEPT | 238799 | 1281397 | ($1,010.80) |
| Sep 30, 2007 | PRINCIPAL PAYMENT | WELLS FARGO - BANKRUPTCY DEPT | 238799 | 1295426 | $514.90 |
| **TOTAL FOR CLAIM NUMBER: 1** | | | | | **$10,482.17** |
| **Danyelle J. Walker** | | Claim Number 0 | | | |
| Apr 30, 2006 | ATTORNEY'S FEE | DANYELLE WALKER | 020624 | 1242490 | $800.00 |
| Apr 30, 2006 | ATTORNEY'S FEE | DANYELLE WALKER | 020624 | 1242490 | $266.04 |
| May 31, 2006 | ATTORNEY'S FEE | DANYELLE WALKER | 020624 | 1245671 | $46.19 |
| Jun 30, 2006 | ATTORNEY'S FEE | DANYELLE WALKER | 020624 | 1248795 | $92.38 |
| **TOTAL FOR CLAIM NUMBER: 0** | | | | | **$1,204.61** |

| | | |
|---|---|---|
| **DISBURSEMENT TOTAL** | | **$11,686.78** |

134

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN AND WESTERN DISTRICTS OF ARKANSAS

In Re: THERESA MARSHALL

Case No: 4:08-bk-13441 M

Chapter 13

JUDGE  JAMES G. MIXON

## TRUSTEE'S FINAL REPORT

## AND ACCOUNT

Mark T. McCarty, Trustee for the above case, submits the following final report and account of the administration of the estate pursuant to 11 USC 1302(b)(1).

1.  The case was filed on June 09, 2008 and was not confirmed.  This case was subsequently  DISMISSED PRIOR TO CONFIRMATION on July 29, 2008 .

2.  The amount paid to the Trustee by or on behalf of the debtor was $500.00.

3.  The Trustee made disbursements to creditors as follows:

| CREDITOR NAME | CLASS | CLAIM AMT | PRIN PD | INT PD | BAL DUE |
|---|---|---|---|---|---|
| ECMC | Unsecured (H) | 17,887.42 | 0.00 | 0.00 | 0.00 |
| UARK FEDERAL CREDIT UNION | Unsecured (H) | 1,669.99 | 0.00 | 0.00 | 0.00 |
| WELLS FARGO - BANKRUPTCY DEPT | Continuing - Mortgage Payment (D) | 0.00 | 0.00 | 0.00 | 0.00 |
| WELLS FARGO - BANKRUPTCY DEPT | Continuing - Mortgage Arrears (E) | 10,387.16 | 0.00 | 0.00 | 0.00 |

4.  Summary of disbursements to Creditors:

| | SECURED | PRIORITY | UNSECURED | CONTINUING | TOTAL |
|---|---|---|---|---|---|
| Claim Amount | $10,387.16 | $0.00 | $19,557.41 | $0.00 | $29,944.57 |
| Principal Paid | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Interest Paid | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

5.  Administrative Expenses:

Pursuant to Local Rule 2015-1 automobile insurance premiums were paid in the amount of  $0.00.

The debtor's attorney was allowed  $3,000.00 of which $246.00 was paid directly by the debtor(s) and $0.00 through the plan.

The Trustee was paid $0.00 pursuant to 28 USC 586 and $0.00 pursuant to court order, for administrative purposes.

Refunds to the debtor and/or attorney or new trustee total $500.00.

THERESA MARSHALL
CASE NO: 4:08-bk-13441 M

Mark T. Mccarty, Standing Trustee for the above named case, certifies to the Court and to the United States Trustee, that he has faithfully and properly fullfilled the duties of the standing trustee, and that the case has been fully administered.

Wherefore the trustee requests a final decree be entered which discharges the trustee and his surety from any and all liability on account of the above case, closes the estate, and grants such other relief as may be just and proper.

Date: 9/5/2008

/s/ Mark T. McCarty

Mark T. Mccarty, Trustee
P.O. Box 5006
North Little Rock,, AR  72119-5006
(501)374-1572

CC:  Clarence W. Cash
424 W 4Th Street Ste B
N Little Rock, AR  72114

Theresa Marshall
1408 Hendrix Avenue
Little Rock, AR  72204

| Case Overview | | Monday, March 18, 2019 |
|---|---|---|
| **Case Overview** | THERESA MARSHALL | 8:24 am |
| Case No. 4:16-bk-15651 T | | User: |

