IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

THERESA MARSHALL                                        PLAINTIFF

v.                              No. 4:21-cv-1091-DPM

WELLS FARGO & COMPANY;
WELLS FARGO BANK NA;  and
DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee
for Vendee Mortgage Trust 1993-1,
United States Department of Veterans
Administration's Guaranteed
Pass-Through Certificate                                 DEFENDANTS

## ORDER

1.     Marshall's application to proceed *in forma pauperis*, *Doc. 1*, is granted.  She reports no ability to pay the filing fee.  Her second IFP motion, *Doc. 8*, is moot and therefore denied without prejudice.

2.     Marshall's notice of related cases, *Doc. 3*, is approved.  This case is related to both *Marshall v. United States Trustee*, No. 4:20-cv-1373-DPM, and *Marshall v. Taylor*, 4:19-cv-913-DPM, and was properly assigned.  Through the years Marshall has pursued many bankruptcies. *In re Theresa Marshall*, 4:95-bk-43532 (E.D. Ark.); *Marshall v. AFSA Data Corp., et al.* 4:99-ap-04055 (E.D. Ark.); *In re Theresa Marshall*, 4:02-bk-11804 (E.D. Ark.); *In re Theresa Marshall*, 4:05-bk-20492 (E.D. Ark); *In re Theresa Marshall*, 4:08-bk-13441 (E.D. Ark.), *aff'd*, 407 B.R. 359 (B.A.P. 8th

Cir. 2009); *In re Theresa Marshall*, 4:16-bk-15651 (E.D. Ark.), *appeal dismissed*, No. 18-6008 (B.A.P. 8th Cir. 2018), *appeal dismissed*, No. 18-3142 (8th Cir. 2018), *appeal untimely*, No. 18-6009 (B.A.P. 8th Cir. 2018), *appeal untimely*, No. 18-6010 (B.A.P. 8th Cir. 2018), *aff'd*, 723 Fed. App'x 384 (8th Cir. 2018), *appeal dismissed*, No. 18-6016 (B.A.P. 8th Cir. 2018), *appeal dismissed*, No. 18-2791 (8th Cir. 2019), *appeal dismissed*, No. 19-6014 (B.A.P. 8th Cir. 2019), *appeal dismissed*, No. 19-6024 (B.A.P. 2020); *In re Theresa Marshall*, 4:18-bk-12478 (E.D. Ark.), *appeal dismissed*, No. 18-6021 (B.A.P. 2018), *appeal dismissed*, No. 18-6022 (B.A.P. 8th Cir. 2018), *aff'd*, 595 B.R. 269 (B.A.P. 8th Cir. 2019); *appeal dismissed*, No. 18-6024 (B.A.P. 8th Cir. 2018), *aff'd* 596 B.R. 366 (B.A.P. 8th Cir. 2019), *appeal dismissed*, No. 18-6025 (B.A.P. 8th Cir. 2018), *appeal dismissed*, No. 19-6042, (B.A.P. 8th Cir. 2020).   And she has another pending case, which involves related issues. *Marshall v. Educational Credit Management Group*, No. 4:21-cv-751-DPM.

**3.**   In this case, Marshall has filed a complaint, an amended complaint, and three motions to amend her amended complaint. These motions, *Doc. 5, 7, & 9*, are granted.   The Court must screen her pleadings, 28 U.S.C. § 1915(e)(2), and regrets its delay in doing so.

The core of this November 2021 case is Marshall's loss of her home through a state foreclosure proceeding that culminated in September and October of 2018.   Marshall has sued two Wells Fargo entities (who supposedly bought and serviced her mortgage loan) and Deutsche

Bank (who was a trustee involved with this VA-backed loan). She alleges these entities conspired with each other and others, committed fraud, engaged in deceptive trade practices, plus violated VA and bankruptcy rules. She says their efforts were aimed at increasing her indebtedness, prolonging her bankruptcies, and securing the foreclosure illegally. Marshall contends that Wells Fargo and Deutsche Bank accomplished all their aims. Her claims, however, face two insurmountable legal hurdles.

First, the statute of limitations. Marshall filed her complaint in November 2021. She alleges wrongful actions from 2002 through September 2018. All the torts alleged are subject to Arkansas's three year statute of limitations, ARK. CODE ANN. § 16-56-105. These claims are therefore untimely.

Marshall's deceptive trade practices claim is not barred by limitations. A five-year statute applies. ARK. CODE ANN. § 4-88-115. This claim, however, cannot get over the second hurdle facing this lawsuit — preclusion.

Marshall pleads that she knew about all her current claims years ago. *Doc. 4 at 20.* And she pressed these arguments in her 2016 and 2018 bankruptcies. *Doc. 53* in *In re Theresa Marshall*, 4:16-bk-15651 (6 March 2017 Motion to Show Fraud); *Doc. 58* in *In re Theresa Marshall*, 4:18-bk-12478 (27 June 2018 Motion to Dismiss for Fraud on the Court). In the 2016 case, her motion to show fraud was denied in the wake of

the Bankruptcy Court's dismissal of her case for not complying with various orders. *Doc. 273* in *In re Theresa Marshall*, 4:16-bk-15651 (7 December 2017). This probably was not a decision on the merits. In the 2018 case, though, the Bankruptcy Court rejected all her fraud-related arguments on the merits. *Doc. 177* in *In re Theresa Marshall*, 4:18-bk-12478 (6 September 2018). She could have pursued these matters further in those cases through adversarial actions or otherwise, and on appeal. The final orders of the Bankruptcy Court preclude relitigation now of the issues actually decided against her on the merits, the claims that were made and rejected or abandoned, and the claims that could have been made and were not. *Vibo Corp., Inc. v. State ex rel. McDaniel*, 2011 Ark. 124, *25, 380 S.W.3d 411, 427 (issue preclusion); *Hardy v. Hardy*, 2011 Ark. 82, *5-6, 380 S.W.3d 354, 357-58 (claim preclusion).

Marshall also litigated her deceptive trade practices claim against Deutsche Bank and a related Wells Fargo entity in this Court some years ago. *Marshall v. Deutsche Bank*, 4:10-cv-754-BRW. She lost. See *Doc. 22* in that case. She appealed, and the Court of Appeals affirmed Judge Wilson's decision. 445 F. App'x 900 (8th Cir. 2011) (unpublished). The law precludes her from relitigating this ADTPA claim. *Hardy*, *supra*.

At screening, the Court must and does accept the pleaded facts as true. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Marshall and the dockets are clear about when things happened and what matters were

-4-

litigated. Her pleading as amended fails as a matter of law based on limitations and preclusion. The dismissal will therefore be with prejudice because she cannot state a claim.

**4.** Marshall's motion for temporary injunction, *Doc. 6*, is denied as moot.

So Ordered.

*D.P. Marshall Jr.*

D.P. Marshall Jr.
United States District Judge

26 May 2022