IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

THERESA MARSHALL                                                          PLAINTIFF

v.                              No. 4:21-cv-1091-DPM

WELLS FARGO & COMPANY;
WELLS FARGO BANK NA; and
DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee
for Vendee Mortgage Trust 1993-1,
United States Department of Veterans
Administration's Guaranteed
Pass-Through Certificate                                                  DEFENDANTS

ORDER

Marshall moves for reconsideration of this Court's screening Order and Judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The Court has revisited the issues.

First, since she moved for reconsideration, Marshall has filed a notice of appeal and a motion to proceed *in forma pauperis* on appeal. The notice of appeal, *Doc. 15*, will ripen into effectiveness when this Order addressing Marshall's Rule 60 motion is entered. FED. R. APP. P. 4(a)(4)(B)(i). And she may file a new notice or amend her notice if she chooses. FED. R. APP. P. 4(a)(4)(B)(ii). Her motion to appeal *in forma pauperis*, *Doc. 16*, is denied as moot. The Court has already granted her motion to proceed *in forma pauperis*. *Doc. 12*. She therefore does not

need this Court's approval to proceed *in forma pauperis* on appeal. FED. R. APP. P. 24(a)(3).

Second, the Court stands by its limitations analysis. Many of Marshall's claims are barred by the applicable statutes of limitation.

Third, Marshall is correct about preclusion arising from her 2018 bankruptcy and her 2010 case against Deutsche Bank. For various reasons, those adjudications were not on the merits. The Court's analysis on these issues was mistaken.

Finally, for the reason explained by several courts, this Court simply cannot provide the relief Marshall seeks. This Court can't undo what an Arkansas state court has done. There is a *Rooker-Feldman* bar. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *see also Skinner v. Switzer*, 562 U.S. 521, 531–32 (2011). All of Marshall's substantive claims center on her belief that the defendants in this case fraudulently pursued—and succeeded in—the foreclosure of her mortgage in 2015 and the sale of her home in 2018. The relief she seeks, if granted, would nullify a 2015 state court judgment in favor of Deutsche Bank in *Deutsche Bank National Trust Co. v. Marshall*, No. 60CV-12-3808 (Cir. Ct. Pulaski Cty. 9 Sep. 2015). That court concluded that Marshall was in default on her mortgage and that Deutsche Bank was entitled to a lien against the property that, if left unpaid, could be satisfied by public sale of the property. Her home was sold in due course, and the sale was approved by the state court.

After the 2015 state court order, Marshall fought hard for reversal. She asked for reconsideration twice, which was denied. She appealed to the Arkansas Supreme Court, but did not perfect her appeal and it was dismissed. She filed two separate bankruptcies (which were both dismissed). After the state court approved the September 2018 sale, she again filed a notice of appeal and three amended notices. She did not follow through though, and this appeal was dismissed. Now, Marshall asks this Court to decide the merits of her unperfected state appeals. She can only win if this Court explicitly or implicitly decides that the state court got her foreclosure proceedings wrong. This Court does not have jurisdiction to make that determination. *Skit Intern., Ltd. v. DAC Tech. of Ark., Inc.*, 487 F.3d 1154, 1156–57 (8th Cir. 2007).

Marshall's many cases indicate her unwavering conviction that the court proceedings involving her home were unfair. She has litigated her disagreements once in state court, twice in federal district court, and at least twice in bankruptcy court. Her remedy at this point is to appeal.

\*   \*   \*

The Court has reconsidered, but the result is the same: Marshall's claims are barred. Her motion to reinstate her case, *Doc. 14*, is therefore denied.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

6 July 2022