## DEBTOR PAY SCHEDULE

EOP = End Of Plan

| DEBTOR NAME | PAYEE NAME | FREQUENCY | START DATE | PERIODS | AMOUNT |
|---|---|---|---|---|---|
| THERESA MARSHALL | ADVANCED TRANSMISSIONS | BI-WEEKLY | 11/01/2016 | 10 | $421.38 |
| THERESA MARSHALL | THERESA MARSHALL | MONTHLY | 04/01/2017 | 1 | $913.00 |
| THERESA MARSHALL | THERESA MARSHALL | MONTHLY | 05/01/2017 | EOP | $392.39 |

## RECEIPT HISTORY

| RECEIPT DATE | RECEIPT SOURCE | RECEIPT DESCRIPTION | RECEIPT AMOUNT |
|---|---|---|---|
| Dec 23, 2016 | 18163 | Cashier's Check | $421.38 |
| Apr 24, 2017 | 18867 | Cashier's Check | $721.12 |
| May 23, 2017 | 19013 | Cashier's Check | $392.39 |
| Jun 20, 2017 | 19160 | Cashier's Check | $392.39 |
| Jul 31, 2017 | 19347 | Cashier's Check | $392.39 |
| Aug 31, 2017 | 19508 | Cashier's Check | $392.39 |
| Oct 02, 2017 | 19646 | Cashier's Check | $392.39 |
| Oct 27, 2017 | 19800 | Cashier's Check | $392.39 |
| Dec 18, 2017 | 2200 | Personal Check | $392.39 |
| Jan 02, 2018 | 2201 | Personal Check | $392.39 |

**TOTAL RECEIPTS  $4,281.62**

## DISBURSEMENT HISTORY

| DATE | DESCRIPTION | | CREDITOR # | CHECK NO. | AMOUNT |
|---|---|---|---|---|---|
| **THERESA MARSHALL** | | Claim Number 0 | | | |
| Dec 12, 2017 | Debtor Refund-Closing | THERESA MARSHALL | | 2102922 | $784.78 |
| Dec 12, 2017 | Debtor Refund-Closing | THERESA MARSHALL | | 2102923 | $1,239.41 |
| **TOTAL FOR CLAIM NUMBER: 0** | | | | | **$2,024.19** |
| **WELLS FARGO BANK N A** | | Claim Number 2 | | | |
| Jul 18, 2017 | CONTINUING DEBT PAYMENT | WELLS FARGO BANK N A | | 2096201 | $1,027.17 |
| Aug 21, 2017 | PRINCIPAL PAYMENT/CONTINUII | WELLS FARGO BANK N A | | 2097531 | $342.39 |
| **TOTAL FOR CLAIM NUMBER: 2** | | | | | **$1,369.56** |
| **THERESA MARSHALL** | | Claim Number 0 | | | |
| May 02, 2018 | Debtor Refund-FRA | THERESA MARSHALL | | 2109386 | $784.78 |
| **TOTAL FOR CLAIM NUMBER: 0** | | | | | **$784.78** |

**DISBURSEMENT TOTAL  $4,178.53**

137

## Case Overview

**Case No. 4:18-bk-12478 T**

THERESA MARSHALL

Wednesday, December 12, 2018
8:22 am
User:

---

### DEBTOR PAY SCHEDULE

EOP = End Of Plan

| DEBTOR NAME | PAYEE NAME | FREQUENCY | START DATE | PERIODS | AMOUNT |
|---|---|---|---|---|---|
| THERESA MARSHALL | ADVANCED TRANSMISSIONS | BI-WEEKLY | 06/01/2018 | 4 | $188.03 |
| THERESA MARSHALL | THERESA MARSHALL | MONTHLY | 08/01/2018 | EOP | $407.40 |

### RECEIPT HISTORY

| RECEIPT DATE | RECEIPT SOURCE | RECEIPT DESCRIPTION | RECEIPT AMOUNT |
|---|---|---|---|
| Jun 29, 2018 | 21110 | Cashier's Check | $188.03 |
| Jul 24, 2018 | 21239 | Cashier's Check | $376.06 |
| Aug 27, 2018 | 21454 | Cashier's Check | $407.40 |

TOTAL RECEIPTS $971.49

### DISBURSEMENT HISTORY

| DATE | DESCRIPTION | | CREDITOR # | CHECK NO. | AMOUNT |
|---|---|---|---|---|---|
| THERESA MARSHALL | | Claim Number 0 | | | |
| Oct 02, 2018 | Debtor Refund-Closing | THERESA MARSHALL | | 2115449 | $971.49 |
| **TOTAL FOR CLAIM NUMBER: 0** | | | | | **$971.49** |

DISBURSEMENT TOTAL   $971.49

138